# IN THE UNITED STATES DISTRICT COURT
# FOR DISTRICT OF PUERTO RICO

| | |
|---|---|
| MUNICIPALITY OF SAN JUAN PUERTO RICO,<br><br>    *Plaintiff,*<br><br>v.<br><br>EXXON MOBIL CORP., *et al.*,<br><br>    *Defendants.* | Case No. 3:23-cv-01608 |

## OCCIDENTAL PETROLEUM'S MOTION TO DISMISS

# TABLE OF CONTENTS

Page

I. INTRODUCTION ............................................................................................................. 1

II. BACKGROUND ............................................................................................................... 2

III. ARGUMENT ..................................................................................................................... 3

    A. Plaintiff's Allegations Fail to Establish Personal Jurisdiction over OPC.............. 3

        1. Plaintiff does not allege that OPC is "at home" in Puerto Rico................. 4

        2. Plaintiff does not allege that its claims against OPC arise out of or relate to OPC's contacts with Puerto Rico—because Plaintiff does not allege OPC established any contacts with Puerto Rico. ....................... 4

        3. Third parties' contacts cannot be imputed to OPC. .................................. 6

            a. Alleged contacts of a subsidiary do not give rise to jurisdiction. .................................................................................................... 6

            b. Conclusory allegations of agency relationship do not suffice............................................................................................................ 8

            c. Alleged contacts of industry associations do not suffice. .............. 8

            d. Insufficient RICO allegations cannot be used as a bootstrap.............................................................................................. 9

    B. Plaintiff Has Not Alleged Conduct By OPC to State A Claim Against OPC............................................................................................................................ 9

IV. CONCLUSION ............................................................................................................... 12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
　556 U.S. 662 (2009)...........................................................................................................4

*Bank of Am., N.A. v. Knight*,
　725 F.3d 815 (7th Cir. 2013) .......................................................................................10, 11

*Bristol-Myers Squibb Co. v. Superior Court*,
　137 S. Ct. 1773 (2017).................................................................................................3, 4

*Carreras v. PMG Collins, LLC*,
　660 F.3d 549 (1st Cir. 2011)........................................................................................3, 8

*City and County of Honolulu v. Sunoco LP*,
　537 P.3d 1173 (Haw. 2023).............................................................................................5

*Clorox Co. P.R. v. Proctor & Gamble Com. Co.*,
　228 F.3d 24 (1st Cir. 2000)..........................................................................................3, 7

*Daimler AG v. Bauman*,
　571 U.S. 117 (2014)..............................................................................................3, 4, 7

*Delaware v. BP America Inc.*,
　No. N20C-09-097, 2024 WL 98888 (Del. Sup. Ct. Jan. 9, 2024) ............................................6

*Destfino v. Reiswig*,
　630 F.3d 952 (9th Cir. 2011) ..........................................................................................11

*Escude Cruz v. Ortho Pharma. Corp.*,
　619 F.2d 902 (1st Cir. 1980)............................................................................................7

*Figueroa Collazo v. Ferrovial Construccion PR, LLC*,
　20-cv-1612, 2021 WL 4482268 (D.P.R. Sept. 30, 2021) ......................................................11

*Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*,
　141 S. Ct. 1017 (2021).....................................................................................................5

*In re Lorazepam & Clorazepate Antitrust Litig.*,
　900 F. Supp. 2d 8 (D. D.C. 2012)................................................................................4, 7

*Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n*,
　142 F.3d 26 (1st Cir. 1998).............................................................................................4

*Motus, LLC v. CarData Consultants, Inc.*,
 23 F.4th 115 (1st Cir. 2022) ........................................................................................... 5, 8

*Municipalities of Bayamón, et al. v. Exxon Mobil Corp., et al.*,
 Case No. 3:22-cv-01550 (D. P.R.) ....................................................................................... 1

*Peters Broadcast Eng'g, Inc. v. 24 Capital, LLC*,
 40 F.4th 432 (6th Cir. 2022) ................................................................................................ 9

*Quintero Community Ass'n Inc. v. F.D.I.C.*,
 792 F.3d 1002 (8th Cir. 2015) ........................................................................................... 11

*Reves v. Ernst & Young*,
 507 U.S. 170 (1993) ........................................................................................................... 10

*Rodriguez-Rivera v. Allscripts Healthcare Sols., Inc.*,
 43 F.4th 150 (1st Cir. 2022) ................................................................................................. 7

*Sanchez v. Pereira-Castillo*,
 590 F.3d 31 (1st Cir. 2009) ................................................................................................ 10

*In re Takata Airbag Prod. Liab. Litig.*,
 396 F. Supp. 3d 1101 (S.D. Fla. 2019) ................................................................................ 9

*Trans-Spec Truck Serv., Inc. v. Caterpillar Inc.*,
 524 F.3d 315 (1st Cir. 2008) ................................................................................................ 2

*Walden v. Fiore*,
 517 U.S. 277 (2014) ............................................................................................................. 8

*Whitman & Co., Inc. v. Longview Partners (Guernsey) Ltd.*,
 No. 14-CV-12047-ADB, 2015 WL 4467064 (D. Mass. July 20, 2015) .............................. 11

*World Depot Corp. v. Onofri*,
 No. 16-12439-FDS, 2017 WL 6003052 (D. Mass. Dec. 4, 2017) ........................................ 9

**Statutes**

15 U.S.C. § 1 et seq. ................................................................................................................... 10

18 U.S.C. § 1962 ..................................................................................................................... 9, 10

**Other Authorities**

Federal Rule of Evidence 201 ................................................................................................. 4, 7

Federal Rule of Civil Procedure 9(b) ....................................................................................... 11

Federal Rule of Civil Procedure 12(b) ....................................................................................... 1

**TO THE HONORABLE COURT:**

**NOW COMES** Defendant, Occidental Petroleum Corporation ("OPC"), through its undersigned counsel, and respectfully requests the Honorable Court dismiss OPC from the case with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(2) and (b)(6).

**I.  INTRODUCTION**

OPC moves the Court under Federal Rule of Civil Procedure 12(b)(2) and (b)(6) to dismiss OPC from this case with prejudice. OPC joins in the Joint Motions to Dismiss and files this motion to emphasize that OPC has nothing to do with this case. Plaintiff's Complaint is devoid of factual allegations tying OPC to the forum or to the allegations that underlie Plaintiff's claims.[1]

Plaintiff's Complaint alleges no facts linking OPC to the forum. It does not allege that OPC is present in Puerto Rico, does any business here, or directs any activities here, let alone allege that any claims against OPC arise from such activities. Plaintiff, therefore, has not pleaded a basis for the Court to exercise personal jurisdiction over OPC.

Plaintiff's Complaint also alleges no facts linking OPC to this case. The allegations do not try to show how or why OPC may be liable to Plaintiff. Plaintiff does not allege a single instance of OPC engaging in any purported misconduct. Plaintiff's substantive allegations do not even mention OPC by name. This case is a patent effort to launch an industry-wide challenge without regard to each defendant's own conduct.[2] To that end, Plaintiff has tried to sweep OPC up into a suit where it does not belong. Though the Court should dismiss the claims against all defendants

---

[1]  Plaintiff did not even bother to name OPC correctly. In its Complaint, Plaintiff labels OPC as "Occidental Petroleum F.K.A. Anadarko Petroleum Corp." "Occidental Petroleum" is not OPC's correct name, and as explained later in this memorandum, although "Anadarko was acquired by Occidental" in 2019 (Compl. ¶ 125), the Complaint does not allege facts showing that OPC is the continuation of Anadarko and thus "formerly known as" Anadarko (and it is not).

[2]  Plaintiff's Complaint is almost identical to one that other Puerto Rico municipalities filed over a year ago. *See Municipalities of Bayamón, et al. v. Exxon Mobil Corp., et al.*, Case No. 3:22-cv-01550 (D. P.R.).

1

for the reasons given in the joint motions, the Court should, at a minimum, dismiss all claims against OPC.

## II. BACKGROUND

Of the 798 paragraphs in Plaintiff's Complaint, exactly 4 mention OPC by name—and all of them are located in the section of the Complaint where Plaintiff merely describes the parties to the lawsuit. *See* Compl. ¶¶ 37, 122, 125, 130. As to OPC, Plaintiff alleges:

> 122. Occidental Petroleum F.K.A. Anadarko Petroleum Corp. (Anadarko) is an American Petroleum and natural gas exploration company headquartered in The Woodlands, Texas. Anadarko is ranked 257th on the Fortune 500 and is registered with the SEC and is traded as APC.
>
> …
>
> 125. In 2019, Anadarko was acquired by Occidental Petroleum. Occidental Petroleum is responsible for 0.38% of all global industrial GHG emissions from 1965–2017.
>
> …
>
> 130. Considering Anadarko's responsibility, coupled with its parent carbon major Occidental, Anadarko and its parent are responsible for 0.8% of all global industrial GHG emissions from 1965–2017, totaling the sum of approximately 10,584 metric tons of GHGs in both direct emissions from their industry and end use of their products.

Compl. ¶¶ 122, 125, 130. On top of those three paragraphs, a table in Paragraph 37 alleges that OPC is "directly responsible" for 0.8% "of all global industrial GHG emissions from 1965–2017."

According to the Complaint and the sources it cites, which may be accepted as true solely for purposes of this motion, *see Trans-Spec Truck Serv., Inc. v. Caterpillar Inc.*, 524 F.3d 315, 321 (1st Cir. 2008), OPC stands apart from other defendants in this case in two critical ways.

First, OPC is a Texas-based corporation engaged primarily in the business of exploring and producing oil and gas—known in the industry as "upstream" activities to distinguish them from "midstream" activities (*e.g.*, refining) and "downstream" activities (*e.g.*, retailing). *See* Compl. ¶

126 n.127. OPC engages in limited midstream activities, namely the transportation and storage of hydrocarbons and other commodities. *Id.* The Complaint does not allege that OPC engages in refining operations, that OPC operates a nationwide pipeline network, or that OPC runs any downstream retail operations selling fuel directly to consumers.[3]

Second, the Complaint does not allege that OPC has (or ever had) any operations in Puerto Rico. Nor does the Complaint allege that OPC has (or ever had) dealings with companies or customers based in Puerto Rico. There is, quite simply, nothing in the Complaint that connects OPC's out-of-state, upstream activities with Puerto Rico.

## III. ARGUMENT

### A. Plaintiff's Allegations Fail to Establish Personal Jurisdiction over OPC.

Because "the reach of Puerto Rico's long-arm statute is coextensive with the reach of the Due Process Clause," the question whether the Court has personal jurisdiction over OPC is whether it would be constitutional for the Court to exercise personal jurisdiction over OPC. *Carreras v. PMG Collins, LLC*, 660 F.3d 549, 552 (1st Cir. 2011). A corporation is subject to general or all-purpose personal jurisdiction, and may be sued on any claim, in the forum where it is "at home." *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014); *see Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1780 (2017). An out-of-state corporation, one that is not at home in the

---

[3] The Complaint *asserts* that Anadarko (not OPC) has "downstream" operations and "markets and sells consumer products" (Compl. ¶¶ 126, 128), yet the Complaint provides no factual allegations to support those assertions. Instead, the Complaint cites two reports for each assertion, and neither report endorses either assertion: the Business Wire report (n. 127) does not describe Anadarko's operations at all, let alone state that it has downstream operations; and the Fortune report (n. 128) describes Anadarko's "marketing" activities as selling oil and gas (not consumer products) to third parties in the midstream market (not to consumers). Because those reports are incorporated into the Complaint and because the reports refute Plaintiff's assertions, the Court cannot credit those assertions as true and must disregard them. *See Clorox Co. P.R. v. Proctor & Gamble Com. Co.*, 228 F.3d 24, 32 (1st Cir. 2000) (when "a written instrument contradicts allegations in the complaint to which it is attached, the exhibit trumps the allegations.").

3

forum state, is subject to specific or case-linked personal jurisdiction if a plaintiff's claims "arise out of or relate to the defendant's contacts with the forum." *Id.* (quotations omitted).

Plaintiff bears the burden to establish personal jurisdiction. *Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n*, 142 F.3d 26, 34 (1st Cir. 1998). At the pleading stage, Plaintiff's burden is to allege facts (not conclusory allegations) that would, if true, prove personal jurisdiction exists. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff has not carried its burden. In a single paragraph, Plaintiff offers conclusory allegations of personal jurisdiction over OPC and the other Defendants (Compl. ¶ 13), but the Complaint contains no factual allegations to support any theory of personal jurisdiction over OPC.

1. <u>Plaintiff does not allege that OPC is "at home" in Puerto Rico</u>.

General jurisdiction exists where a corporate defendant has "continuous and systematic" contacts, rendering the corporation essentially "at home" there. *Daimler*, 571 U.S. at 137–39. A corporation is typically "at home" in two forums—its "place of incorporation and its principal place of business." *Id.* at 137–38 & n.19. OPC is a Delaware corporation[4] with its principal place of business in Texas (Compl. ¶ 122). Plaintiff has not alleged that OPC is at home in Puerto Rico.

2. <u>Plaintiff does not allege that its claims against OPC arise out of or relate to OPC's contacts with Puerto Rico—because Plaintiff does not allege OPC established *any* contacts with Puerto Rico</u>.

A court can exercise specific personal jurisdiction over a foreign corporation when (1) the plaintiff's claims "directly arise from or relate to the defendant's activities in the forum," (2) the defendant's contacts with the forum "represent a purposeful availment of the privilege of

---

[4] Ex. A (excerpt from OPC's Form 10-K for the fiscal year ended December 31, 2022). Although Plaintiff failed to allege OPC's place of incorporation, the court can take judicial notice of this information. *See* Fed. R. Evid. 201(b); *see also In re Lorazepam & Clorazepate Antitrust Litig.*, 900 F. Supp. 2d 8, 18 (D. D.C. 2012) (taking judicial notice of public records establishing state of incorporation and citing other cases doing the same).

conducting activities in that state," and (3) "the exercise of specific jurisdiction in the forum [is] reasonable under the circumstances." *Motus, LLC v. CarData Consultants, Inc.*, 23 F.4th 115, 122 (1st Cir. 2022) (internal quotations omitted). Here, the Complaint is devoid of *any* allegations that OPC purposefully directed *any* activities towards Puerto Rico. There are no allegations that OPC maintains offices in Puerto Rico, conducts operations here, or sells products into the Puerto Rico market. Instead, Plaintiff alleges only that OPC (and Anadarko) are "responsible" for a minuscule fraction "of all global GHG emissions from 1965–2017":

> 125. In 2019, Anadarko was acquired by Occidental Petroleum. Occidental Petroleum is responsible for 0.38% of all global industrial GHG emissions from 1965–2017.
>
> …
>
> 130. Considering Anadarko's responsibility, coupled with its parent carbon major Occidental, Anadarko and its parent are responsible for 0.8% of all global industrial GHG emissions from 1965–2017, totaling the sum of approximately 10,584 metric tons of GHGs in both direct emissions from their industry and end use of their products.

Compl. ¶¶ 125, 130. Neither allegation has anything to do with Puerto Rico—both allegations are explicitly "global"—so neither allegation establishes that OPC has "minimum contacts" with Puerto Rico. *See Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1025 (2021) ("contacts must be the defendant's own choice and not random, isolated, or fortuitous." (citation omitted)). And, since Plaintiff does not allege that OPC has *any* contacts with Puerto Rico, it follows logically that Plaintiff's claims cannot "arise out of or relate to" OPC's (nonexistent) contacts with Puerto Rico. OPC is not subject to specific personal jurisdiction in this case.

Dismissing OPC from this case on personal-jurisdiction grounds would be consistent with the reasoning other courts have articulated, and the results they have reached, in similar cases. In *City and County of Honolulu v. Sunoco LP*, 537 P.3d 1173 (Haw. 2023), the Hawaiʻi Supreme Court held that, in a state-law climate-change suit to recover for damages incurred within the state,

specific personal jurisdiction was adequately alleged via factual allegations that the defendants "conduct[ed] extensive business in Hawaiʻi,"—the defendants allegedly "transported, traded, distributed, promoted, marketed, refined, manufactured, sold, and/or consumed oil and gas in Hawaiʻi." *Id.* at 344. In *Delaware v. BP America Inc.*, No. N20C-09-097, 2024 WL 98888 (Del. Sup. Ct. Jan. 9, 2024), the Superior Court in Delaware similarly held that allegations of a defendant's "[a]dvertising, selling products, operating gas stations, and/or operating a refinery in Delaware are connections sufficient to survive dismissal" on personal-jurisdiction grounds. *Id.* at *21.

As to OPC, the allegations in Plaintiff's Complaint fall short of what those other courts have held is required. There are no allegations of OPC doing business of any kind in Puerto Rico, let alone oil-and-gas business. The other courts reasoned that the kinds of climate-change claims Plaintiff has brought arise out of or relate to *midstream* activities (*e.g.*, refining and transporting) and *downstream* activities (*e.g.*, promoting, marketing, and retailing) within a forum. Yet OPC, Plaintiff alleges, engaged in *upstream* activities (*e.g.*, extraction) and limited midstream activities all *outside* of Puerto Rico. Accordingly, by dismissing OPC from this case, as Due Process requires, this Court will issue a decision that accords with others.

   3. <u>Third parties' contacts cannot be imputed to OPC</u>.

     a. *Alleged contacts of a subsidiary do not give rise to jurisdiction*.

Plaintiff's decision to incorrectly name OPC as "Occidental Petroleum *F.K.A. Anadarko Petroleum Corp*," Compl. ¶ 122 (emphasis added), suggests that Plaintiff is planning to contend that (1) allegations pertaining to the conduct of Anadarko can be imputed to OPC and (2) OPC is subject to jurisdiction here to the same extent that Anadarko would be. That contention fails for two reasons: the Complaint affords no factual basis to impute Anadarko's contacts to OPC, and the Complaint does not allege facts showing that Anadarko is subject to jurisdiction in Puerto Rico.

6

The only allegation in the Complaint about the relationship between OPC and Anadarko is that OPC acquired Anadarko in 2019. Compl. ¶ 125. That single allegation does not suffice to impute Anadarko's contacts to OPC. There are no allegations that OPC assumed Anadarko's liabilities, nor allegations that OPC exercises such a high degree of control over Anadarko to render them alter egos. On its face, the Complaint alleges only that Anadarko is OPC's subsidiary, and "[t]he mere fact that a subsidiary company does business within a state does not confer jurisdiction over its nonresident parent, even if the parent is sole owner of the subsidiary." *Escude Cruz v. Ortho Pharma. Corp.*, 619 F.2d 902, 905 (1st Cir. 1980); *Rodriguez-Rivera v. Allscripts Healthcare Sols., Inc.*, 43 F.4th 150, 161 (1st Cir. 2022) (same). The Complaint is devoid of allegations that might overcome the "presumption of corporate separateness." *Escude Cruz*, 619 F.2d at 905 (explaining Puerto Rico law requires "strong and robust evidence" "showing the parent to have that degree of control over the subsidiary as to render the latter a mere shell for the former").

Not that the Complaint establishes personal jurisdiction over Anadarko. Anadarko is incorporated in Delaware[5] and headquartered in Texas (Compl. n.129), which rules out general personal jurisdiction. *See Daimler*, 571 U.S. at 139 n.19, 122. Though Plaintiff alleges that it is a customer of Anadarko, Compl. ¶ 128, it explicitly links that allegation to its assertion that Anadarko "markets and sells *consumer* products," *id.* (emphasis added). The source Plaintiff cites for that assertion, however, says nothing about *consumer* products: the source refutes Plaintiff's allegation that it is a customer of Anadarko and "trumps" Plaintiff's contrary allegation. *Clorox Co.*, 228 F.3d at 32. What is more, Plaintiff does not allege which "consumer products" it purportedly

---

[5] Ex. B (excerpt from Anadarko's Form 10-K for the fiscal year ended December 31, 2018). *See* Fed. R. Evid. 201(b); *In re Lorazepam & Clorazepate Antitrust Litig.*, 900 F. Supp. 2d at 18.

bought from Anadarko and, more importantly, does not allege that its claims arise out of or relate to its own purchases of these unidentified consumer products. *See Motus, LLC*, 23 F.4th at 122 (plaintiffs' claims must "directly arise from or relate to the defendant's activities in the forum").

b. *Conclusory allegations of agency relationship do not suffice.*

The Complaint contains a conclusory allegation that "each of the Defendants was the agent, servant, partner, aider and abettor, co-conspirator, and/or joint venture[r] of each of the remaining Defendants herein[.]" Compl. ¶ 169. That allegation does not give the Court personal jurisdiction over every defendant. A *bona fide* agency relationship can give rise to personal jurisdiction over the principal only when there are factual allegations that an agency relationship actually existed, *i.e.*, facts alleged to show that each Defendant manifested its assent for the others to act on its behalf and be subject to its control. *See Carreras v. PMG Collins*, 660 F.3d 549, 556 (1st Cir. 2011). Once again, the Complaint has no allegations showing that OPC was either principal or agent vis-à-vis any other Defendant. Plaintiff's conclusory allegation of agency does not suffice to allege jurisdictionally significant contacts.

c. *Alleged contacts of industry associations do not suffice.*

Throughout the Complaint, Plaintiff alleges that industry and trade associations informed the Defendants of a link between fossil fuels and climate change and that those associations concealed such risks from the public. *See, e.g.,* Compl. ¶ 168. Plaintiff does not allege, however, that OPC was a member of these associations or that it was a participant in any of their actions at any point, let alone during times relevant to this litigation. And even if OPC were alleged to be a member, membership in an industry association is insufficient to establish personal jurisdiction over OPC—only *OPC's* own contacts with Puerto Rico are relevant. *See Walden v. Fiore*, 517 U.S. 277, 284 (2014) (explaining personal jurisdiction "must arise out of contacts that the

'defendant *himself*' creates with the forum State." (emphasis in original)). Accordingly, Plaintiff's allegations regarding industry groups do not establish personal jurisdiction over OPC.

      d.  *Insufficient RICO allegations cannot be used as a bootstrap.*

Though RICO claims can, in certain circumstances, permit courts to exercise jurisdiction over out-of-state defendants, *Peters Broadcast Eng'g, Inc. v. 24 Capital, LLC*, 40 F.4th 432, 440 (6th Cir. 2022), Plaintiff's RICO claims do not, as a matter of law, support exercising personal jurisdiction over OPC because Plaintiffs do not allege that OPC participated in the purported RICO enterprise. *See In re Takata Airbag Prod. Liab. Litig.*, 396 F. Supp. 3d 1101, 1144 (S.D. Fla. 2019) ("[W]hether a basis exists for exercising specific jurisdiction under Section 1965(d) depends on whether the [plaintiffs' allegations] state 'colorable' RICO claims.); *World Depot Corp. v. Onofri*, No. 16-12439-FDS, 2017 WL 6003052, at *5 (D. Mass. Dec. 4, 2017) ("[b]ecause of the broad jurisdictional reach of the RICO statute, [judges] should be particularly vigilant not to permit a plaintiff to assert a spurious RICO claim in order to try to obtain personal jurisdiction over other defendants (or supplemental subject-matter jurisdiction over state-law claims)."). And, as the Joint Motion to Dismiss argues, Plaintiff's RICO claims are deficient as a matter of law. Under these circumstances, the Court should not permit Plaintiff to use RICO as a bootstrap to bring in defendants over which the Court lacks jurisdiction.

  **B.**  **Plaintiff Has Not Alleged Conduct By OPC to State A Claim Against OPC.**

Plaintiff's allegations about OPC are so deficient, Plaintiff not only fails to establish personal jurisdiction; it also fails to state a claim. Plaintiff asserts fourteen causes of action against OPC (and the other Defendants):

- common law consumer fraud (Count I),
- conspiracy to commit common law consumer fraud and deceptive business practices (Count II),
- Rule 7 of Puerto Rico Rules against misleading practices and advertisements (Count III),

- violations of RICO 18 U.S.C. § 1962 (a)–(d) (Counts IV–VII),
- violation of 15 U.S.C. § 1 et seq. (Count VIII),
- public nuisance (Count IX),
- strict liability failure to warn (Count X),
- strict liability design defect (Count XI),
- negligent design defect (Count XII),
- private nuisance (Count XIII), and
- unjust enrichment (Count XIV).

Compl. ¶¶ 610–797.

Yet, zero paragraphs in the Complaint allege that OPC was involved in, or aware of, the conduct giving rise to those fourteen claims. The Complaint fails to mention OPC in relation to any claims. Recall that all four paragraphs that mention OPC are in Section IV (regarding the parties named in the lawsuit); OPC is not mentioned in any substantive allegation. *See* Compl. ¶¶ 610–797. There are no OPC-specific allegations underlying Plaintiff's causes of action—no allegations that OPC engaged in fraud or deceptive practices, or that it produced or disseminated any misinformation or misrepresentations. Likewise, no factual allegations support Plaintiff's theories of strict liability, negligence, and unjust enrichment—there are, for example, no allegations that *OPC* marketed or sold fossil-fuel products to consumers. That is insufficient to state a claim. *Sanchez v. Pereira-Castillo*, 590 F.3d 31, 48 (1st Cir. 2009) ("[the court] must determine whether, as to each defendant, [the] plaintiff's pleadings are sufficient to state a claim on which relief can be granted."). Nor are there any allegations that OPC directed the operation or management of any RICO enterprise. *Reves v. Ernst & Young,* 507 U.S. 170, 179 (1993) ("*some* part in directing the enterprise's affairs is required" to establish RICO liability).

In lieu of OPC-specific allegations, Plaintiff's allegations lump OPC in with other defendants, referring collectively to actions taken by "Defendants." Collective or group pleading is problematic because it does not put a defendant on notice of what it is being asked to defend. *See Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013) ("Each defendant is entitled to know

what he or she did that is asserted to be wrongful. A complaint based on a theory of collective responsibility must be dismissed"). "While 'group pleading' is not prohibited *per se*," a complaint still "must allege a plausible claim against each defendant." *Whitman & Co., Inc. v. Longview Partners (Guernsey) Ltd.*, No. 14-CV-12047-ADB, 2015 WL 4467064, at *10 (D. Mass. July 20, 2015). In other words, group pleading cannot be the only basis for claims against a defendant. Yet here, it is the only basis for the claims against OPC; every substantive allegation against OPC is group pleading.

Group pleading is especially improper where, as here, Plaintiff alleges claims of fraud, which are subject to Rule 9(b)'s heightened pleading standard. *See Quintero Community Ass'n Inc. v. F.D.I.C.*, 792 F.3d 1002, 1010 (8th Cir. 2015) (explaining the plaintiffs' "shotgun-style allegations of wrongdoing by all the Director Defendants 'generally, in a group pleading fashion… do[es] not satisfy Rule 9(b)'") (internal citation omitted); *Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011) (Rule 9(b) "does not allow a complaint to . . . lump multiple defendants together but require[s] plaintiffs to differentiate their allegations when suing more than one defendant."). This Court has dismissed similarly vague and unspecific claims premised entirely on grouped allegations. *See, e.g.*, *Figueroa Collazo v. Ferrovial Construccion PR, LLC*, 20-cv-1612, 2021 WL 4482268, at *9 (D.P.R. Sept. 30, 2021). Plaintiff's conspiracy allegations do not justify group pleading because "it remains essential to show that a particular defendant joined the conspiracy and knew of its scope." *Knight*, 725 F.3d at 818.

Here, almost every material allegation in the Complaint refers to Defendants collectively. Given the total absence of factual allegations specific to OPC, it is evident that Plaintiff resorted to group pleading because it has no claims against OPC. The effect of Plaintiff's approach is to sweep OPC into a case where OPC does not belong.

11

## IV. CONCLUSION

For the foregoing reasons, the Court should dismiss OPC from this suit with prejudice. *See Rife v. One W. Bank, F.S.B.*, 873 F.3d 17, 21 (1st Cir. 2017).

Date: April 8, 2024

By: *s/ David Indiano*
David Indiano
USDC-PR Bar No. 200601

INDIANO & WILLIAMS, P.S.C.
207 del Parque Street; 3rd Floor
San Juan, P.R. 00912

Duke K. McCall, III (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Ave, NW
Washington D.C., 20004

*Attorneys for Defendant OCCIDENTAL PETRO-LEUM CORPORATION*