UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MUNICIPALITY OF SAN JUAN PUERTO RICO<br><br>　*Plaintiff*,<br><br>　v.<br><br>EXXONMOBIL CORP., et al.<br><br>　*Defendants*. | Case No. 3:23-cv-01608-ADC |

**DEFENDANT EXXON MOBIL CORPORATION'S BRIEF IN SUPPORT OF
THE MOTION TO DISMISS THE COMPLAINT**

## TABLE OF CONTENTS

                **Page**

PRELIMINARY STATEMENT ..................................................................................................... 1

I.      LEGAL STANDARD ........................................................................................................ 2

II.     ARGUMENT .................................................................................................................... 3

        A.     Rule 9(b) Applies to Plaintiff's Claims Against ExxonMobil. ............................... 3

        B.     Plaintiff's Allegations Against ExxonMobil Fail to Satisfy Rule 9(b). .................. 5

               1.     Plaintiff Fails to Plead Any Alleged Misrepresentations Attributable to ExxonMobil with Particularity. .......................................... 5

                      (a)     Plaintiff Fails to Allege Who Was Deceived by Any Statement ............................................................................................ 6

                      (b)     Plaintiff Fails to Allege Detrimental Reliance on Any Statement ............................................................................................ 7

               2.     Plaintiff Impermissibly Alleges Unattributed Statements to Defendants Collectively and Impermissibly Attributes the Statements of Third Parties to ExxonMobil. ................................................ 8

                      (a)     Plaintiff Relies on Impermissible Group Pleading. ........................ 8

                      (b)     Plaintiff Cannot Attribute the Statements of Third Parties to ExxonMobil. ............................................................................... 9

CONCLUSION .............................................................................................................................. 11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Alternative Sys. Concepts, Inc.* v. *Synopsys, Inc.*,
　374 F.3d 23 (1st Cir. 2004)...................................................................................2, 6, 8

*Alvord-Polk, Inc.* v. *F. Schumacher & Co.*,
　37 F.3d 996 (3d Cir. 1994)..............................................................................................9

*Asbestos Sch. Litig.*, In re
　46 F.3d 1284 (3d Cir. 1994)..........................................................................................10

*Blue* v. *Doral Fin. Corp.*,
　123 F. Supp. 3d 236 (D.P.R. 2015).................................................................................9

*Cooperativa da Ahorro y Credito Aguada* v. *Kidder, Peabody & Co.*,
　758 F. Supp. 64 (D.P.R. 1991).....................................................................................3, 7

*Cruz* v. *Caribbean Univ., Inc.*,
　698 F. Supp. 2d 254 (D.P.R. 2009).................................................................................9

*Emery* v. *Am. Gen. Fin., Inc.*,
　71 F.3d 1343 (7th Cir. 1995) .......................................................................................2, 9

*Feinstein* v. *RTC*,
　942 F.2d 34 (1st Cir. 1991)..............................................................................................5

*Fin. Oversight & Mgmt. Bd. for P.R.*, In re
　578 F. Supp. 3d 267 (D.P.R. 2021)..............................................................................2, 6

*Garcia* v. *Carrión*,
　No. CIV 09-1507, 2010 WL 3662593 (D.P.R. Aug. 11, 2010)...............................2, 3, 4

*Generadora de Electricidad del Caribe, Inc.* v. *Foster Wheeler Corp.*,
　92 F. Supp. 2d 8 (D.P.R. 2000).......................................................................................3

*Gonzalez-Camacho* v. *Banco Popular de P.R.*,
　318 F. Supp. 3d 461 (D.P.R. 2018).................................................................................2

*Goya de P.R., Inc.* v. *Rowland Coffee*,
　206 F. Supp. 2d 211 (D.P.R. 2002).................................................................................8

*Ins. Brokerage Antitrust Litig.*, In re
　618 F.3d 300 (3d Cir. 2010)............................................................................................5

*State ex rel. Jennings* v. *BP America Inc.*,
 2024 WL 98888 (Del. Super. Ct. Jan. 9, 2024) ..................................................................5

*Juárez* v. *Select Portfolio Servicing, Inc.*,
 708 F.3d 269 (1st Cir. 2013)................................................................................................3, 7

*Mulder* v. *Kohl's Dep't Stores, Inc.*,
 865 F.3d 17 (1st Cir. 2017)..................................................................................................2

*N. Am. Soccer League, LLC* v. *U.S. Soccer Fed'n, Inc.*,
 883 F.3d 32 (2d Cir. 2018)..................................................................................................9

*N.A.A.C.P.* v. *Claiborne Hardware Co.*,
 458 U.S. 886 (1982)..........................................................................................................11

*Payton* v. *Abbott Labs*,
 512 F. Supp. 1031 (D. Mass. 1981) ...................................................................................11

*Processed Egg Prods. Antitrust Litig.*, *In re*
 821 F. Supp. 2d 709 (E.D. Pa. 2011) .................................................................................10

*Rodi* v. *Southern New England School of Law*,
 389 F.3d 5 (1st Cir. 2004)..................................................................................................6

*Rodríguez-Navarro* v. *Am. Airlines, Inc.*,
 2016 WL 4179884 (D.P.R. Aug. 4, 2016) .........................................................................8

*Rodríguez-Ortega* v. *Philip Morris, Inc.*,
 2005 WL 8168625 (D.P.R. Mar. 23, 2005) .......................................................................4

*Southland Sec. Corp.* v. *INSpire Ins. Sols., Inc.*,
 365 F.3d 353 (5th Cir. 2004) .............................................................................................9

*Surén-Millán* v. *United States*,
 38 F. Supp. 3d 208 (D.P.R. 2013)......................................................................................2

*Taylor* v. *Airco, Inc.*,
 503 F. Supp. 2d 432 (D. Mass. 2007), *aff'd sub nom.*, *Taylor* v. *Am. Chemistry
 Council*, 576 F.3d 16 (1st Cir. 2009) ................................................................................11

*Vázquez Lazo* v. *Emeterio Walker*,
 No. CV 15-1891, 2016 WL 8711710 (D.P.R. Sept. 30, 2016) .............................................3, 9

*Woods* v. *Wells Fargo Bank, N.A.*,
 733 F.3d 349 (1st Cir. 2013)................................................................................................3, 7

**Other Authorities**

Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1297
(4th ed. 2023)...........................................................................................................3

Fed. R. Civ. P. 8................................................................................................................2

Fed. R. Civ. P. 9(b) ................................................................................................ *passim*

Fed. R. Civ. P. 12(b)(6).....................................................................................................1

Pursuant to Federal Rules of Civil Procedure 12(b)(6), Defendant Exxon Mobil Corporation ("ExxonMobil") respectfully moves to dismiss Plaintiff's Complaint for failure to state a claim due to failure to plead allegations of fraud with particularity.[1]

**PRELIMINARY STATEMENT**

Plaintiff's claims against ExxonMobil should be dismissed because they sound in fraud, but are not pleaded with the particularity that Federal Rule of Civil Procedure 9(b) requires.

Rule 9(b) imposes a heightened pleading standard for claims sounding in fraud. To satisfy Rule 9(b), a plaintiff must plead with particularity—for *each* alleged misrepresentation by *each* defendant—who made the misrepresentation, to whom it was made, when it was made, and its specific contents. Rule 9(b) also requires that a plaintiff allege with particularity its detrimental reliance on each purportedly misleading statement.

Plaintiff's claims do not remotely satisfy this standard. Plaintiff has cobbled together purportedly fraudulent statements that it attributes to ExxonMobil, but none of them have been pled with the particularity required by Rule 9(b). Among other fatal deficiencies in Plaintiff's claims, Plaintiff has not claimed that a single allegedly fraudulent statement by ExxonMobil was made in Puerto Rico, directed at Puerto Rico, or even seen by Plaintiff in Puerto Rico. Indeed, none of the allegedly deceptive statements that Plaintiff identifies have *any* nexus to Puerto Rico at all. It is therefore unsurprising that Plaintiff has also failed to allege detrimental reliance on those statements.

To the extent Plaintiff seeks to impose liability on ExxonMobil for statements allegedly made by others, those allegations also fail to satisfy Rule 9(b). Although Plaintiff alleges that

---

[1] ExxonMobil has joined in Defendants' Joint Motion to Dismiss the Complaint, and incorporates those arguments herein. In filing this brief, ExxonMobil does not waive, and expressly preserves, any right, defense, affirmative defense, or objection, including, without limitation, lack of personal jurisdiction.

"Defendants" are responsible for certain purportedly fraudulent conduct, it makes little to no effort to differentiate between Defendants, and falls far short of identifying each Defendant's alleged fraudulent conduct. That approach plainly violates Rule 9(b)'s mandate that pleadings identify *each* alleged misrepresentation by *each* defendant. Further, Plaintiff cannot impute statements by non-party "industry associations" to ExxonMobil because Plaintiff has failed to plead the requisite connection between those statements and ExxonMobil.

Because Plaintiff has failed to allege claims against ExxonMobil with the particularity required by Rule 9(b), its claims must be dismissed.

## I. LEGAL STANDARD

Federal Rule of Civil Procedure 9(b) provides that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "Plaintiffs must comply with Rule 9(b) even if they do not explicitly claim fraud, but their allegations nonetheless sound like fraud." *Gonzalez-Camacho* v. *Banco Popular de P.R.*, 318 F. Supp. 3d 461, 481 (D.P.R. 2018); *see Mulder* v. *Kohl's Dep't Stores, Inc.*, 865 F.3d 17, 22 (1st Cir. 2017); *Garcia* v. *Carrión*, No. CIV 09-1507, 2010 WL 3662593, at *7 (D.P.R. Aug. 11, 2010) (holding that Rule 9(b) applies if a claim either "explicitly alleges fraud" or "sounds in fraud").

Rule 9(b) imposes a "higher pleading standard" than Rule 8(a)'s notice-pleading standard. *Surén-Millán* v. *United States*, 38 F. Supp. 3d 208, 217 (D.P.R. 2013). To plead fraud with "particularity," as Rule 9(b) requires, a plaintiff "usually is expected to specify the who, what, where, and when of the allegedly false or fraudulent representation." *Alternative Sys. Concepts, Inc.* v. *Synopsys, Inc.*, 374 F.3d 23, 29 (1st Cir. 2004). Furthermore, where a plaintiff alleges multiple acts of fraud, multiple schemes, and/or multiple defendants, the complaint must detail with particularity *each* act of fraud, *each* scheme, and the role of *each* defendant therein. *See Emery* v. *Am. Gen. Fin., Inc.*, 71 F.3d 1343, 1348 (7th Cir. 1995); *In re Fin. Oversight & Mgmt. Bd. for P.R.*, 578 F. Supp.

2

3d 267, 285 (D.P.R. 2021); *Vázquez Lazo* v. *Emeterio Walker*, No. CV 15-1891, 2016 WL 8711710, at *2 (D.P.R. Sept. 30, 2016). "[M]ere allegations of fraud, corruption or conspiracy, averments to conditions of mind, or referrals to plans and schemes are too conclusional to satisfy the particularity requirement, no matter how many times those accusations are repeated." *Generadora de Electricidad del Caribe, Inc.* v. *Foster Wheeler Corp.*, 92 F. Supp. 2d 8, 18 (D.P.R. 2000) (quoting *Hayduk* v. *Lanna*, 775 F.2d 441, 444 (1st Cir. 1985)).

Rule 9(b) "requires a complaint in an action based on fraud . . . to allege all the substantive elements of fraud." 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1297 (4th ed. 2023). That includes detrimental reliance, which "by definition, is one of the necessary elements for *any* fraud claim." *Cooperativa da Ahorro y Credito Aguada* v. *Kidder, Peabody & Co.*, 758 F. Supp. 64, 73 (D.P.R. 1991); *see Generadora de Electricidad*, 92 F. Supp. 2d at 20 (holding that "the concept of fraud which is present in Rule 9(b)" requires that plaintiff plead "detrimental reliance upon the representation by the person claiming to have been deceived"); *see, e.g.*, *Woods* v. *Wells Fargo Bank, N.A.*, 733 F.3d 349, 358 (1st Cir. 2013); *Juárez* v. *Select Portfolio Servicing, Inc.*, 708 F.3d 269, 280 (1st Cir. 2013).

## II. ARGUMENT

### A. Rule 9(b) Applies to Plaintiff's Claims Against ExxonMobil.

All of Plaintiff's claims must satisfy Rule 9(b)'s heightened pleading standard, because they all "explicitly allege fraud" or "sound in fraud." *See Garcia*, 2010 WL 3662593, at *7. Plaintiff's theory of liability rests almost entirely on allegations of fraud. Indeed, it announces at the outset of the Complaint that it seeks to impose liability on Defendants for "*misrepresent[ing]* the dangers of the carbon-based products which they marketed and sold." Compl. ¶ 2 (emphasis added). Moreover, Plaintiff alleges in a conclusory fashion that, "[d]ecades ago," Defendants "obtained scientific information establishing that products they marketed and sold in Puerto Rico

3

accelerated climate change," *id.*, and that Defendants "collude[d] by investing billions into a *fraudulent marketing scheme* to convince consumers that their fossil fuel-based products did not— and would not—alter the climate." *Id.* ¶ 5 (emphasis added); *see id.* ¶ 7(e) (accusing Defendants of "carefully crafted corporate subterfuge").

All of Plaintiff's claims are based on this flawed theory of fraud. Plaintiff's first three causes of action are for "common law consumer fraud"; "conspiracy to commit common law consumer fraud and deceptive business practices"; and violations of "Rule 7 of the Puerto Rico Rules Against Misleading Practices and Advertisements." *Id.* ¶¶ 610–92. Plaintiff's claims under the Racketeering Influenced and Corrupt Organizations Act ("RICO") are premised on mail fraud and wire fraud. *See id.* ¶ 696. Plaintiff also relies on averments of fraud in pleading the elements of the remaining causes of action in its Complaint. *See id.* ¶¶ 746, 791 (public and private nuisance); ¶ 735 (Sherman Act § 1); ¶ 752 (failure to warn); ¶¶ 766, 782 (design defect); ¶¶ 797 ("Restitution-Unjust Enrichment").

Courts routinely require that claims like Plaintiff's—which are premised on allegedly fraudulent conduct—satisfy Rule 9(b) without regard to whether plaintiff asserts standalone fraud claims. In *Garcia*, for example, plaintiffs asserted shareholder derivative claims against corporate board members, including for breach of the fiduciary duties of loyalty and care. 2010 WL 3662593, at *2. While breach of fiduciary duty is not an "explicit fraud claim," the court recognized that the claim rested on allegations that the board publicly offered stock pursuant to a false and misleading registration statement. *Id.* at *2, *7. Therefore, the court held, plaintiff's claims "sound[ed] in fraud," warranting Rule 9(b)'s application. *Id.* at *7. So too, here. There can be no doubt that Rule 9(b) applies to Plaintiff's claims that *are* "explicit fraud claim[s]." *See* Compl. ¶¶ 610–728; *see, e.g.*, *Rodríguez-Ortega* v. *Philip Morris, Inc.*, 2005 WL 8168625, at *5

4

(D.P.R. Mar. 23, 2005) (applying Rule 9(b) to claims of "fraud, misrepresentation and/or deceit, concealment by omission"). But even Plaintiff's claims that do not expressly assert fraud rest on Plaintiff's allegation that ExxonMobil allegedly "deceived" Puerto Rico consumers about "the role of fossil fuel products in causing" climate change. Compl. ¶ 586; s*ee id.* ¶¶ 746, 787, 791 (public and private nuisance); ¶ 735 (Sherman Act § 1); ¶¶ 752, 756, 761 (failure to warn); ¶¶ 766, 771, 782 (design defect); ¶¶ 794, 796 ("Restitution-Unjust Enrichment"); *see also In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 347–48 (3d Cir. 2010) (Rule 9(b) pleading applies to Sherman Act claims sounding in fraud); *Feinstein* v. *RTC*, 942 F.2d 34, 42 (1st Cir. 1991) (Rule 9(b) applies to RICO claims that plead predicate acts of mail and wire fraud). Therefore, Rule 9(b) must apply to all of Plaintiff's claims.

### B. Plaintiff's Allegations Against ExxonMobil Fail to Satisfy Rule 9(b).

Plaintiff's allegations against ExxonMobil fail to meet Rule 9(b)'s stringent pleading requirements because the Complaint fails to identify *each* alleged misrepresentation by ExxonMobil, or who purportedly saw or relied on each statement to their detriment. Because the complaint "fail[s] to specifically identify alleged misrepresentations for each individual defendant," including ExxonMobil, "[a]ll claims alleging misrepresentation . . . must be dismissed." *State ex rel. Jennings* v. *BP America Inc.*, 2024 WL 98888 (Del. Super. Ct. Jan. 9, 2024) (dismissing a similar complaint for failure to comply with Rule 9(b)).

#### 1. Plaintiff Fails to Plead Any Alleged Misrepresentations Attributable to ExxonMobil with Particularity.

Notwithstanding its length, Plaintiff's Complaint identifies only a handful of purportedly misleading statements allegedly attributable to ExxonMobil, its predecessors, or affiliates. Plaintiff fails to allege those isolated statements, which have absolutely no nexus to Puerto Rico, with the requisite particularity. The Complaint fails to allege any misleading statements that were

5

crafted for or directed at Puerto Rico, nor does it allege who in particular was deceived by any of the allegedly misleading statements, or who in particular detrimentally relied on any of those statements. The complaint therefore must be dismissed for failure to comply with Rule 9(b)'s particularity requirement.

### (a) Plaintiff Fails to Allege Who Was Deceived by Any Statement.

Plaintiff fails to allege with particularity who supposedly was deceived by *any* of the identified statements. Although Plaintiff generically alleges that "Exxon advertises, markets, and sells its products in Puerto Rico," the Complaint does not specifically identify anyone who saw, heard about, or was exposed to any of these statements, let alone was deceived by them. Compl. ¶ 65. Rather, Plaintiff highlights statements published in Texas, *see, e.g.*, *id*. ¶¶ 373–76, 441, circulated in national publications based in New York, *see, e.g., id*. ¶¶ 378–80, 385–86, sent to investors and employees of a Canadian company, *see, e.g., id.* ¶ 401, several allegedly deceptive statements made internally among ExxonMobil employees, *see, e.g., id.* ¶¶ 306–07, 309–13, 315, or non-public forums, *see, id.* ¶¶ 316, 323, and even statements made in China, *id.* ¶ 381. Although Plaintiff makes the conclusory and implausible allegation that a 1996 document published by ExxonMobil in Texas was somehow "publish[ed] to the citizens of the Municipality of San Juan," Compl. ¶ 373, these bare assertions similarly fail to specify the "who, what, where, and when" required under Rule 9(b). *See Rodi* v. *Southern New England School of Law*, 389 F.3d 5, 15 (1st Cir. 2004). None of the alleged misrepresentations—whether public facing or internal—are alleged to have been prepared for or directed at Puerto Rico. That alone requires dismissal of Plaintiff's claims against ExxonMobil. *See Alternative Sys. Concepts*, 374 F.3d at 29–30 (explaining that Rule 9(b) requires plaintiff to allege "the who" of the allegedly false or fraudulent representation, and dismissing plaintiff's claims for failing to identify "to whom" the allegedly "misleading statements . . . were made"); *In re Fin. Oversight & Mgmt. Bd. for P.R.*, 578 F. Supp.

3d at 286 (dismissing fraud claims under Rule 9(b) where plaintiff alleged "that fraud occurred at unspecified meetings attended by unspecified individuals").

### (b) Plaintiff Fails to Allege Detrimental Reliance on Any Statement.

Because Plaintiff fails to specify anyone who was allegedly deceived by any of the purportedly misleading statements, it similarly fails to allege who in particular detrimentally relied on any of those statements, which is one of the "necessary elements for *any* fraud claim." *Cooperativa da Ahorro y Credito Aguada*, 758 F. Supp. at 73. Under Plaintiff's theory of liability, unspecified consumers in Puerto Rico, including Plaintiff, used fossil fuels at levels beyond what they would have, absent allegedly deceptive statements that were made far away from Puerto Rico. *See, e.g.*, Compl. ¶ 650 (alleging that Defendants "promote[d] climate change denial and undermine[d] scientific consensus as a deceptive means to manipulate the Municipality of San Juan, and their citizens into continuing to purchase their products and avoid the energy source alternative"). But Plaintiff utterly fails to allege with any specificity who in particular supposedly relied to their detriment on the alleged misrepresentations. In fact, despite alleging in conclusory fashion that Defendants "marketed their campaign of deception in Puerto Rico" and that Plaintiff "reasonably and justifiably relied on the Defendants' misrepresentations," *id.* ¶¶ 13, 628, the Complaint conspicuously fails to identify a single alleged misrepresentation made by ExxonMobil that was prepared for or directed at Puerto Rico, or to plausibly allege facts that, if proven, would establish that Plaintiff or any person in Puerto Rico actually saw or relied on any of the identified statements to their detriment. Moreover, the Complaint fails to state with particularity *how* Plaintiff detrimentally relied on any identified statement. This deficiency also requires dismissal of Plaintiff's claims against ExxonMobil. *See Woods*, 773 F.3d at 358 (affirming dismissal of a claim under Rule 9(b) where the complaint was "wholly silent on the issue of [plaintiff's] actual reliance"); *Juárez*, 708 F.3d at 280 (affirming dismissal of a claim of fraud based on wrongful

7

foreclosure under Rule 9(b) for failure to specifically plead facts showing detrimental reliance). This deficiency is especially significant with respect to Plaintiff's claims purportedly pleaded under Puerto Rico law, which necessarily applies only to conduct in Puerto Rico. *See Rodríguez-Navarro* v. *Am. Airlines, Inc.*, 2016 WL 4179884, at *3 n.7 (D.P.R. Aug. 4, 2016) ("Puerto Rico law does not apply extraterritorially"); *Goya de P.R., Inc.* v. *Rowland Coffee,* 206 F. Supp. 2d 211, 215 n.4 (D.P.R. 2002) ("It is well settled that Puerto Rico's laws cannot be interpreted to have an extraterritorial effect.").

  **2.** **Plaintiff Impermissibly Alleges Unattributed Statements to Defendants Collectively and Impermissibly Attributes the Statements of Third Parties to ExxonMobil.**

The Complaint's remaining allegations of fraudulent conduct fail because they are improperly attributed to "Defendants" collectively, or to third-party organizations. Such generalized allegations cannot properly be attributed to ExxonMobil consistent with Rule 9(b).

  **(a)** **Plaintiff Relies on Impermissible Group Pleading.**

Throughout the Complaint, Plaintiff repeatedly refers to allegedly fraudulent conduct committed by "Defendants" collectively, without specifying, as Rule 9(b) requires, which of the Defendants is alleged to have engaged in the conduct, or without specifying each Defendant's alleged role. For example, the Complaint alleges: "*Defendants* proclaimed that climate change was not a real, imminent threat." Compl. ¶ 7(a) (emphasis added); the "*Oil Defendants* embarked on a public relations campaign . . . to deceive the public about the science connecting global climate change to fossil fuel products and greenhouse gas emissions." *Id.* ¶ 350 (emphasis added). Which Defendants? Which statements? Plaintiff nowhere "specif[ies] the who, what, where, and when of the allegedly false or fraudulent representation." *Alternative Sys. Concepts, Inc.*, 374 F.3d at 29. As such, these and similar allegations throughout the Complaint fail to satisfy the requirements of Rule 9(b). "Where multiple defendants are asked to respond to allegations of fraud, the complaint

8

must particularize *each defendant's* alleged participation in the fraud." *Vázquez Lazo*, 2016 WL 8711710, at *2 n.5 (emphasis added). Where, as here, plaintiffs "group all of the Individual Defendants together generally without specifically referring to each one of them[,]" Rule 9(b) is not satisfied. *Blue* v. *Doral Fin. Corp.*, 123 F. Supp. 3d 236, 271 (D.P.R. 2015). That is in part because one of the primary purposes of Rule 9(b)'s particularity requirement is "to place defendants on notice and enable them to prepare meaningful responses[.]" *Cruz* v. *Caribbean Univ., Inc.*, 698 F. Supp. 2d 254, 260 (D.P.R. 2009). For ExxonMobil to prepare an effective defense to Plaintiff's expansive and amorphous claims, it is entitled to—and must—know each supposedly deceptive act that Plaintiff alleges *it* has taken, and who in particular is alleged to have been deceived by each act. *See Emery*, 71 F.3d at 1348.

### (b) Plaintiff Cannot Attribute the Statements of Third Parties to ExxonMobil.

Plaintiff seeks to impose liability on Defendants, including ExxonMobil, for statements made by various "[f]ossil [f]uel industry associations" and other third parties, nearly all of which are not parties in this action. *See, e.g.*, Compl. ¶¶ 168, 620–21. But not "every action by a trade association is . . . concerted action by the association's members," *N. Am. Soccer League, LLC* v. *U.S. Soccer Fed'n, Inc.*, 883 F.3d 32, 40 (2d Cir. 2018), and "concerted action does not exist every time a trade association member speaks or acts." *Alvord-Polk, Inc.* v. *F. Schumacher & Co.*, 37 F.3d 996, 1007 (3d Cir. 1994). Therefore, under Rule 9(b), it is Plaintiff's obligation to plead with particularity the connection between a defendant and the statement it seeks to impute to that defendant. *Southland Sec. Corp.* v. *INSpire Ins. Sols., Inc.*, 365 F.3d 353, 365 (5th Cir. 2004).

Plaintiff falls far short of fulfilling that requirement. For example, Plaintiff avers generically that ExxonMobil has been a "member[]" of various organizations at various times, without specifying any further details about that purported membership or the nature of

ExxonMobil's alleged relationship with the organizations. *See, e.g.*, Compl. ¶ 168. Similarly, the Complaint asserts that ExxonMobil's employees and representatives had "direct involvement" or "participated" in various organizations, *see, e.g.*, *id.* ¶¶ 420, 327, but fails to allege any further details about their alleged role in the organization or in preparing or disseminating allegedly deceptive statements by the organization. To the contrary, the Complaint itself alleges that one organization—the Global Climate Coalition—"represented hundreds of thousands of businesses," including such disparate companies and organization as the Aluminum Association, the American Paper Institute, and IBM. *Id.* ¶ 342, 346. The Complaint contains no allegations that could support an inference that ExxonMobil directed the activities of the GCC. Plaintiff also includes a few generalized allegations that ExxonMobil provided funding to certain third parties, *id.* ¶¶ 398–99, 402, 407, 429, 441, 467, 472, 500, 507, 512, 518, 648, but those allegations come nowhere close to the level of particularity Rule 9(b) requires. For example, Plaintiff claims that "Defendants" funded "dozens of think tanks, front groups, and dark money foundations," *id.* ¶ 428, but provides no specifics as to the intended purposes or use of any purported contributions. *Id.* In the end, the Complaint does not allege any connection between ExxonMobil's alleged contributions and alleged misrepresentations by any group. *Id.* These vague and conclusory allegations about ExxonMobil's relationship to third-party organizations fail to satisfy Rule 9(b). *See, e.g.*, *In re Asbestos Sch. Litig.*, 46 F.3d 1284, 1290 (3d Cir. 1994) (Alito, J.) (rejecting arguments that a defendant's donations to a third party and attendance at meetings held by the third party were sufficient to establish a conspiracy); *In re Processed Egg Prods. Antitrust Litig.*, 821 F. Supp. 2d 709, 753 (E.D. Pa. 2011) (that the Egg Association, Egg Producers, and Egg Merchants "ha[ve] overlapping members," and that Egg Association members may have attended Egg Producers and Egg Merchants meetings, or vice versa, "are not sufficient alone to plausibly suggest that" the Egg

Association "participated in the conspiracy"); *Taylor* v. *Airco, Inc.*, 503 F. Supp. 2d 432, 446 (D. Mass. 2007) (refusing to impute organization's statements to members, even where members sent representatives and participated in drafting the allegedly misleading statements, where "no evidence of record indicate[d] to what extent each Defendant controlled the contents" of the organization's publication), *aff'd sub nom.*, *Taylor* v. *Am. Chemistry Council*, 576 F.3d 16 (1st Cir. 2009); *Payton* v. *Abbott Labs*, 512 F. Supp. 1031, 1038 (D. Mass. 1981) ("There is nothing inherently wrong with membership in an industry-wide trade association" or "with participating in scientific conferences[.] . . . Indeed, these practices are probably common to most industries."); *see also N.A.A.C.P.* v. *Claiborne Hardware Co.*, 458 U.S. 886, 890, 902, 919–920 (1982) (holding that the First Amendment barred Mississippi's imposition of tort liability on NAACP Field Secretary, Charles Evers, in connection with an NAACP boycott because "[c]ivil liability may not be imposed merely because an individual belonged to a group, some members of which committed acts of violence[; f]or liability to be imposed by reason of association alone, it is necessary to establish that the group itself possessed unlawful goals and that the individual held a specific intent to further those illegal aims.").

## CONCLUSION

Rule 9(b) requires Plaintiff to plead its claims against ExxonMobil, all of which are premised on an alleged campaign of deception, with particularity. Among other things, Plaintiff must specify *each* allegedly deceptive statement made by ExxonMobil, to whom those deceptive statements were made, and how anyone deceived by any such statements relied on them to their detriment. Because Plaintiff plainly has failed to do so, its claims against ExxonMobil should be dismissed.

WHEREFORE ExxonMobil respectfully requests that the Court DISMISS Plaintiff's Complaint.

DATED: April 8, 2024

By: */s/ Néstor M. Méndez Gómez*
Néstor M. Méndez Gómez
USDC-PR Bar No. 118409

/s/ *María D. Trelles Hernández*
María D. Trelles Hernández
USDC-PR Bar No. 225106
PIETRANTONI MENDEZ & ALVAREZ LLC
Popular Center, 19th Floor
208 Ponce de León Ave.
San Juan, Puerto Rico 00918
Telephone: (787) 274-1212
Facsimile: (787) 274-1470
Email: nmendez@pmalaw.com
Email: mtrelles@pmalaw.com

Theodore V. Wells, Jr. (*pro hac vice pending*)
Daniel J. Toal (*pro hac vice pending*)
Yahonnes Cleary (*pro hac vice pending*)
Caitlin E. Grusauskas (*pro hac vice pending*)
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019-6064
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
Email: twells@paulweiss.com
Email: dtoal@paulweiss.com
Email: ycleary@paulweiss.com
Email: cgrusauskas@paulweiss.com

*Attorneys for Defendant EXXON MOBIL CORPORATION*

We hereby certify that, on the above date, we filed this document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record registered in the system.

*/s/ Néstor M. Méndez Gómez*
Néstor M. Méndez Gómez
USDC-PR Bar No. 118409

*/s/ María D. Trelles Hernández*
María D. Trelles Hernández
USDC-PR Bar No. 225106

PIETRANTONI MENDEZ & ALVAREZ LLC
Popular Center, 19th Floor
208 Ponce de León Ave.
San Juan, Puerto Rico 00918
Telephone: (787) 274-1212
Facsimile: (787) 274-1470
Email: nmendez@pmalaw.com
Email: mtrelles@pmalaw.com