IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **THE MUNICIPALITY OF SAN JUAN PUERTO RICO**, <br><br> *Plaintiff,* <br><br> v. <br><br> **EXXON MOBIL CORP. et al.**, <br><br> *Defendants.* | Case No. 3:23-cv-01608-ADC |

### DEFENDANTS' MOTION TO STAY TERM TO FILE MOTION FOR LEAVE TO REPLY TO *PLAINTIFFS'* [SIC] *OMNIBUS RESPONSE IN OPPOSITION TO DEFENDANTS' JOINT MOTION FOR JUDICIAL NOTICE*

TO THE HONORABLE COURT:

COME NOW Defendants, through their respective counsel, and hereby respectfully request that the Court stay the term to move for leave to reply, and tender the reply, to *Plaintiffs'* [sic] *Omnibus Response in Opposition to Defendants' Joint Motion for Judicial Notice* (the "Response to Motion for Judicial Notice," Dkt. No. 63). In support of this motion, Defendants state and pray as follows:

1. On April 8, 2024, Defendants filed joint and individual motions to dismiss and related motions, including a request for judicial notice (the "Request for Judicial Notice"; together with the motions to dismiss and related motion, the "Motions to Dismiss"). *See* Dkt. Nos. 28, 30, 31, 32, 34, 35, 36, 37, 39.

2. Plaintiff's oppositions, if any, to the Motions to Dismiss were due on April 22, 2024. *See* L. Civ. R. 7(b). Plaintiff did not timely oppose the Motions to Dismiss or request additional time to do so, thereby waiving any objections to the Motions to Dismiss.

3. On April 26, 2024, Defendants requested that the Motions to Dismiss be deemed unopposed and granted for the reasons set forth therein. *See Defendants' Motion to Deem Motions to Dismiss and Related Motions Unopposed*, Dkt. No. 41. That motion is *sub judice*.

4. On April 30, 2024, Plaintiff filed a *Motion for Extension of Time to Oppose Motions at Dockets 28 to 39* (the "Motion for Extension of Time," Dkt. No. 42), belatedly seeking an extension of 30 days to oppose the Motions to Dismiss. *See id.* ¶¶ 1, 2. While the Motion for Extension of Time did not specify the expiration date of the proposed extension, it effectively requested an extension through May 22, 2024 for Plaintiff to oppose the Motions to Dismiss— *i.e.,* 30 days from April 22, 2024. But Plaintiff did not file any oppositions to the Motions to Dismiss by that date either.[1]

5. On May 8, 2024, Defendants filed their *Response to Motion for Extension of Time to Oppose Motions at Dockets 28 to 39* (the "Response," Dkt. No. 44). In pertinent part, Defendants showed that the Motion for Extension of Time was filed after the deadline to respond to the Motions to Dismiss had expired and was therefore untimely, and that Plaintiff had failed to show excusable neglect for its failure to file timely responses or even a timely request for an extension of the time to file them, as Fed. R. Civ. 6(b)(1)(B) requires. *See id*.

6. On May 23, 2024—that is, after expiration of the 30-day period since the original deadline (April 22, 2024) to file responses to the Motions to Dismiss—Plaintiff filed a *Motion for Leave to File Omnibus Oppositions to Defendants' Motions to Dismiss* (the "Motion for Leave," Dkt. No. 52). By the Motion for Leave, Plaintiff seeks to file omnibus responses to Defendants' Motions to Dismiss, rather than individualized responses to each of the various Defendants'

---

[1] The docket entry for the Motion for Extension of Time states, in pertinent part: "MOTION for extension of time *until May 30, 2024* to Oppose Dispositive Motions at Dockets 28 to 39." (Emphasis added.) However, as noted, no such deadline was set forth in the motion. In any event, Plaintiff still has not responded to the Motions to Dismiss.

individual motions. *See id.* ¶ 8.[2]

7. On May 28, 2024, Defendants filed a Notice of Intent to Oppose the Motion for Leave within the 14-day period prescribed by Local Civil Rule 7(b) (*i.e.*, by June 6, 2024). *See* Dkt. No. 62.

8. Defendants' Opposition to the Motion for Leave will be filed tomorrow. In that Opposition, Defendants will reiterate—as the threshold reason to deny Plaintiff's Motion—their request that the Motions to Dismiss (including the Request for Judicial Notice) be deemed unopposed and granted.

9. On May 29, 2024, Plaintiff filed the untimely Response to Motion for Judicial Notice. Dkt. No. 63.

10. Without waiving their argument that the Response to Motion for Judicial Notice was untimely, Defendants' motion for leave to reply thereto and their reply would be due today. *See* L. Civ. R. 7(c).

11. Defendants hereby move to stay the term to reply to Plaintiff's Response to Motion for Judicial Notice because their request that the Motions to Dismiss—including the Request for Judicial Notice—be deemed unopposed and granted, *see supra* ¶ 3, is *sub judice*. Defendants respectfully submit that they should not be required to move for leave to reply to Plaintiff's belated Response to Motion for Judicial Notice—let alone prepare and tender their reply thereto—pending the Court's resolution of their motion to deem unopposed.

**WHEREFORE**, Defendants respectfully request that this Honorable Court enter an order

---

[2] The Motion for Leave asserts in passing that Plaintiff should be permitted to file the omnibus oppositions by June 15, 2024. *See id.* ¶ 8. But no request for an extension of time to respond to the Motions to Dismiss was included in the Motion for Leave's request for relief, *see id.* at 4, nor indicated in the corresponding docket entry.

(1) staying the term for Defendants to move for leave to reply, and tender the reply, to Plaintiff's Response to Motion for Judicial Notice pending resolution of their request that the Motions to Dismiss—including the Request for Judicial Notice—be deemed unopposed and granted, and (2) providing that the seven-day period prescribed by Local Civil Rule 7(b) start to run from the date that the Court resolves Defendants' motion to deem unopposed, if the Court denies said motion.

**RESPECTFULLY SUBMITTED**

In San Juan, Puerto Rico, this 5th day of June 2024.

By: *s/Roberto C. Quiñones-Rivera*
Roberto C. Quiñones-Rivera
USDC-PR Bar No. 211512
Eduardo A. Zayas-Marxuach
USDC-PR Bar No. 216112
Myrgia M. Palacios-Cabrera
USDC-PR Bar No. 230807
McConnell Valdés LLC
P.O. Box 364225
San Juan, PR 00936-4225
Telephone: 787-250-2631
Facsimile: 787-474-9201
Email: rcq@mcvpr.com
Email: ezm@mcvpr.com
Email: mpc@mcvpr.com

Theodore J. Boutrous, Jr. (*pro hac vice*)
William E. Thomson (*pro hac vice*)
Joshua D. Dick (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 229-7000
Email: tboutrous@gibsondunn.com
Email: wthomson@gibsondunn.com
Email: jdick@gibsondunn.com

Thomas G. Hungar (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue NW
Washington, D.C. 20036

Telephone:  (202) 887-3784
Email:  thungar@gibsondunn.com

Neal S. Manne (*pro hac vice* forthcoming)
Erica Harris (*pro hac vice* forthcoming)
SUSMAN GODFREY LLP
1000 Louisiana, Suite 5100
Houston, TX 77002
Telephone:  713.651.9366
Facsimile:  713.654.6666
Email:  nmanne@susmangodfrey.com
Email:  eharris@susmangodfrey.com

*Attorneys for Defendant CHEVRON CORPORATION*


By: *s/ Néstor M. Méndez Gómez*
Néstor M. Méndez Gómez
USDC-PR Bar No. 118409
*s/ María D. Trelles Hernández*
María D. Trelles Hernández
USDC-PR Bar No. 225106
PIETRANTONI MENDEZ & ALVAREZ LLC
Popular Center, 19th Floor
208 Ponce de León Ave.
San Juan, Puerto Rico 00918
Telephone: (787) 274-1212
Facsimile: (787) 274-1470
Email: nmendez@pmalaw.com
Email: mtrelles@pmalaw.com

Theodore V. Wells, Jr. (*Pro Hac Vice*)
Daniel J. Toal (*Pro Hac Vice*)
Yahonnes Cleary (*Pro Hac Vice*)
Caitlin E. Grusauskas (*Pro Hac Vice*)
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019-6064
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
Email: twells@paulweiss.com
Email: dtoal@paulweiss.com
Email: ycleary@paulweiss.com
Email: cgrusauskas@paulweiss.com

*Attorneys for Defendant EXXON MOBIL CORPORATION*

By: *s/Kenneth C. Suria*
Kenneth C. Suria
USDC-PR Bar No. 213302
ESTRELLA, LLC
P.O. Box 9023596
San Juan, Puerto Rico 00902-3596
Telephone: (787) 977-5050
Facsimile: (787) 977-5090
E-mail:  kcsuria@estrellallc.com

Tracie J. Renfroe (*pro hac vice*)
KING & SPALDING LLP
1100 Louisiana, Suite 4100
Houston, TX 77002
Telephone:  (713) 751-3200
Facsimile:  (713) 751-3290
E-mail:  trenfroe@kslaw.com

Oliver Thoma (*pro hac vice*)
West, Webb, Allbritton & Gentry, P.C.
1515 Emerald Plaza
College Station, Texas 77845
Ph: (979) 694-7000
Fax: (979) 694-8000
Email: oliver.thoma@westwebblaw.com

*Attorneys for Defendant*
*MOTIVA ENTERPRISES LLC*

By: *s/ David Indiano*
David Indiano
USDC-PR Bar No. 200601
Jeffrey M. Williams
USDC-PR Bar No. 202104
INDIANO & WILLIAMS, P.S.C.
207 del Parque Street; 3rd Floor
San Juan, P.R. 00912

Duke K. McCall, III (*pro hac vice* forthcoming)
MORGAN, LEWIS & BOCKIUS LLP

1111 Pennsylvania Ave, NW
Washington D.C., 20004

*Attorneys for Defendant OCCIDENTAL
PETROLEUM CORPORATION*


By:  *s/Heriberto J. Burgos*
Heriberto J. Burgos-Pérez
USDC-PR No. 204809
Ricardo F. Casellas Sánchez
USDC-PR No. 203114
CASELLAS ALCOVER & BURGOS, P.S.C.
2 Tabonuco, Suite 400
San Patricio, PR 00968
Telephone: (787) 756-1400
Facsimile: (787) 756-1401
Email: hburgos@cabprlaw.com
Email: rcasellas@cabprlaw.com

Matthew T. Martens (*pro hac vice*)
Ericka Aiken (*pro hac vice*)
WILMER CUTLER PICKERING HALE
 AND DORR LLP
2100 Pennsylvania Avenue, N.W.
Washington, D.C. 20037
Telephone: (202) 663-6000
Facsimile: (202) 663-6363
Email: matthew.martens@wilmerhale.com
Email: ericka.aiken@wilmerhale.com

Hallie B. Levin *(pro hac vice)*
WILMER CUTLER PICKERING HALE
 AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: (212) 230-8800
Facsimile: (212) 230-8888
Email: hallie.levin@wilmerhale.com

Robert Kingsley Smith (*pro hac vice*)
WILMER CUTLER PICKERING HALE
 AND DORR LLP
60 State Street
Boston, MA 02109

        Telephone: 617-526-6000
        Facsimile: 617-526-5000
        Email: robert.smith@wilmerhale.com

*Attorneys for Defendant ConocoPhillips*

## CERTIFICATE OF SERVICE

    I hereby certify that, on the above date, I filed this document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel record who are CM/ECF system participants at their corresponding e-mail addresses.

        By: *Roberto C. Quiñones-Rivera*
        Roberto C. Quiñones-Rivera