IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **THE MUNICIPALITY OF SAN JUAN PUERTO RICO**, <br><br>*Plaintiff,* <br><br> v. <br><br> **EXXON MOBIL CORP. et al.**, <br><br> *Defendants.* | Case No. 3:23-cv-01608-ADC |

**DEFENDANTS' (1) SECOND REQUEST TO DEEM MOTIONS TO DISMISS AND RELATED MOTIONS UNOPPOSED, OR (2) IN THE ALTERNATIVE, OPPOSITION TO *PLAINTIFF'S MOTION FOR LEAVE TO FILE OMNIBUS OPPOSITIONS TO DEFENDANTS' MOTIONS TO DISMISS*__**

TO THE HONORABLE COURT:

COME NOW the undersigned Defendants, through their respective counsel, and hereby move the Court to (1) deem their motions to dismiss unopposed, or (2) in the alternative, deny Plaintiff's *Motion for Leave to File Omnibus Oppositions to Defendants' Motions to Dismiss*, Dkt. No. 52.[1] In support of these requests, Defendants state as follows:

## BACKGROUND

On April 8, 2024, Defendants filed the following joint and individual Motions (collectively, the "Motions to Dismiss"):

a. *Occidental Petroleum's Motion to Dismiss* (Dkt. No. 28);

b. *Defendants' Motion for Leave to File Motions Exceeding Page Limit* (Dkt. No. 30);

---

[1] By Order entered on May 29, 2024, the Court directed the parties, by June 7, 2024, "to express their respective positions on whether consolidation" of this case with the case captioned *Municipality of Bayamón et al. v. Exxon Mobil Corporation et al.*, Civil No. 22-1550 (SCC-HRV) should proceed. Defendants will comply with the Order.

c. *Defendants' Motion to Dismiss for Lack of Personal Jurisdiction* (Dkt. No. 31);

d. *Exxon Mobil Corp.'s Motion to Dismiss for Failure to State a Claim* (Dkt. No. 32);

e. *Defendants' Motion to Dismiss for Failure to State a Claim* (Dkt. No. 34);

f. *Defendants' Request for Judicial Notice* (Dkt. No. 35);

g. *Chevron Corporation's Motion to Dismiss for Failure to State a Claim* (Dkt. No. 36);

h. *ConocoPhillips Company's Motion to Dismiss for Failure to State a Claim* (Dkt. No. 37); and

i. *Motiva Enterprises, LLC's Motion to Dismiss for Failure to State a Claim and for Lack of Personal Jurisdiction* (Dkt. No. 39).

Plaintiff's oppositions, if any, to the Motions to Dismiss were due on April 22, 2024. *See* L. Civ. R. 7(b). Plaintiff did not timely oppose the Motions to Dismiss or request additional time to do so, thereby waiving any objections to the Motions to Dismiss. Accordingly, on April 26, 2024, Defendants requested that the Motions to Dismiss be deemed unopposed and granted for the reasons set forth therein. *See Defendants' Motion to Deem Motions to Dismiss and Related Motions Unopposed*, Dkt. No. 41. That motion is *sub judice*.

On April 30, 2024, Plaintiff filed a *Motion for Extension of Time to Oppose Motions at Dockets 28 to 39* (the "Motion for Extension of Time," Dkt. No. 42), belatedly seeking an extension of 30 days to oppose the Motions to Dismiss. *See id.* ¶¶ 1, 2. While the Motion for Extension of Time did not specify the expiration date of the proposed extension, it effectively requested an extension through May 22, 2024 for Plaintiff to oppose the Motions to Dismiss— *i.e.*, 30 days from April 22, 2024. But Plaintiff did not file any oppositions to the Motions to Dismiss by that date either—nor has it filed them to date.[2]

---

[2] The docket entry for the Motion for Extension of Time states, in pertinent part: "MOTION for extension of time *until May 30, 2024* to Oppose Dispositive Motions at Dockets 28 to 39." (Emphasis added.)

On May 8, 2024, Defendants filed their *Response to Motion for Extension of Time to Oppose Motions at Dockets 28 to 39* (the "Response," Dkt. No. 44) to clarify that Plaintiff's counsel's assertion in the Motion for Extension of Time – that he "was expecting […] a briefing schedule which the parties had been discussing and not for defendants to go directly into dispositive motions," Dkt. No. 42, ¶ 2 – was unfounded, unsubstantiated and contrary to the history of Defendants' communications with Plaintiff's counsel, *see* Dkt. No. 44. Defendants further showed that the Motion for Extension of Time was filed after the deadline to respond to the Motions to Dismiss had expired and was therefore untimely, and that Plaintiff had failed to show excusable neglect for its failure to file timely responses or even a timely request for an extension of the time to file them, as Fed. R. Civ. 6(b)(1)(B) requires. *See id*.

On May 23, 2024—that is, after expiration of the 30-day period since the original deadline (April 22, 2024) to file responses to the Motions to Dismiss—Plaintiff filed a *Motion for Leave to File Omnibus Oppositions to Defendants' Motions to Dismiss* (the "Motion for Leave," Dkt. No. 52). By the Motion for Leave, Plaintiff seeks to file omnibus responses to Defendants' Motions to Dismiss, rather than individualized responses to each of the various Defendants' individual motions. *See id*. ¶ 8.[3]

On May 28, 2024, Defendants filed a Notice of Intent to Oppose the Motion for Leave within the 14-day period prescribed by Local Civil Rule 7(b) (*i.e.*, by June 6, 2024). *See* Dkt. No. 62.

On May 29, Plaintiff filed *Plaintiffs'* [sic] *Omnibus Response in Opposition to Defendants'*

---

However, as noted, no such deadline was set forth in the motion. In any event, Plaintiff still has not responded to the Motions to Dismiss.

[3] Plaintiff asserts in passing that it should be permitted to file the omnibus oppositions by June 15, 2024. *See id*. ¶ 8. But no such request for an extension of time to respond to the Motions to Dismiss was included in the Motion for Leave's request for relief, *see id*. at 4, nor indicated in the corresponding docket entry.

*Joint Motion for Judicial Notice* (the "Response to Motion for Judicial Notice," Dkt. No. 63).

For the reasons detailed below, Defendants request that the Court (1) deem the Motions to Dismiss unopposed, or (2) in the alternative, deny Plaintiff's Motion for Leave and require Plaintiff to respond with particularized opposition briefs to each of Defendants' individual motions to dismiss.

**ARGUMENT**

A. <u>The Motions to Dismiss Should Be Deemed Unopposed and Granted for the Reasons Set Forth Therein</u>.

The Motions to Dismiss should be deemed unopposed and granted. By now, Plaintiff has *twice* failed to timely file oppositions thereto or even a timely request for additional time to do so. Under Local Rule 7(b), Plaintiff's oppositions, if any, to the Motions to Dismiss were due on April 22, 2024. More than a week later, and without showing excusable neglect, *see* Fed. R. Civ. P. 6(b)(1)(B), Plaintiff sought a 30-day extension of time to oppose the motions.

Plaintiff's Motion for Extension of Time also failed to comply with Local Rule 6 because it did not specify "the expiration date of the period sought to be extended" (doubtless because the expiration date had already passed) or "the expiration date of the proposed extension." In any event, the 30-day extension requested should be deemed to have run from April 22 and to have expired on May 22. *Cf. Lebrón-Vázquez v. Comm'r of Soc. Sec.*, No. CV 18-1281 (BJM), 2022 WL 225287, at *4 (D.P.R. Jan. 26, 2022). But Plaintiff did not file any responses to the Motions to Dismiss by May 22 either.[4] At this point, Plaintiff has failed to file responses to Defendants'

---

[4] Assuming *arguendo* that Plaintiff's passing reference in the Motion for Leave, *see supra* n.3, was a proper request for an extension through June 15, 2024 to respond to the Motions to Dismiss, the request again was filed late, as the Motion for Extension of Time (which is *sub judice*) requested an extension through May 22 to file said responses. Further, Plaintiff again did not comply with the "excusable neglect" standard or with the requirement that the motion state "the expiration date of the period sought to be extended." Accordingly, such a request should be denied.

Motions to Dismiss *for nearly seven weeks*.

Accordingly, the Motions to Dismiss should be deemed unopposed and granted for the reasons set forth therein. *See* L. Civ. R. 7(b) ("Unless within fourteen (14) days after the service of a motion the opposing party files a written opposition to the motion, the opposing party shall be deemed to have waived any objection to the motion.").

B. <u>In the Alternative, the Motion for Leave to File "Omnibus" Oppositions Should Be Denied</u>.

In the alternative, the Court should deny the Motion for Leave. As shown below, allowing Plaintiff to file omnibus responses to Defendants' Rule 12(b)(6) and 12(b)(2) motions to dismiss would only exacerbate the problems inherent in Plaintiff's improper group pleading strategy and would burden the Court and Defendants with having to sift through Plaintiff's "omnibus" oppositions to determine which arguments—if any—pertain to which Defendant-specific Motion to Dismiss. Further, the Motion for Leave should be denied because it appears to have been plagiarized.

1. <u>Omnibus opposition briefing would be unfair to Defendants and unduly burdensome to Defendants and the Court</u>.

To begin, it is untrue that "on May 16, 2024, Plaintiff's counsel conferred with one of Defendants' counsel requesting consent to reach an agreement on Briefing Schedule and to seek leave to file three omnibus oppositions to Defendants' pending motions … [and that] Defendants' counsel mentioned he would discuss both requests with the other Defendants' counsel." Dkt. No. 52, ¶ 6. Counsel for one of the Defendants did speak with Plaintiff's counsel on May 16, but the discussion was limited to a potential briefing schedule for the pending Motions to Dismiss. Plaintiff's counsel then raised the idea of whether his case might be consolidated with the related Bayamón case, but the issue of omnibus oppositions was never raised by Plaintiff's counsel, let alone discussed during the call. The fact that Plaintiff's counsel would make a false

misrepresentation to the Court should not go unnoticed.

Moreover, allowing Plaintiffs to file omnibus oppositions to the Defendant-specific Motions to Dismiss would obscure the Defendants' individualized arguments. The Defendant-specific Motions to Dismiss focus on the Complaint's improper reliance on group pleading and failure to make Defendant-specific allegations. For example, Chevron's 12(b)(6) Motion to Dismiss argues that the Complaint's sparse allegations regarding Chevron are insufficient to state a claim. Dkt. 36. Plaintiff should be required to respond to each Defendant's individualized arguments about pleading failures specific to that Defendant.

Permitting Plaintiff to file omnibus oppositions to the Defendant-specific Motions to Dismiss would enable Plaintiff to double down on its improper group pleading strategy. In deciding a motion to dismiss, the court "must determine whether, *as to each defendant*, a plaintiff's pleadings are sufficient to state a claim on which relief can be granted." *Sánchez v. Pereira-Castillo*, 590 F.3d 31, 48 (1st Cir. 2009) (emphasis in original). Accordingly, Plaintiff has "the burden 'to allege facts linking each defendant to the grounds on which that particular defendant is potentially liable.'" *Rivera-Nazario v. Corporación del Fondo del Seguro del Estado*, No. CIV. 14-1533 JAG, 2015 WL 5254417, at *15 (D.P.R. Sept. 9, 2015) (quoting *Redondo Waste Sys., Inc. v. López–Freytes,* 659 F.3d 136, 140 (1st Cir. 2011)). *See also Sires v. Hefferman*, No. CA 10-11993-MLW, 2011 WL 2516093, at *5 (D. Mass. June 21, 2011) ("[A] plaintiff cannot 'lump' defendants together when it cannot be reasonably inferred that all of the defendants were involved in the alleged misconduct, or it is otherwise not clear to which defendant or defendants the plaintiff is referring.").

Defendants filed the Defendant-specific Motions to Dismiss, in part, to demonstrate and highlight Plaintiff's failure to allege a plausible claim for relief as to each Defendant. Granting

Plaintiff leave to file omnibus oppositions would allow Plaintiff to evade these Defendant-specific arguments.

Omnibus opposition briefing also would be unfair to Defendants and unduly burdensome to Defendants and the Court. Defendants and the Court would have to sift through Plaintiff's omnibus oppositions to locate any arguments that pertain to each Defendant-specific Motion to Dismiss. Take Chevron's Rule 12(b)(6) Motion to Dismiss, for example. Under the standard procedure, the Court would analyze Chevron's Motion and arguments for dismissal, then read Plaintiffs' opposition, and then Chevron's reply. Under Plaintiff's proposal, however, the Court would need to review Chevron's Motion, and then search the "omnibus" opposition, find the arguments—if any—arguably related to Chevron's Motion (likely spread across the proposed 85-page brief), consolidate and consider those arguments, and then review Chevron's reply. And the Court would need to repeat this process for each Defendant-specific Motion to Dismiss. That is the exact opposite of efficiency.[5]

The cases cited by Plaintiff do not support its position. For example, in *Correa-Figueroa v. Pesquera*, 2014 WL 4827427 (D.P.R. Sept. 29, 2014), the Court never granted the motion for leave to file an omnibus opposition; in any event, the omnibus opposition was just 7 pages. *See* Plaintiff's Omnibus Response in Opposition to Defendants' Motion to Dismiss, Dkt. 71, No. 12-cv-1149 (D.P.R. Dec. 26, 2013). Similarly, in *Camacho Ortiz v. Municipio de San Juan*, 2021 WL 1202839 (D.P.R. Mar. 29, 2021), leave was never given, and the omnibus opposition was only 17 pages. *See* Response in Opposition to Motions, Dkt. 72, No. 3:19-cv-1671 (D.P.R. July 13, 2020). And although courts sometimes grant leave to file omnibus oppositions, there is no

---

[5] Although the Bayamón court granted a similar request for consolidated opposition briefing, it ordered that the "omnibus oppositions clearly identify the specific Defendant motion being addressed in each section and avoid to the extent possible incorporating by reference other sections of their brief," Bayamón case, Dkt. No. 277, which plaintiffs were unable to do within the stipulated 85 pages, *see id*., Dkt. No. 279.

presumption in favor of omnibus oppositions.

Plaintiff made the decision to sue multiple Defendants. It should not be allowed to avoid filing Defendant-specific oppositions to those Defendant-specific Motions to Dismiss.

2. <u>The Motion for Leave should be denied because it appears to have been plagiarized from the similar motion in the *Bayamón* case.</u>

The Motion for Leave also should be denied because Plaintiff's counsel appears to have plagiarized the Motion. This verbatim copying underscores the lack of any justification for Plaintiff's untimely responses to Defendants' motions—since it could have easily been copied and filed earlier to obtain a ruling before Plaintiff's Opposition was due.

On April 17, 2024, Plaintiffs in the Bayamón case moved for leave to file omnibus oppositions to Defendants' motions to dismiss and related motions there. *See Plaintiffs' Motion for Leave to File Omnibus Oppositions*, Dkt. No. 270 ("*Bayamón* Pls.'s Motion") in the Bayamón case. Here, Plaintiff's counsel copied large sections of that motion nearly word-for-word, many aspects of which obviously have no application in this case. *Compare* Dkt. No. 52, ¶¶ 2–5, 7–8 *with Bayamón* Pls.'s Motion ¶¶ 5–8, 10–11. Perhaps most egregious, the Motion for Leave asserts that this case involves multiple motions for judicial notice "filed jointly and by an individual defendant" and therefore moves the Court for leave to file "an Omnibus Opposition to Defendants' Motions for Judicial Notice." Dkt. No. 52, ¶ 5. But—in this case, unlike in *Bayamón*—Defendants filed only one joint motion for judicial notice and no Defendant filed an individual motion for judicial notice. *See Defendants' Request for Judicial Notice*, Dkt. No. 35; *contra Bayamón* Pls.'s Motion at ¶ 5; Dkt. Nos. 238, 241 (two motions for judicial notice).[6]

---

[6] As noted above, on May 29, 2024, Plaintiff responded to *Defendants' Request for Judicial Notice* in this case with an *Omnibus Response in Opposition to Defendants' Joint Motion for Judicial Notice*. *See* Dkt. No. 63. Not surprisingly, Plaintiff's Response is almost a word-for-word copy of *Plaintiffs' Omnibus Response in Opposition to Defendants' Second Joint Motion for Judicial Notice and Defendant Chevron's*

Plaintiff's litigation strategy appears to be to plagiarize from and ride the coattails of the earlier-filed *Bayamón* case. As discussed in detail in Defendants' Joint Motion to Dismiss for Failure to State a Claim, Dkt. 34, the Complaint is nearly a word-for-word copy of the initial complaint in the *Bayamón* case. *Compare* Dkt. No. 1 *with* Dkt. No. 1 in the Bayamón case. The Complaint includes identical typos, allegations that are irrelevant to non-class action complaints, cross-references that have not been updated, repeated references to Plaintiff as "Municipalities" (plural), references to unattached and unserved exhibits and attachments, apparent artifacts of an unreviewed PDF-to-Text transcription, and approximately 325 citations to webpages that were "last visited" on November 14 or 15, 2022—more than one year before this case was filed (but just prior to the filing of the *Bayamón* case). *See* Dkt. No. 34, Defs.' Joint Motion to Dismiss at 1 & n.1 (citing examples). Plaintiff's Motion for Leave, Dkt. No. 52, and its Motion for Extension of Time, Dkt. No. 42, strongly suggest Plaintiff intends to continue to plagiarize its submissions from the *Bayamón* plaintiffs. Plaintiff requested an extension of time so that its oppositions will be due after those in the Bayamón case, Dkt. No. 42, ¶ 4, and an expansion of the page limits to match the late changes for those oppositions, Dkt. No. 52.

This sort of conduct is unethical and prohibited under the rules of this Court. *See* L. Civ. R. 83E (requiring compliance with ABA rules of professional conduct); *Romero-Barceló v. Acevedo-Vilá*, 275 F. Supp. 2d 177, 190 (D.P.R. 2003) (applying older version of local rules); ABA Model Rule 8.4(c) ("It is professional misconduct for a lawyer to: . . . engage in conduct involving dishonesty, fraud, deceit or misrepresentation."). Courts in this District have found that motions which plagiarize *judicial opinions* violate this rule and are sanctionable because they are

---

*Motion for Judicial Notice* in the Bayamón case. *Compare* Dkt. No. 63 *with* Dkt. No. 282 in the Bayamón case.

"dishonest." *E.g.*, *Rosselló v. Avon Prod., Inc.*, No. CIV. 14-1815, 2015 WL 5693018, at *2 n.4 (D.P.R. Sept. 28, 2015); *Ramírez Lluveras v. Pagán Cruz*, No. CIV 08-1486, 2010 WL 11679649, at *4 n.5 (D.P.R. Aug. 5, 2010) (warning that plagiarism is often "deceit under many codes of attorney ethics"); *Alamo v. Commonwealth of Puerto Rico*, No. CIV. 05-1955, 2006 WL 1716422, at *3 (D.P.R. June 19, 2006) (similar); *Pagán Vélez v. Laboy Alvarado*, 145 F. Supp. 2d 146, 160–61 (D.P.R. 2001) (similar). Such conduct is all the more egregious where, as here, it involves passing off *another lawyer's work* as one's own, and even worse still when the essential facts of a motion have not been updated to be relevant to the motion at hand. *See Stilp v. Borough of W. Chester*, No. CV 21-3989, 2022 WL 10208256, at *2 (E.D. Pa. Oct. 17, 2022) (applying an equivalent rule of professional conduct); *see also In re Mundie*, 453 Fed. Appx. 9, 12 (2d Cir. 2011) (noting similar extensive copying raises the issue of "whether [counsel] violated his duties to his client and the Court"); *Lohan v. Perez*, 924 F. Supp. 2d 447, 460 (E.D.N.Y. 2013) (finding plagiarism "unacceptable and . . . sanctionable pursuant to [the Court's] inherent powers.").

Because Plaintiff's counsel appears to have plagiarized the Motion for Leave in its entirety, the motion should be denied.[7]

**WHEREFORE**, the undersigned Defendants respectfully request that this Honorable Court (1) deem the Motions to Dismiss unopposed and grant them for the reasons set forth therein or, (2) in the alternative, deny Plaintiff's *Motion for Leave to File Omnibus Oppositions to Defendants' Motions to Dismiss*, Dkt. No. 52.

---

[7] The Court has inherent power to punish plagiarism. *See Pagán Vélez*, 145 F. Supp. 2d at 160. It is well established that "the inherent power of the court to manage its affairs necessarily includes the authority to impose reasonable and appropriate sanctions upon errant lawyers practicing before it." *Ramos Colón v. U.S. Atty. for Dist. of Puerto Rico*, 576 F.2d 1, 3 (1st Cir. 1978) (quoting *Flaksa v. Little River Marine Const. Co.*, 389 F.2d 885, 888 (5th Cir. 1968)). If the Court has any question that the plagiarism strategy reflects a lack of independent pre-suit investigation by Plaintiff's counsel, the Court should issue an Order to Show Cause directed to Plaintiff to demonstrate the sufficiency and good faith of its investigation, as required by the applicable rules and legal canons.

**RESPECTFULLY SUBMITTED**

In San Juan, Puerto Rico, this 6th day of June 2024.

By: *s/Roberto C. Quiñones-Rivera*
Roberto C. Quiñones-Rivera
USDC-PR Bar No. 211512
Eduardo A. Zayas-Marxuach
USDC-PR Bar No. 216112
Myrgia M. Palacios-Cabrera
USDC-PR Bar No. 230807
McConnell Valdés LLC
P.O. Box 364225
San Juan, PR 00936-4225
Telephone: 787-250-2631
Facsimile: 787-474-9201
Email: rcq@mcvpr.com
Email: ezm@mcvpr.com
Email: mpc@mcvpr.com

Theodore J. Boutrous, Jr. (*pro hac vice*)
William E. Thomson (*pro hac vice*)
Joshua D. Dick (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 229-7000
Email: tboutrous@gibsondunn.com
Email: wthomson@gibsondunn.com
Email: jdick@gibsondunn.com

Thomas G. Hungar (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue NW
Washington, D.C. 20036
Telephone: (202) 887-3784
Email: thungar@gibsondunn.com

Neal S. Manne (*pro hac vice* forthcoming)
Erica Harris (*pro hac vice* forthcoming)
SUSMAN GODFREY LLP
1000 Louisiana, Suite 5100
Houston, TX 77002
Telephone: 713.651.9366
Facsimile: 713.654.6666
Email: nmanne@susmangodfrey.com

Email: eharris@susmangodfrey.com

*Attorneys for Defendant CHEVRON CORPORATION*

By: *s/ Néstor M. Méndez Gómez*
Néstor M. Méndez Gómez
USDC-PR Bar No. 118409
*s/ María D. Trelles Hernández*
María D. Trelles Hernández
USDC-PR Bar No. 225106
PIETRANTONI MENDEZ & ALVAREZ LLC
Popular Center, 19th Floor
208 Ponce de León Ave.
San Juan, Puerto Rico 00918
Telephone: (787) 274-1212
Facsimile: (787) 274-1470
Email: nmendez@pmalaw.com
Email: mtrelles@pmalaw.com

Theodore V. Wells, Jr. (*Pro Hac Vice*)
Daniel J. Toal (*Pro Hac Vice*)
Yahonnes Cleary (*Pro Hac Vice*)
Caitlin E. Grusauskas (*Pro Hac Vice*)
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019-6064
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
Email: twells@paulweiss.com
Email: dtoal@paulweiss.com
Email: ycleary@paulweiss.com
Email: cgrusauskas@paulweiss.com

*Attorneys for Defendant EXXON MOBIL CORPORATION*

By: *s/Kenneth C. Suria*
Kenneth C. Suria
USDC-PR Bar No. 213302
ESTRELLA, LLC
P.O. Box 9023596
San Juan, Puerto Rico 00902-3596

Telephone: (787) 977-5050
Facsimile: (787) 977-5090
E-mail:  kcsuria@estrellallc.com

Tracie J. Renfroe (*pro hac vice*)
KING & SPALDING LLP
1100 Louisiana, Suite 4100
Houston, TX 77002
Telephone:  (713) 751-3200
Facsimile:  (713) 751-3290
E-mail:  trenfroe@kslaw.com

Oliver Thoma (*pro hac vice*)
West, Webb, Allbritton & Gentry, P.C.
1515 Emerald Plaza
College Station, Texas 77845
Ph: (979) 694-7000
Fax: (979) 694-8000
Email: oliver.thoma@westwebblaw.com

*Attorneys for Defendant*
*MOTIVA ENTERPRISES LLC*


By:  *s/Heriberto J. Burgos*
Heriberto J. Burgos-Pérez
USDC-PR No. 204809
Ricardo F. Casellas Sánchez
USDC-PR No. 203114
CASELLAS ALCOVER & BURGOS, P.S.C.
2 Tabonuco, Suite 400
San Patricio, PR 00968
Telephone: (787) 756-1400
Facsimile: (787) 756-1401
Email: hburgos@cabprlaw.com
Email: rcasellas@cabprlaw.com

Matthew T. Martens (*pro hac vice*)
Ericka Aiken (*pro hac vice*)
WILMER CUTLER PICKERING HALE
 AND DORR LLP
2100 Pennsylvania Avenue, N.W.
Washington, D.C. 20037
Telephone: (202) 663-6000
Facsimile: (202) 663-6363
Email: matthew.martens@wilmerhale.com

Email: ericka.aiken@wilmerhale.com

Hallie B. Levin *(pro hac vice)*
WILMER CUTLER PICKERING HALE
 AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: (212) 230-8800
Facsimile: (212) 230-8888
Email: hallie.levin@wilmerhale.com

Robert Kingsley Smith (*pro hac vice*)
WILMER CUTLER PICKERING HALE
 AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: 617-526-6000
Facsimile: 617-526-5000
Email: robert.smith@wilmerhale.com

*Attorneys for Defendant ConocoPhillips*

## CERTIFICATE OF SERVICE

I hereby certify that, on the above date, I filed this document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel record who are CM/ECF system participants at their corresponding e-mail addresses.

By: *Roberto C. Quiñones-Rivera*
Roberto C. Quiñones-Rivera