**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

**THE MUNICIPALITY OF SAN JUAN PUERTO RICO**,

*Plaintiff*,

v.

**EXXON MOBIL CORP. et al.**,

*Defendants.*

Case No. 3:23-cv-01608-ADC

**DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S**
***RACKETEERING CASE STATEMENT* (DKT. NO. 76)**

TO THE HONORABLE COURT:

COME NOW the undersigned Defendants Chevron Corporation, Exxon Mobil Corporation, Motiva Enterprises LLC, and ConocoPhillips, through their respective counsel, and hereby request that Plaintiff's *Racketeering Case Statement* (the "RICO Case Statement," Dkt. No. 76) be stricken from the record. In support of this motion, the undersigned Defendants state and pray as follows:

1. As detailed in Defendants' *Opposition to Motion Requesting Leave for Plaintiff to File Instanter (Dkt. No. 71)* and *Motion to Strike Plaintiff's Responses (Dkt. Nos. 72-73) to Defendants' Motions to Dismiss* (the "Opposition to Instanter Motion," Dkt. No. 75), since April, Plaintiff has made multiple inconsistent attempts to remedy its failure to timely oppose Defendants' Motions to Dismiss.[1] *See* Opposition to Instanter Motion at 1-6. Plaintiff has never

[1] Defendants refer collectively to their motions to dismiss as the "Motions to Dismiss." *See* Dkt. Nos. 28, 30, 31, 32, 34, 36, 37, 39.

offered any valid excuse justifying its failure to timely oppose the Motions to Dismiss. Accordingly, Defendants have moved to strike Plaintiff's purported Responses to the Motions to Dismiss and requested that the Motions to Dismiss be deemed unopposed and granted. Plaintiff's Responses were filed late, without excusable neglect and without leave of Court, and plagiarize papers filed by other plaintiffs in another case. *See id*.; *see also Defendants' Motion to Deem Motions to Dismiss and Related Motions Unopposed* (Dkt. No. 41); *Defendants' (1) Second Request to Deem Motions to Dismiss and Related Motions Unopposed, or (2) in the Alternative, Opposition to Plaintiff's Motion for Leave to File Omnibus Oppositions to Defendants' Motions to Dismiss* (Dkt. No. 67).[2]

2. On June 25, 2024, Plaintiff submitted a purported *Racketeering Case Statement* (the "RICO Statement," Dkt. No. 76). The RICO Statement is yet another belated and improper filing. Like the Responses, Plaintiff's RICO Statement was filed late, without excusable neglect and without leave of Court, and it plagiarizes the Amended Racketeering Case Statement filed in *Municipality of Bayamón et al. v. Exxon Mobil Corporation et al.*, Civil No. 22-1550 (SCC-HRV) (the "Bayamón case"). Like the Responses, it should be stricken from the record.

3. The purpose of RICO case statements is to "adduce the specifics that underlie general claims of RICO misconduct." *O'Ferral v. Trebol Motors Corp.,* 45 F.3d 561, 562 (1st Cir. 1995). Thus, they are intended to elicit in detail the facts on which plaintiff relied to institute the RICO claims as a result of the "reasonable inquiry" required by Federal Rule of Civil Procedure

[2] By its Instanter Motion, Plaintiff sought leave of Court to file its untimely Responses to the Motions to Dismiss. *See* Dkt. No. 71. However, absent leave of Court to file the Responses, Plaintiff should have tendered them as attachments to its Instanter Motion, rather than as separate docket entries. Further, absent leave to file the Responses, the time to reply thereto has not begun to run. *See* L. Civ. R. 7(c) (which presupposes that the opposition to a motion was timely filed under L. Civ. R. 7(b) in order for the seven-day period to reply to start to run).

11. *See, e.g.*, Standing Order, Matter No. 12-mc-547 (JAG), U.S. District Court for the District of Puerto Rico (copy attached hereto as Exhibit A); *Home Orthopedics Corp. v. Rodriguez*, No. CV 11-1591 (DRD), 2011 WL 13136281, at *1 (D.P.R. Aug. 23, 2011) (explaining that "the purpose of a RICO case statement is to enhance a vague complaint with additional details") (quoting *Delrio-Mocci v. Connolly Ptops. Inc.*, 2009 U.S. Dist. LEXIS 84459, at *7–8 (D.N.J. 2009)). As such, when concurrently filed with the complaint, they are viewed as extensions of a plaintiff's pleading. *See, e.g.*, *Miranda v. Ponce Federal Bank*, 948 F.2d 41, 44 n.3 (1st Cir. 1991) (treating the RICO case statement "as an extension of the amended complaint"); *Glessner v. Kenny*, 952 F.2d 702, 712 n.10 (3d Cir. 1991) ("Courts may consider the RICO case statement in assessing whether plaintiffs' RICO claims should be dismissed."), *overruled on other grounds by Jaguar Cars, Inc. v. Royal Oaks Motor Car Co.*, 46 F.3d 258 (3d Cir. 1995).

4. Here, Plaintiff plagiarized the *Amended Racketeering Case Statement* filed by the plaintiffs in the *Bayamón* case. *Compare* Dkt. No. 76 *with Bayamón case* Dkt. No. 206 (copy attached hereto as Exhibit B). Notably, Plaintiff's RICO Statement expressly refers to allegations that are not found in Plaintiff's Complaint as well as to parties that are not defendants in this case, such as the American Petroleum Institute. *Compare* Dkt. No. 1 *with Bayamón* case Dkt. 205.[3] As such, Plaintiff's RICO Statement is plainly *not* the product of any Rule 11 inquiry conducted by Plaintiff or its counsel prior to asserting the RICO claims in this case.

5. Because it is not the result of any investigation by Plaintiff or its counsel, the RICO Statement does not support Plaintiff's RICO claims and it cannot be considered an extension

[3] Notably, while the Plaintiff in this case copied the *original Complaint* filed in the Bayamón case, *see Bayamón case*, Dkt. No. 1, it copied the *Amended Racketeering Case Statement* filed in that case, *see id.* Dkt. No. 206, which in turn refers to the allegations in the *Amended Complaint* in that case, *see id.* Dkt. No. 205.

of Plaintiff's Complaint. If anything, that statement highlights Plaintiff's continued lack of diligence and blatant plagiarism.

6. Plaintiff's RICO Statement also should be stricken because the failure to file that statement in connection with the Complaint is both improper and highly prejudicial to the Defendants. Indeed, Plaintiff's RICO Statement was filed *nearly three months after Defendants filed their Motions to Dismiss*. Because Plaintiff copied the original *Complaint* in the *Bayamón* case, the Complaint in this case incorrectly refers to a prior "RICO Case Statement," Dkt. No. 1, ¶¶ 696-97, but no such thing exists in this case. Plaintiff never filed or served a RICO Case Statement before Defendants filed their Motions to Dismiss. The Motions to Dismiss noted this defect in Plaintiff's pleading. *See, e.g., Defendants' Joint Motion to Dismiss* (Dkt. No. 34) at 1 n.2, 17, 29, 33 & n.18. Thus, Plaintiff's late filing of the RICO Statement is not only improper, but also is highly prejudicial to Defendants. *Cf. Barrus v. Dick's Sporting Goods, Inc.*, 732 F. Supp. 2d 243, 259 (W.D.N.Y. 2010) (dismissing RICO complaint where plaintiff failed to timely file RICO case statement and made no showing the failure was due to excusable neglect and noting that "the failure to file a RICO statement . . . results in a lack of information to the Court and Defendants, with regard to the RICO allegations").

**WHEREFORE**, Defendants respectfully request that this Honorable Court enter an order striking Plaintiff's *Racketeering Case Statement*, Dkt. No. 76.

**RESPECTFULLY SUBMITTED**

In San Juan, Puerto Rico, this 11th day of July 2024.

By: *s/Roberto C. Quiñones-Rivera*
Roberto C. Quiñones-Rivera
USDC-PR Bar No. 211512
Eduardo A. Zayas-Marxuach
USDC-PR Bar No. 216112
Myrgia M. Palacios-Cabrera

USDC-PR Bar No. 230807
McConnell Valdés LLC
P.O. Box 364225
San Juan, PR 00936-4225
Telephone: 787-250-2631
Facsimile: 787-474-9201
Email: rcq@mcvpr.com
Email: ezm@mcvpr.com
Email: mpc@mcvpr.com

Theodore J. Boutrous, Jr. (*pro hac vice*)
William E. Thomson (*pro hac vice*)
Joshua D. Dick (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 229-7000
Email: tboutrous@gibsondunn.com
Email: wthomson@gibsondunn.com
Email: jdick@gibsondunn.com

Thomas G. Hungar (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue NW
Washington, D.C. 20036
Telephone: (202) 887-3784
Email: thungar@gibsondunn.com

Neal S. Manne (*pro hac vice* forthcoming)
Erica Harris (*pro hac vice* forthcoming)
SUSMAN GODFREY LLP
1000 Louisiana, Suite 5100
Houston, TX 77002
Telephone: 713.651.9366
Facsimile: 713.654.6666
Email: nmanne@susmangodfrey.com
Email: eharris@susmangodfrey.com

*Attorneys for Defendant CHEVRON CORPORATION*

By: *s/ Néstor M. Méndez Gómez*
Néstor M. Méndez Gómez
USDC-PR Bar No. 118409

*s/ María D. Trelles Hernández*
María D. Trelles Hernández
USDC-PR Bar No. 225106
PIETRANTONI MENDEZ & ALVAREZ LLC
Popular Center, 19th Floor
208 Ponce de León Ave.
San Juan, Puerto Rico 00918
Telephone: (787) 274-1212
Facsimile: (787) 274-1470
Email: nmendez@pmalaw.com
Email: mtrelles@pmalaw.com

Theodore V. Wells, Jr. (*pro hac vice*)
Daniel J. Toal (*pro hac vice*)
Yahonnes Cleary (*pro hac vice*)
Caitlin E. Grusauskas (*pro hac vice*)
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019-6064
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
Email: twells@paulweiss.com
Email: dtoal@paulweiss.com
Email: ycleary@paulweiss.com
Email: cgrusauskas@paulweiss.com

*Attorneys for Defendant EXXON MOBIL CORPORATION*

By: *s/Kenneth C. Suria*
Kenneth C. Suria
USDC-PR Bar No. 213302
ESTRELLA, LLC
P.O. Box 9023596
San Juan, Puerto Rico 00902-3596
Telephone: (787) 977-5050
Facsimile: (787) 977-5090
E-mail: kcsuria@estrellallc.com

Tracie J. Renfroe (*pro hac vice*)
KING & SPALDING LLP
1100 Louisiana, Suite 4100
Houston, TX 77002
Telephone: (713) 751-3200

Facsimile: (713) 751-3290
E-mail: trenfroe@kslaw.com

Oliver Thoma (*pro hac vice*)
West, Webb, Allbritton & Gentry, P.C.
1515 Emerald Plaza
College Station, Texas 77845
Ph: (979) 694-7000
Fax: (979) 694-8000
Email: oliver.thoma@westwebblaw.com

*Attorneys for Defendant*
*MOTIVA ENTERPRISES LLC*

By: *s/Heriberto J. Burgos*
Heriberto J. Burgos-Pérez
USDC-PR No. 204809
Ricardo F. Casellas Sánchez
USDC-PR No. 203114
CASELLAS ALCOVER & BURGOS, P.S.C.
2 Tabonuco, Suite 400
San Patricio, PR 00968
Telephone: (787) 756-1400
Facsimile: (787) 756-1401
Email: hburgos@cabprlaw.com
Email: rcasellas@cabprlaw.com

Matthew T. Martens (*pro hac vice*)
Ericka Aiken (*pro hac vice*)
WILMER CUTLER PICKERING HALE
AND DORR LLP
2100 Pennsylvania Avenue, N.W.
Washington, D.C. 20037
Telephone: (202) 663-6000
Facsimile: (202) 663-6363
Email: matthew.martens@wilmerhale.com
Email: ericka.aiken@wilmerhale.com

Hallie B. Levin *(pro hac vice)*
WILMER CUTLER PICKERING HALE
AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: (212) 230-8800

Facsimile: (212) 230-8888
Email: hallie.levin@wilmerhale.com

Robert Kingsley Smith (*pro hac vice*)
WILMER CUTLER PICKERING HALE
AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: 617-526-6000
Facsimile: 617-526-5000
Email: robert.smith@wilmerhale.com

*Attorneys for Defendant ConocoPhillips*

**CERTIFICATE OF SERVICE**

I hereby certify that, on the above date, I filed this document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel record who are CM/ECF system participants at their corresponding e-mail addresses.

By: *Roberto C. Quiñones-Rivera*
Roberto C. Quiñones-Rivera