**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| MUNICIPALITY OF SAN JUAN, | Case No. 3:23-cv-01608-ADC |
| *Plaintiff*, | |
| v. | |
| EXXON MOBIL CORP., ET AL., | |
| *Defendants*. | |

**FOREIGN DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE
TO FILE OMNIBUS OPPOSITION BRIEFS AND CROSS-MOTION FOR LEAVE TO
FILE REPLY BRIEFS IN SUPPORT OF THEIR MOTIONS TO DISMISS**

**TO THE HONORABLE COURT:**

    **COME NOW** Defendants BHP Group Limited ("BHP"), BP p.l.c. ("BP"), and Shell plc

("Shell") (collectively, "Foreign Defendants"), through their respective counsel, and respectfully

state and request as follows:

**BACKGROUND**

    On November 21, 2024, Foreign Defendants filed the following joint and individual

motions (collectively, "Foreign Defendants' Motions to Dismiss"):

        a.  *Foreign Defendants' Joint Motion to Dismiss* (Dkt. 119)

        b.  *Shell plc's Motion to Dismiss* (Dkt. 120)

        c.  *BP p.l.c.'s Motion to Dismiss* (Dkt. 121)

        d.  *BHP Group Limited's Motion to Dismiss for Failure to State a Claim* (Dkt. 122)

        e.  *BHP Group Limited's Motion to Dismiss for Lack of Jurisdiction* (Dkt. 123)

    Plaintiff's oppositions, if any, to the Foreign Defendants' Motions to Dismiss were due

on December 5, 2024.  *See* L. Civ. R. 7(b).  On December 4, 2024, without first conferring with

Foreign Defendants, Plaintiff filed its *Motion for Leave to File Omnibus Oppositions to Defendants' Motions to Dismiss and for Extension of Time* (Dkt. 126) ("Motion for Leave"). That document seeks a "thirty-day extension to appropriately respond to Defendants' dispositive motions." *Id.* at 4. It also requests leave to file omnibus responses to Foreign Defendants' motions to dismiss, rather than individualized responses to each of the Foreign Defendants' individual motions. *Id.* at 2-3.

Plaintiff's request to file omnibus oppositions to Foreign Defendants' motions to dismiss closely resembles its prior request to file omnibus oppositions to the domestic defendants' motions to dismiss. *See Motion for Leave to File Document Omnibus Oppositions to Defendants' Motions to Dismiss* (Dkt. 52). The domestic defendants opposed Plaintiff's request, *see* Dkts. 67, 68, and Plaintiff's motion remains pending before this Court. Despite the Court not having ruled on that motion, Plaintiff awarded itself the very relief it requested and filed omnibus oppositions to the domestic defendants' motions to dismiss, without leave from the Court to do so. *See Plaintiff's Omnibus Response in Opposition to Defendants' Motions to Dismiss for Failure to State a Claim* (Dkt. 72); *Plaintiff Municipality of San Juan's Response to Defendants' Motions to Dismiss for Lack of Personal Jurisdiction* (Dkt. 73). Plaintiff has already helped itself to this relief *sua sponte* once, and accordingly, this Court should promptly deny this second request for omnibus opposition briefing.

Additionally, as explained below, the Foreign Defendants respectfully request leave to file Reply briefs in support of their Motions to Dismiss.

**ARGUMENT**

## I.    THIS COURT SHOULD DENY PLAINTIFF'S REQUEST FOR OMNIBUS BRIEFING

Foreign Defendants oppose Plaintiff's request for leave to file omnibus opposition briefs, and this Court should deny Plaintiff's request as set forth in its Motion for Leave.  As shown below, allowing Plaintiff to file omnibus responses to Foreign Defendants' Rule 12(b)(2) and 12(b)(6) motions to dismiss would only exacerbate the problems inherent in Plaintiff's improper group pleading strategy and would burden the Court and Defendants with having to sift through Plaintiff's "omnibus" oppositions to determine which arguments—if any—pertain to which Defendant-specific Motion to Dismiss.

Allowing Plaintiff to file omnibus oppositions to the Foreign-Defendant-specific Motions to Dismiss would obscure the Foreign Defendants' individualized arguments.  The Foreign-Defendant-specific Motions to Dismiss focus on the Complaint's improper reliance on group pleading and failure to make Defendant-specific allegations.  For example, Shell's 12(b)(6) Motion to Dismiss argues that the Complaint's sparse allegations regarding Shell are insufficient to state a claim. *See* Dkt. 120.  Plaintiff should be required to respond to each Foreign Defendant's individualized arguments about pleading failures specific to that Foreign Defendant.

Permitting Plaintiff to file omnibus oppositions to the Foreign-Defendant-specific Motions to Dismiss would enable Plaintiff to double down on its improper group pleading strategy.  In deciding a motion to dismiss, the court "must determine whether, *as to each defendant*, a plaintiff's pleadings are sufficient to state a claim on which relief can be granted." *Sánchez v. Pereira-Castillo*, 590 F.3d 31, 48 (1st Cir. 2009).  Accordingly, Plaintiff has "the burden 'to allege facts linking each defendant to the grounds on which that particular defendant is potentially liable.'" *Rivera-Nazario v. Corporación del Fondo del Seguro del EstadoW*, 2015

WL 5254417, at *15 (D.P.R. Sept. 9, 2015) (quoting *Redondo Waste Sys., Inc. v. López-Freytes*, 659 F.3d 136, 140 (1st Cir. 2011)). *See also Sires v. Hefferman*, 2011 WL 2516093, at *5 (D. Mass. June 21, 2011) ("[A] plaintiff cannot 'lump' defendants together when it cannot be reasonably inferred that all of the defendants were involved in the alleged misconduct, or it is otherwise not clear to which defendant or defendants the plaintiff is referring.").

Foreign Defendants filed the Foreign-Defendant-specific Motions to Dismiss, in part, to demonstrate and highlight Plaintiff's failure to allege a plausible claim for relief as to each Foreign Defendant. Granting Plaintiff leave to file omnibus oppositions would allow Plaintiff to evade these Defendant-specific arguments.

Omnibus opposition briefing also would be unfair to Foreign Defendants and unduly burdensome to Foreign Defendants and the Court. Foreign Defendants and the Court would have to sift through Plaintiff's omnibus oppositions to locate any arguments that pertain to each Foreign-Defendant-specific Motion to Dismiss. Take Shell's Rule 12(b)(6) Motion to Dismiss, for example. Under the standard procedure, the Court would analyze Shell's Motion and arguments for dismissal, then read Plaintiffs' opposition, and then Shell's reply. Under Plaintiff's proposal, however, the Court would need to review Shell's Motion, and then search the "omnibus" opposition, find the arguments—if any—arguably related to Shell's Motion (likely spread across the proposed 85-page brief), consolidate and consider those arguments, and then review Shell's reply. And the Court would need to repeat this process for each Foreign-Defendant-specific Motion to Dismiss. That is the exact opposite of efficiency.[1]

---

[1] Although the Bayamón court granted a similar request for consolidated opposition briefing, it ordered that the "omnibus oppositions clearly identify the specific Defendant motion being addressed in each section and avoid to the extent possible incorporating by reference other sections of their brief," Dkt. 277, *Bayamón v. Exxon Mobil Corp.*, No. 3:22-cv-01550 (D.P.R.), which Plaintiffs were unable to do within the stipulated 85 pages, *see id.*, Dkt. 279.

The cases cited by Plaintiff do not support its position.  For example, in *Correa-Figueroa v. Pesquera*, 2014 WL 4827427 (D.P.R. Sept. 29, 2014), the Court never granted the motion for leave to file an omnibus opposition; in any event, the omnibus opposition was just seven pages.  *See* Pl.'s Omnibus Resp. in Opp'n to Defs.' Mot. to Dismiss, Dkt. 71, No. 12-cv-1149 (D.P.R. Dec. 26, 2013).  Similarly, in *Camacho Ortiz v. Municipio de San Juan*, 2021 WL 1202839 (D.P.R. Mar. 29, 2021), leave was never given, and the omnibus opposition was only 17 pages.  *See* Pl.'s Resp. in Opp'n to Mots., Dkt. 72, No. 3:19-cv-1671 (D.P.R. July 13, 2020).  And although courts sometimes grant leave to file omnibus oppositions, there is no presumption in favor of omnibus oppositions.

Finally, the Court should deny Plaintiff's motion because, as demonstrated by Plaintiff's prior actions, Plaintiff will help itself to the relief it has requested if the Court does not deny this motion.  Plaintiff's motion for leave to file omnibus oppositions to the domestic defendants' motions to dismiss, Dkt. 52, is still pending before this Court, and yet, Plaintiff has already filed omnibus oppositions to the domestic defendants' motions to dismiss.  *See* Dkts. 72, 73.  Plaintiff is likely to employ the same strategy here and file omnibus oppositions to the Foreign Defendants' motions to dismiss if the Court does not step in and actively deny Plaintiff the requested relief.

Plaintiff made the decision to sue multiple Defendants, including the late-served Foreign Defendants.  It should not be allowed to avoid filing Foreign-Defendant-specific oppositions to those Foreign-Defendant-specific Motions to Dismiss.

**II.    THIS COURT SHOULD GRANT FOREIGN DEFENDANTS LEAVE TO FILE REPLY BRIEFS IN SUPPORT OF THEIR MOTIONS TO DISMISS**

Foreign Defendants take no position on Plaintiff's request for a thirty-day extension to file its oppositions to the Foreign Defendants' Motions to Dismiss and respectfully request leave to file Reply briefs in support of those Motions to Dismiss.

While Foreign Defendants take no position on Plaintiff's request for a thirty-day extension to file its opposition briefs, *see* L. Civ. R. 6, the Court should grant Foreign Defendants leave to file Reply briefs in support of their Motions to Dismiss, *see* L. Civ. R. 7(c). Foreign Defendants respectfully request that the deadline for those Reply briefs should be 45 days after resolution of other Defendants' pending motions to deem their Motions to Dismiss unopposed (Dkts. 41, 67), which will enable all remaining defendants in the case to coordinate their Reply briefs.  In the alternative, the Court should grant Foreign Defendants 45 days following the filing of Plaintiff's opposition briefs to file their Reply briefs in support of their Motions to Dismiss.

**WHEREFORE,** Foreign Defendants respectfully request that this Honorable Court (1) deny Plaintiff's request for omnibus opposition briefing as set forth in *Plaintiff's Motion for Leave to File Omnibus Oppositions to Defendants' Motions to Dismiss and for Extension of Time* (Dkt. 126) and (2) grant Foreign Defendants leave to file Reply briefs within 45 days of the Court's resolution of other Defendants' pending motions to deem their Motions to Dismiss unopposed (Dkts. 41, 67) or, in the alternative, 45 days after Plaintiff files its opposition briefs.

In San Juan, Puerto Rico, on this 16th day of December 2024.

Respectfully submitted,

By: */s/* Carlos A. Valldejuly
Carlos A. Valldejuly (USDC No. 209505)
José J. Colón García (USDC No. 308010)
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Avenue, Suite 800
San Juan, Puerto Rico 00918-1813
Tel.: (787) 764-8181
Fax: (787) 753-8944
carlos.valldejuly@oneillborges.com
jose.colon@oneillborges.com

David C. Frederick (*pro hac vice pending*)
James M. Webster, III (*pro hac vice pending*)
Daniel S. Severson (*pro hac vice pending*)
Grace W. Knofczynski (*pro hac vice pending*)
**KELLOGG, HANSEN, TODD, FIGEL**
  **& FREDERICK, P.L.L.C.**
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Tel.: (202) 326-7900
Fax: (202) 326-7999
dfrederick@kellogghansen.com
jwebster@kellogghansen.com
dseverson@kellogghansen.com
gknofczynski@kellogghansen.com

*Counsel for Defendant*
*Shell plc (f/k/a Royal Dutch Shell plc)*

By: */s/ Carlos A. Rodriguez-Vidal*
Carlos A. Rodriguez-Vidal (USDC No. 201213)
**GOLDMAN ANTONETTI**
  **& CORDOVA, LLC**
American International Plaza
250 Muñoz Rivera Avenue, Suite 1500
San Juan, Puerto Rico 00918
Tel.: (787) 759-4117
Fax: (787) 767-9333
crodriguez-vidal@gaclaw.com

Victor L. Hou (*pro hac vice*)
Boaz S. Morag (*pro hac vice*)
**CLEARY GOTTLIEB STEEN**
  **& HAMILTON LLP**
One Liberty Plaza

New York, NY 10006
Tel.: (212) 225-2000
Fax: (212) 225-3159
vhou@cgsh.com
bmorag@cgsh.com

*Counsel for Defendant BHP Group Limited*

By:  */s/ Eric Pérez-Ochoa*
Eric Pérez-Ochoa (USDC No. 206314)
Luis A. Oliver-Fraticelli (USDC No. 209204)
Sharlene Malavé Vallines (USDC No. 227409)
**ADSUAR MUÑIZ GOYCO SEDA &
   PÉREZ-OCHOA, P.S.C.**
P.O. Box 70294
San Juan, Puerto Rico 00936-8294
Tel.: (787) 281-1813
Fax: (787) 756-9010
epo@amgprlaw.com
loliver@amgprlaw.com
smalave@amgprlaw.com

Diana E. Reiter (*pro hac vice pending*)
**ARNOLD & PORTER KAYE
   SCHOLER LLP**
250 West 55th Street
New York, NY 10019-9710
Tel.: (212) 836-8000
Fax: (212) 836-8689
diana.reiter@arnoldporter.com

John D. Lombardo (*pro hac vice pending*)
Sean Morris (*pro hac vice pending*)
**ARNOLD & PORTER KAYE
   SCHOLER LLP**
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017-5844
Tel.: (213) 243-4000
Fax: (213) 243-4199
john.lombardo@arnoldporter.com
sean.morris@arnoldporter.com

Jonathan W. Hughes (*pro hac vice pending*)
**ARNOLD & PORTER KAYE
   SCHOLER LLP**
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111-4024
Tel.: (415) 471-3156

Fax: (415) 471-3400
jonathan.hughes@arnoldporter.com

*Counsel for Defendant BP p.l.c.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that, on December 16, 2024 the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which automatically sent notification to all parties of record.

*/s/ Carlos A. Valldejuly*
Carlos A. Valldejuly

**O'NEILL & BORGES LLC**

*Counsel for Defendant*
*Shell plc (f/k/a Royal Dutch Shell plc)*
