IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| THE MUNICIPALITY OF SAN JUAN<br><br>Plaintiff<br><br>v.<br><br>EXXON MOBIL CORP. et als.,<br><br>Defendants | CIVIL NO.: 23-cv-01608-ADC |

# RESPONSE IN COMPLIANCE WITH ORDER TO SHOW CAUSE

## TO THE HONORABLE COURT:

David Efron, attorney for Plaintiff, very respectfully states and prays as follows:

### INTRODUCTION

In its opinion and order of April 9, 2025, at docket entry 167, this Honorable Court instructed the undersigned to show cause why he should not be monetarily sanctioned for untimely filings and lack of diligence. Although the finding on the matter of plagiarism is referred to the Chief Judge, in order to maintain uniformity in one document and in order to make reference to our retained ethics Expert's report included here as Exhibit I, we discuss all the issues in docket entry 167, as our Expert's report does.

### RELEVANT BACKGROUND

The undersigned collaborates with plaintiffs' lawyers in the original sister case of Municipality of Bayamón, 22-cv-01550-SCC, and said lawyers are aware that we are using their materials in great measure to respond to motions that are filed in our case that are similar motions of what it is being filed in their case.

1

This Honorable Court has correctly raised why a separate case was filed by the Municipality of San Juan, and this was because since the Bayamón case was filed over a year earlier, we did not want to delay the proceedings in that earlier case that was already advanced with dispositive motions, responses and other filings, while the Municipality of San Juan was about to file its own complaint. It was so obvious to all that we were using plaintiffs' motions in the other case to respond to identical motions by the defendants in both cases that we did not attribute the original motions to plaintiffs' attorneys in the other, original case, which we are now doing and will continue to do from this point forward when applicable. What is very clear as to both cases is that the claim, causes of action, applicable case law, issues and defenses raised in both of these cases by the same parties are identical and practically forces the parties in both cases to have uniformity in their defenses for each of these cases so as to not contradict each other's positions or place the cases at risk of having a different result as being misconstrued. So clearly similar are these cases that this Honorable Court itself has been entertaining consolidating both cases since at least docket entry 64, eleven months ago. [1]

### THE SITUATION WITH THE CONTINUOUS EMAILS AND SERVICE OF PROCESS

This Court seems to believe that the undersigned incurred in misconduct by not responding immediately to continuous, sometimes more than daily, emails and calls that we were being swamped with, precisely during a period where we were out of our offices trying a jury case. Allow us to explain why we don't agree, as any delay or oversight here

---

[1] The numerous dispositive motions that are pending before this Court have already been addressed in the Bayamón case in a Report and Recommendation of 93 pages, included in this case at our docket 156 in which the same identical, dispositive motions in the original case are addressed. This alone (assuming the Report and Recommendation is adopted) operates even more towards consolidation of both cases in order to avoid contradictory rulings on the same issues in similar cases in the same district and in addition not waste the valuable resources of this Court unnecessarily.

2

does not rise to a level of misconduct, much less intentional. Additionally, there was no Order from the court that we disobeyed in any way.

Shortly upon beginning to serve process, allegedly starting on January 4, 2024, the Court references emails from a Joshua Dick. Mr. Dick was not and to this day does not appear to be an attorney in this case, for which we chose to speak to attorney Quiñones at McConnell, who was an attorney of record in the case, beginning the day after Mr. Dick's subsequent communication, January 9, 2024. Attorney Quiñones' communications were generally promptly responded to; as an example, his email of January 11, 2024 was responded to the same day, a second email from him that same day I answered on the second business day afterwards, January 15. Two days later defendants filed a motion that we agreed and acquiesced to for the Court to grant them an extension of time at docket entry 5.

In February and March, despite being mostly out of the office, every communication by attorney Quiñones was answered within one or two business days. The ones of February 29, and March 19th were answered the same day, the exception was when defendants were waiting for us to advise when the services of process were completed in foreign countries, for which we took eight business days because we had no response from the foreign process servers as to when that would be completed.[2] We sincerely understood that when this issue first came up, much of this had been explained and complied with in our docket entry 98, with which last September 2024 plaintiff submitted some pertinent communications between the parties as per Order at docket entry 89.

---

[2] Service of process on some of the foreign defendants was not simple, as these defendants were based in foreign countries and were not cooperating in being served, utilizing every country's specific requirement to, in our view, avoid or delay being served. After spending thousands of dollars, with foreign process servers over which we have no control or relationship with, foreign defendants were eventually served.

Numerous phone calls to several of defendants' lawyers had also been personally returned efficiently.

On another note, we realized that we filed our extension of time on April 30, 2024 docket entry 42, to oppose the dispositive motions, six business days late, and the Court, in its generous discretion, granted the same. [3]

As to the RICO statement issue, plaintiff filed the same to give defendants a gratuitous idea of where we stand on our RICO claim, although we are aware that this particular Court does not require a separate RICO statement to be filed with the Court, as some of the other courts do.

## DOUBLE STANDARD

We cannot ignore the fact that if it is true that plaintiff's motions in this case are similar to those of plaintiffs in the Bayamón case, but exactly the same is true as to the dispositive motions for the defendants in both of the cases.

As an example, our defendant's docket entry 31 in this case is exactly the same as docket entry 184 in the Bayamón case, our docket entry number 32 corresponds to a copy of docket entry 193 in the Bayamón case, docket entry 34 here is identical for the most part from page 2 on to docket entries 185 and 235 in the Bayamón case (See Exhibit II, A, B and C, in block, to physically compare some of these motions, only the header differs).[4]

---

[3] The undersigned is not a bare bones operation, and we have one experienced lawyer and a law clerk assigned to oversee this case with us. However, from this point forward, the undersigned will be adding more eyes and filters to this case to make sure that in the future we don't run into any further inconsistencies.

[4] Although it is understandable and only logical that the parties in the same case use materials and information on exactly the same issues from the older case, in defendants' case there's an additional element to consider, which is if the defendants are double billing those clients for the same work in each one of the cases, which plaintiff is clearly not, and if the clients are aware of this situation.

4

## THE ALLEGATION OF PLAGIARISM HERE MUST FAIL

Model Rule of Professional Conduct 8.4(C) does not, and no other disciplinary rule in general, specifically prohibits plagiarism. This Court's analogy with a law school situation (or other educational institution) which has specific rules prohibiting plagiarism is an ill placed example and is not a fair analogy here.

Professor Arnold Rosenfeld in his opinion in this case, submitted as Exhibit I at pages 4, 5 and 6, specifically addresses this issue, and opines that plagiarism here does not constitute attorney misconduct.

Academics have opined on this subject. Professor Peter A. Joy, Henry Hitchcock Professor of Law and Co-Director of the Criminal Justice Clinic of Washington University School of Law in St. Louis, Missouri, and Professor Kevin C. McMunigal, Judge Ben C. Green Professor at Case Western Reserve School of Law in Cleveland, Ohio, stated in their article *"The Problem of Plagiarism as an Ethics Offense"* the following:

> Plagiarism as a potential pitfall does not burn brightly on the ethical radar screens of litigating lawyers. They are likely to view plagiarism as a species of offense peculiar to academia and the publishing world, not litigation filings. A recent disciplinary case from Iowa, though, demonstrates that judges and ethics authorities do discipline lawyers for what they label as plagiarism in connection with court filings. In this column, we question the practices of labeling attorney copying, even without acknowledgement, as plagiarism, and treating it as a per se ethics violation. We argue, instead, that analysis of copying in the context of litigation should focus directly on the quality of filing at issue and the competence and diligence of the lawyer who prepared it.
>
> Peter A. Joy, and Kevin C. McMunigal, *The Problems of Plagiarism as an Ethics Offense* (2011), Washington University in St. Louis Legal Studies Research Paper No. 12-05-13, available at https://ssrn.com/abstract=2067694.

Professors Joy and McMunigal argue that all, or almost all, lawyers and judges copy and/or paste the work of others --- the work of associates, the work of law clerks --- without repercussion or recrimination. *Id.* None dare call that plagiarism. They argue, as

5

Counsel argued here, that since form books exist, as do form files, PACER/ECF, and Westlaw©[3] and Lexis©, [*380] there is no plagiarism. This is even more so in this new world of Artificial Intelligence in the law.

This issue will be further visited with Chief Judge Arias in a separate proceeding, pursuant to the prior order of this Court.

**WHEREFORE**, the undersigned attorney respectfully requests that this Honorable Court find that he has complied with the order to show cause and, while certainly recognizing the inherent power that the Court has to sanction any attorney, it consider that the undersigned, who has been practicing for over 45 years before this Court, did not commit any misconduct, certainly neither intentional nor of any serious nature.

**I HEREBY CERTIFY** that on this same date, I electronically filed the foregoing using the CM/ECF System which will send notification of such filing to all attorneys of record.

In San Juan, Puerto Rico, this 24th day of April, 2025.

Respectfully submitted,

<u>s/ David Efron</u>
**DAVID EFRON**
USDC-PR No. 125701
**LAW OFFICES DAVID EFRON, PC**
*Attorneys for Plaintiff*
221 Plaza 6th Floor
221 Ponce de León Ave.
San Juan, Puerto Rico 00917
Telephone: (787) 753-6455
Facsimile: (787) 758-5515
efron@davidefronlaw.com