**EXHIBIT IIB**

Pursuant to Federal Rules of Civil Procedure 12(b)(6), Defendant Exxon Mobil Corporation ("ExxonMobil") respectfully moves to dismiss Plaintiff's Complaint for failure to state a claim due to failure to plead allegations of fraud with particularity.[1]

## PRELIMINARY STATEMENT

Plaintiff's claims against ExxonMobil should be dismissed because they sound in fraud, but are not pleaded with the particularity that Federal Rule of Civil Procedure 9(b) requires.

Rule 9(b) imposes a heightened pleading standard for claims sounding in fraud. To satisfy Rule 9(b), a plaintiff must plead with particularity—for *each* alleged misrepresentation by *each* defendant—who made the misrepresentation, to whom it was made, when it was made, and its specific contents. Rule 9(b) also requires that a plaintiff allege with particularity its detrimental reliance on each purportedly misleading statement.

Plaintiff's claims do not remotely satisfy this standard. Plaintiff has cobbled together purportedly fraudulent statements that it attributes to ExxonMobil, but none of them have been pled with the particularity required by Rule 9(b). Among other fatal deficiencies in Plaintiff's claims, Plaintiff has not claimed that a single allegedly fraudulent statement by ExxonMobil was made in Puerto Rico, directed at Puerto Rico, or even seen by Plaintiff in Puerto Rico. Indeed, none of the allegedly deceptive statements that Plaintiff identifies have *any* nexus to Puerto Rico at all. It is therefore unsurprising that Plaintiff has also failed to allege detrimental reliance on those statements.

To the extent Plaintiff seeks to impose liability on ExxonMobil for statements allegedly made by others, those allegations also fail to satisfy Rule 9(b). Although Plaintiff alleges that

---

[1] ExxonMobil has joined in Defendants' Joint Motion to Dismiss the Complaint, and incorporates those arguments herein. In filing this brief, ExxonMobil does not waive, and expressly preserves, any right, defense, affirmative defense, or objection, including, without limitation, lack of personal jurisdiction.

"Defendants" are responsible for certain purportedly fraudulent conduct, it makes little to no effort to differentiate between Defendants, and falls far short of identifying each Defendant's alleged fraudulent conduct. That approach plainly violates Rule 9(b)'s mandate that pleadings identify *each* alleged misrepresentation by *each* defendant. Further, Plaintiff cannot impute statements by non-party "industry associations" to ExxonMobil because Plaintiff has failed to plead the requisite connection between those statements and ExxonMobil.

Because Plaintiff has failed to allege claims against ExxonMobil with the particularity required by Rule 9(b), its claims must be dismissed.

## I.  LEGAL STANDARD

Federal Rule of Civil Procedure 9(b) provides that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "Plaintiffs must comply with Rule 9(b) even if they do not explicitly claim fraud, but their allegations nonetheless sound like fraud." *Gonzalez-Camacho v. Banco Popular de P.R.*, 318 F. Supp. 3d 461, 481 (D.P.R. 2018); *see Mulder v. Kohl's Dep't Stores, Inc.*, 865 F.3d 17, 22 (1st Cir. 2017); *Garcia v. Carrión*, No. CIV 09-1507, 2010 WL 3662593, at *7 (D.P.R. Aug. 11, 2010) (holding that Rule 9(b) applies if a claim either "explicitly alleges fraud" or "sounds in fraud").

Rule 9(b) imposes a "higher pleading standard" than Rule 8(a)'s notice-pleading standard. *Surén-Millán v. United States*, 38 F. Supp. 3d 208, 217 (D.P.R. 2013). To plead fraud with "particularity," as Rule 9(b) requires, a plaintiff "usually is expected to specify the who, what, where, and when of the allegedly false or fraudulent representation." *Alternative Sys. Concepts, Inc. v. Synopsys, Inc.*, 374 F.3d 23, 29 (1st Cir. 2004). Furthermore, where a plaintiff alleges multiple acts of fraud, multiple schemes, and/or multiple defendants, the complaint must detail with particularity *each* act of fraud, *each* scheme, and the role of *each* defendant therein. *See Emery v. Am. Gen. Fin., Inc.*, 71 F.3d 1343, 1348 (7th Cir. 1995); *In re Fin. Oversight & Mgmt. Bd. for P.R.*, 578 F. Supp.

2

3d 267, 285 (D.P.R. 2021); *Vázquez Lazo v. Emeterio Walker*, No. CV 15-1891, 2016 WL 8711710, at *2 (D.P.R. Sept. 30, 2016). "[M]ere allegations of fraud, corruption or conspiracy, averments to conditions of mind, or referrals to plans and schemes are too conclusional to satisfy the particularity requirement, no matter how many times those accusations are repeated." *Generadora de Electricidad del Caribe, Inc. v. Foster Wheeler Corp.*, 92 F. Supp. 2d 8, 18 (D.P.R. 2000) (quoting *Hayduk v. Lanna*, 775 F.2d 441, 444 (1st Cir. 1985)).

Rule 9(b) "requires a complaint in an action based on fraud . . . to allege all the substantive elements of fraud." 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1297 (4th ed. 2023). That includes detrimental reliance, which "by definition, is one of the necessary elements for *any* fraud claim." *Cooperativa da Ahorro y Credito Aguada v. Kidder, Peabody & Co.*, 758 F. Supp. 64, 73 (D.P.R. 1991); *see Generadora de Electricidad*, 92 F. Supp. 2d at 20 (holding that "the concept of fraud which is present in Rule 9(b)" requires that plaintiff plead "detrimental reliance upon the representation by the person claiming to have been deceived"); *see, e.g., Woods v. Wells Fargo Bank, N.A.*, 733 F.3d 349, 358 (1st Cir. 2013); *Juárez v. Select Portfolio Servicing, Inc.*, 708 F.3d 269, 280 (1st Cir. 2013).

## II. ARGUMENT

### A. Rule 9(b) Applies to Plaintiff's Claims Against ExxonMobil.

All of Plaintiff's claims must satisfy Rule 9(b)'s heightened pleading standard, because they all "explicitly allege fraud" or "sound in fraud." *See Garcia*, 2010 WL 3662593, at *7. Plaintiff's theory of liability rests almost entirely on allegations of fraud. Indeed, it announces at the outset of the Complaint that it seeks to impose liability on Defendants for *"misrepresent[ing] the dangers of the carbon-based products which they marketed and sold."* Compl. ¶ 2 (emphasis added). Moreover, Plaintiff alleges in a conclusory fashion that, "[d]ecades ago," Defendants "obtained scientific information establishing that products they marketed and sold in Puerto Rico

3

accelerated climate change," *id.*, and that Defendants "collude[d] by investing billions into a *fraudulent marketing scheme* to convince consumers that their fossil fuel-based products did not—and would not—alter the climate." *Id.* ¶ 5 (emphasis added); *see id.* ¶ 7(e) (accusing Defendants of "carefully crafted corporate subterfuge").

All of Plaintiff's claims are based on this flawed theory of fraud. Plaintiff's first three causes of action are for "common law consumer fraud"; "conspiracy to commit common law consumer fraud and deceptive business practices"; and violations of "Rule 7 of the Puerto Rico Rules Against Misleading Practices and Advertisements." *Id.* ¶¶ 610–92. Plaintiff's claims under the Racketeering Influenced and Corrupt Organizations Act ("RICO") are premised on mail fraud and wire fraud. *See id.* ¶ 696. Plaintiff also relies on averments of fraud in pleading the elements of the remaining causes of action in its Complaint. *See id.* ¶¶ 746, 791 (public and private nuisance); ¶ 735 (Sherman Act § 1); ¶ 752 (failure to warn); ¶¶ 766, 782 (design defect); ¶¶ 797 ("Restitution-Unjust Enrichment").

Courts routinely require that claims like Plaintiff's—which are premised on allegedly fraudulent conduct—satisfy Rule 9(b) without regard to whether plaintiff asserts standalone fraud claims. In *Garcia*, for example, plaintiffs asserted shareholder derivative claims against corporate board members, including for breach of the fiduciary duties of loyalty and care. 2010 WL 3662593, at *2. While breach of fiduciary duty is not an "explicit fraud claim," the court recognized that the claim rested on allegations that the board publicly offered stock pursuant to a false and misleading registration statement. *Id.* at *2, *7. Therefore, the court held, plaintiff's claims "sound[ed] in fraud," warranting Rule 9(b)'s application. *Id.* at *7. So too, here. There can be no doubt that Rule 9(b) applies to Plaintiff's claims that *are* "explicit fraud claim[s]." *See* Compl. ¶¶ 610–728; *see, e.g., Rodríguez-Ortega* v. *Philip Morris, Inc.*, 2005 WL 8168625, at *5

4

(D.P.R. Mar. 23, 2005) (applying Rule 9(b) to claims of "fraud, misrepresentation and/or deceit, concealment by omission"). But even Plaintiff's claims that do not expressly assert fraud rest on Plaintiff's allegation that ExxonMobil allegedly "deceived" Puerto Rico consumers about "the role of fossil fuel products in causing" climate change. Compl. ¶ 586; see id. ¶¶ 746, 787, 791 (public and private nuisance); ¶ 735 (Sherman Act § 1); ¶¶ 752, 756, 761 (failure to warn); ¶¶ 766, 771, 782 (design defect); ¶¶ 794, 796 ("Restitution-Unjust Enrichment"); see also In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 347–48 (3d Cir. 2010) (Rule 9(b) pleading applies to Sherman Act claims sounding in fraud); Feinstein v. RTC, 942 F.2d 34, 42 (1st Cir. 1991) (Rule 9(b) applies to RICO claims that plead predicate acts of mail and wire fraud). Therefore, Rule 9(b) must apply to all of Plaintiff's claims.

### B. Plaintiff's Allegations Against ExxonMobil Fail to Satisfy Rule 9(b).

Plaintiff's allegations against ExxonMobil fail to meet Rule 9(b)'s stringent pleading requirements because the Complaint fails to identify *each* alleged misrepresentation by ExxonMobil, or who purportedly saw or relied on each statement to their detriment. Because the complaint "fail[s] to specifically identify alleged misrepresentations for each individual defendant," including ExxonMobil, "[a]ll claims alleging misrepresentation . . . must be dismissed." *State ex rel. Jennings v. BP America Inc.*, 2024 WL 98888 (Del. Super. Ct. Jan. 9, 2024) (dismissing a similar complaint for failure to comply with Rule 9(b)).

#### 1. Plaintiff Fails to Plead Any Alleged Misrepresentations Attributable to ExxonMobil with Particularity.

Notwithstanding its length, Plaintiff's Complaint identifies only a handful of purportedly misleading statements allegedly attributable to ExxonMobil, its predecessors, or affiliates. Plaintiff fails to allege those isolated statements, which have absolutely no nexus to Puerto Rico, with the requisite particularity. The Complaint fails to allege any misleading statements that were

5

Defendant Exxon Mobil Corporation ("ExxonMobil") submits this supplemental memorandum of law in further support of Defendants' motion to dismiss for failure to state a claim under Federal Rules of Civil Procedure 12(b)(6) and 9(b).[1]

## PRELIMINARY STATEMENT

Plaintiffs' claims against ExxonMobil should be dismissed because they sound in fraud, but are not pleaded with the particularity that Federal Rule of Civil Procedure 9(b) requires.

Rule 9(b) imposes a heightened pleading standard for claims sounding in fraud. To satisfy Rule 9(b), a plaintiff must plead with particularity—for *each* alleged misrepresentation by *each* defendant—who made the misrepresentation, to whom it was made, when it was made, and its specific contents. Rule 9(b) also requires that a plaintiff allege with particularity its detrimental reliance on each purportedly misleading statement.

Plaintiffs' claims do not remotely satisfy this standard. Plaintiffs have cobbled together purportedly fraudulent statements that they attribute to ExxonMobil, but all of them were made far beyond Puerto Rico's borders and long ago. Among other fatal deficiencies, Plaintiffs have not alleged that a single allegedly fraudulent statement by ExxonMobil was made in Puerto Rico, directed at Puerto Rico, or even seen by Plaintiffs in Puerto Rico. Indeed, none of the allegedly deceptive statements that Plaintiffs identify have *any* nexus to Puerto Rico. It is therefore unsurprising that Plaintiffs have also failed to allege detrimental reliance on those statements.

To the extent Plaintiffs seek to hold ExxonMobil liable for statements allegedly made by others, they cannot do so consistent with Rule 9(b). Plaintiffs allege that "Defendants" are responsible for certain purportedly fraudulent conduct, but make no effort to differentiate between

---

[1] ExxonMobil has joined in Defendants' Joint Memorandum of Law in Support of Their Motion to Dismiss for Failure to State a Claim, and incorporates those arguments herein. In filing this brief, ExxonMobil does not waive, and expressly preserves, any right, defense, affirmative defense, or objection, including, without limitation, lack of personal jurisdiction.

Defendants. That plainly violates Rule 9(b)'s mandate that pleadings identify *each* alleged misrepresentation by *each* defendant. Further, Plaintiffs cannot impute statements by non-party "industry associations" to ExxonMobil because Plaintiffs have not pleaded the requisite connection between those statements and ExxonMobil.

Because Plaintiffs have failed to allege their claims against ExxonMobil with the particularity required by Rule 9(b), these claims must be dismissed.

## I.   LEGAL STANDARD

Federal Rule of Civil Procedure 9(b) provides that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "Plaintiffs must comply with Rule 9(b) even if they do not explicitly claim fraud, but their allegations nonetheless sound like fraud." *Gonzalez-Camacho v. Banco Popular de P.R.*, 318 F. Supp. 3d 461, 481 (D.P.R. 2018); *see Mulder v. Kohl's Dep't Stores, Inc.*, 865 F.3d 17, 22 (1st Cir. 2017); *Garcia v. Carrión*, 2010 WL 3662593, at *7 (D.P.R. Aug. 11, 2010) (holding that Rule 9(b) applies if a claim either "explicitly alleges fraud" or "sounds in fraud").

Rule 9(b) imposes a "higher pleading standard" than Rule 8(a)'s notice-pleading standard. *Surén-Millán v. United States*, 38 F. Supp. 3d 208, 217 (D.P.R. 2013). To plead fraud with "particularity," as Rule 9(b) requires, a plaintiff "usually is expected to specify the who, what, where, and when of the allegedly false or fraudulent representation." *Alternative Sys. Concepts, Inc. v. Synopsys, Inc.*, 374 F.3d 23, 29 (1st Cir. 2004). Furthermore, where a plaintiff alleges multiple acts of fraud, multiple schemes, and/or multiple defendants, the complaint must detail with particularity *each* act of fraud, *each* scheme, and the role of *each* defendant therein. *See Emery v. Am. Gen. Fin.*, 71 F.3d 1343, 1348 (7th Cir. 1995); *In re Fin. Oversight & Mgmt. Bd. for P.R.*, 578 F. Supp. 3d 267, 285 (D.P.R. 2021); *Vázquez Lazo v. Emeterio Walker*, 2016 WL 8711710, at *2 (D.P.R. Sept. 30, 2016). "[M]ere allegations of fraud, corruption, or conspiracy, averments to conditions of mind, or

2

referrals to plans and schemes are too conclusional to satisfy the particularity requirement, no matter how many times those accusations are repeated." *Generadora de Electricidad del Caribe, Inc.* v. *Foster Wheeler Corp.*, 92 F. Supp. 2d 8, 18 (D.P.R. 2000).

Rule 9(b) "requires a complaint in an action based on fraud . . . to allege all the substantive elements of fraud." Wright & Miller, 5A Fed. Prac. & Proc. Civ. § 1297. That includes detrimental reliance, which "by definition, is one of the necessary elements of *any* fraud claim." *Cooperativa da Ahorro y Credito Aguada* v. *Kidder, Peabody & Co.*, 758 F. Supp. 64, 73 (D.P.R. 1991); *see Generadora de Electricidad*, 92 F. Supp. 2d at 20 (holding that "the concept of fraud which is present in Rule 9(b)" requires that plaintiff plead "detrimental reliance upon the representation by the person claiming to have been deceived"); *see, e.g.*, *Woods* v. *Wells Fargo Bank, N.A.*, 733 F.3d 349, 358 (1st Cir. 2013); *Juárez* v. *Select Portfolio Servicing, Inc.*, 708 F.3d 269, 280 (1st Cir. 2013).

## II. ARGUMENT

### A. Rule 9(b) Applies to Plaintiffs' Claims Against ExxonMobil.

All of Plaintiffs' claims must satisfy Rule 9(b)'s heightened pleading standard, because all "explicitly allege fraud" or "sound in fraud." *See Garcia*, 2010 WL 3662593, at \*7. Plaintiffs' theory of liability rests almost entirely on allegations of fraud. Indeed, Plaintiffs use the word "fraud" in the Complaint nearly 60 times, and they announce on the very first page of the Complaint that they "seek to impose liability on Defendants *who misrepresented* the dangers of carbon-based products." Compl. ¶ 2 (emphasis added). In particular, Plaintiffs allege that, "[d]ecades ago," Defendants "obtained scientific information establishing that products they marketed and sold in Puerto Rico accelerated climate change," *id.*, and that Defendants "collude[d] by investing billions into a *fraudulent marketing scheme* to convince consumers that their fossil fuel-based products did not—and would not—alter the climate." *Id.* ¶ 6 (emphasis added); *see id.*

3

¶ 7(e) (accusing Defendants of "carefully crafted corporate subterfuge"). Plaintiffs further allege that Defendants implemented this fraudulent scheme through "front groups, dark money funding, and fringe scientists for hire." *Id.* ¶¶ 6, 7(c).

All of Plaintiffs' claims are based on this flawed theory of fraud. Plaintiffs' first three causes of action are for "common law consumer fraud"; "conspiracy to commit common law consumer fraud and deceptive business practices"; and "violations of Rule 7 of the Puerto Rico Rules Against Misleading Practices and Advertisements." *Id.* ¶¶ 648–730. Plaintiffs' claims under the Racketeer Influenced and Corrupt Organizations ("RICO") Act are premised on mail fraud and wire fraud. *See id.* ¶ 734. In fact, Plaintiffs rely on averments of fraud in pleading the elements of every cause of action in their Complaint. *See id.* ¶¶ 733, 743, 757 (RICO); ¶¶ 779, 825 (public and private nuisance); ¶ 773 (Sherman Act § 1); ¶ 793 (failure to warn); ¶¶ 804, 820 (design defect); ¶ 833 ("Restitution-Unjust Enrichment").

Courts routinely recognize that claims like Plaintiffs, which are premised on allegedly fraudulent conduct, are subject to Rule 9(b) without regard to whether plaintiff asserts standalone fraud claims. In *Garcia*, for example, plaintiffs asserted shareholder derivative claims against corporate board members, including for breach of the fiduciary duties of loyalty and care. 2010 WL 3662593, at *2. While breach of fiduciary duty is not an "explicit fraud claim," it rested on allegations that the board publicly offered stock pursuant to a false and misleading registration statement. *Id.* at *2, *7. Therefore, the court held, plaintiff's claims "sound[ed] in fraud," warranting Rule 9(b)'s application. *Id.* at *7. So, too, here. Some of Plaintiffs' claims *are* "explicit fraud claim[s]," *id.*: "Common Law Consumer Fraud," "Conspiracy to Commit Common Law Consumer Fraud and Deceptive Business Practices," and "Rule 7 of Puerto Rico Rules Against Misleading Practices and Advertisements." *Id.* ¶¶ 648–730; *see, e.g., Rodríguez-Ortega*

4

Case 3:23-cv-01608-ADC-HRV   Document 186-3   Filed 04/24/23   Page 9 of 15

v. *Philip Morris, Inc.*, 2005 WL 8168625, at *5 (D.P.R. Mar. 23, 2005) (applying Rule 9(b) to claims of "fraud, misrepresentation and/or deceit, concealment by omission"). But *all* of Plaintiffs' claims "sound in fraud," such that Rule 9(b) must apply. Each claim rests on Plaintiffs' allegation that ExxonMobil allegedly "deceived" Puerto Rico consumers about "the role of fossil fuel products in causing" climate change. Compl. ¶ 610; *see Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 347–48 (3d Cir. 2010) (Rule 9(b) pleading applies to Sherman Act claims sounding in fraud); *Feinstein v. RTC*, 942 F.2d 34, 42 (1st Cir. 1991) (Rule 9(b) applies to RICO claims that plead predicate acts of mail and wire fraud).

### B.     Plaintiffs' Allegations Against ExxonMobil Fail to Satisfy Rule 9(b).

Plaintiffs' allegations against ExxonMobil fail to meet Rule 9(b)'s stringent pleading requirements because the Complaint fails to identify *each* alleged misrepresentation by ExxonMobil, or who purportedly saw or relied on each statement to their detriment.

#### 1.     Plaintiffs Fail to Plead Any Alleged Misrepresentations Attributable to ExxonMobil with Particularity.

The Complaint identifies only the following purportedly misleading statements allegedly attributable to ExxonMobil, its predecessors, or affiliates:

- advertorials published in the *New York Times* by Mobil prior to 2000, and Exxon from 2000 to 2004, Compl. ¶¶ 402-03; RICO Case Statement Ex. M, N;[2]

- a 1996 corporate publication, published by Exxon in Texas, *id.* ¶¶ 397-400;

- a 1997 speech by Exxon's then-CEO in Beijing, China, *id.* ¶ 405;

- three advertisements by Mobil in *The New York Times* in 1997, *id.* ¶¶ 404, 409-10;

- a 1998 article by the CEO of Imperial Oil—a "smaller subsidiar[y]" of ExxonMobil, *id.* ¶ 72—published in the Imperial Oil Review, a publication for Imperial Oil's shareholders and employees, *id.* ¶ 425; and

---

[2]   Exxon and Mobil merged in 1999.

5

- a 2007 Corporate Citizenship Report, published by ExxonMobil in Texas, *id.* ¶ 465.

Plaintiffs fail to plead these statements with the requisite particularity.

### (a) Plaintiffs Fail to Allege Who Was Deceived by Any Statement.

Plaintiffs fail to allege with particularity who supposedly was deceived by *any* of the identified statements. Plaintiffs do not so much as identify anyone—in Puerto Rico or among Plaintiffs themselves—who saw, heard about, or were exposed to any of these statements, let alone were deceived by them. Rather, Plaintiffs only identify statements published in Texas, made in a single speech in China, circulated in national publications based in New York, and sent to investors and employees of a Canadian company. None are alleged to have been crafted for or directed at Puerto Rico. That alone requires dismissal of Plaintiffs' claims against ExxonMobil. *See Alternative Sys. Concepts*, 374 F.3d at 30 (explaining that Rule 9(b) requires plaintiff to allege "the who" of the allegedly false or fraudulent representation, and dismissing plaintiff's claims for failing to identify "to whom" the allegedly "misleading statements . . . were made"); *In re Fin. Oversight & Mgmt. Bd. for P.R.*, 578 F. Supp. 3d at 286 (dismissing fraud claims under Rule 9(b) where plaintiff alleged "that fraud occurred at unspecified meetings attended by unspecified individuals").

### (b) Plaintiffs Fail to Allege Detrimental Reliance on Any Statement.

Because Plaintiffs fail to allege who in particular was deceived by any of the allegedly misleading statements, they similarly fail to allege who in particular detrimentally relied on any of those statements, one of the "necessary elements for *any* fraud claim." *Cooperativa da Ahorro y Credito Aguada*, 758 F. Supp. at 73. Under Plaintiffs' theory of liability, unspecified consumers in Puerto Rico, including Plaintiffs, used fossil fuels at levels beyond what they would have, absent Defendants' alleged deceptive statements. *See, e.g.*, Compl. ¶ 688 (alleging that Defendants

6