IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| THE MUNICIPALITY OF SAN JUAN<br><br>Plaintiff<br><br>v.<br><br>EXXON MOBIL CORP. et als.,<br><br>Defendants | CIVIL NO.: 23-cv-01608-ADC |

**MOTION DEPOSITING SANCTION IMPOSED UNDER PROTEST**

**TO THE HONORABLE COURT:**

Plaintiff, through the undersigned counsel, very respectfully states and prays as follows:

1. In its Opinion and Order of April 9, 2024 at D.E.167, this Honorable court ordered the undersigned to show cause or face a $7,000 sanction. There was an allegation of plagiarism against the undersigned which was separately referred for disciplinary action to Chief Judge Arias.

2. On April 24th, 2025 at D.E. 186, the undersigned complied with its Order to Show Cause, explaining why the sanction should not be imposed, as the undersigned committed no misconduct. [1]

3. The Court disagreed and on May 7, 2025 at D.E. 193, reiterated its order and imposed the $7,000 sanction which we are now depositing with the Clerk of the Court.

---

[1] We adopt by reference our arguments in that motion.

1

4. The undersigned will not appeal the Court's discretionary ruling, but rather will comply and is herein depositing the sanction, but under protest, as this sanction, in our view, is unwarranted because of the following: [2]

   (A) At page 4 of docket 167 the Court erroneously understood that the undersigned was somehow obligated to respond to the e-mails of January 4 and 8, **2024** from an attorney Joshua Dick. Mr. Dick had not been allowed pro hac vice status in this case until a few days ago, on May 12, **2025** (see docket 201). Therefore, Mr. Dick was not an attorney admitted to the case until almost a year and a half later.

   (B) Not responding to other e-mails of February 21, 2024 as described at page 4 of the same docket 167, by February 23, 2024, and our response on February 26, 2024, is not an unreasonably long time to respond to an extra-judicial communication which has no set deadline to respond.

   (C) The Court is correct that Plaintiff did file extensive motions a few days past the deadline, as we explained at docket 186, and without obtaining further leave, but this caused no prejudice to defendants and had no dilatory effect on the efficient movement of this case, certainly no misconduct can be drawn from this to warrant a $7,000 sanction.

5. Plaintiff is nonetheless heartened to read in the recent order at D.E. 222 that the pending dispositive motions at the crux of this matter are referred to a U.S. Magistrate without prejudice to our pending request for consolidation of these

---

[2] We are discussing the plagiarism allegations in a separate proceeding.

2

two similar cases, consolidation which would greatly save the valuable resources of the Court and avoid any possible contradictory rulings.

**WHEREFORE**, the undersigned attorney respectfully requests that the Honorable Court take notice of what is submitted herein.

**I HEREBY CERTIFY** that on this same date I electronically filed the foregoing using the CM/ECF System which will send notification of such filing to all attorneys of record.

In San Juan, Puerto Rico, this 30th day of May, 2025.

Respectfully submitted,

*s/ David Efron*
**DAVID EFRON**
USDC-PR No. 125701
**LAW OFFICES DAVID EFRON, PC**
*Attorneys for Plaintiff*
221 Plaza 6th Floor
221 Ponce de León Ave.
San Juan, Puerto Rico 00917
Telephone: (787) 753-6455
Facsimile: (787) 758-5515
efron@davidefronlaw.com

3