# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| THE MUNICIPALITY OF SAN JUAN<br><br>Plaintiff<br><br>v.<br><br>EXXON MOBIL CORP., et als.<br><br>Defendants | CIVIL NO.: 23-cv-01608-ADC |

## OPPOSITION TO DEFENDANTS' MOTION TO STAY PROCEEDINGS AT DOCKET 231

**TO THE HONORABLE COURT:**

Plaintiff, through the undersigned counsel, very respectfully states and prays as follows:

1. Defendants attempt to get two bites at the apple by requesting to obtain a stay, to then sit back and wait and see what Her Honor in the Bayamón case rules on the Report and Recommendation there, to then have this Honorable Court rule separately on the same issues as by then ruled upon in the earlier filed case of Bayamón.

2. There's no reason to have these proceedings stayed. What Defendants are requesting will create a waste of resources for this Honorable Court on ruling on these motions that are identical in both cases. As an example, defendants' motion at Docket Entry 31 in this case is exactly the same as Docket Entry 184 in the Bayamón case. Our Docket Entry 32 In this case is an identical copy of Docket Entry 193 in the Bayamón case. Docket Entry 34 here is identical from

page 2 on to Docket Entries 185 and 235 in the Bayamón case. We are including some of the relevant pages as illustrations of the same as Exhibit I in block for the Court's easy perusal.

3. In the undersigned's modest opinion, this case should have been consolidated in order to preserve the resources of this court earlier in the case. To now stay the proceedings and not allow the magistrate judge with the most experience in this case to assist here would be to give defendants two bites at the apple, to the prejudice of this Honorable Court's resources, by creating additional work and time expended.

4. Defendants should not be allowed to mandate the scheduling of the proceedings of this court.

## MEMORANDUM OF LAW

Defendants move for a discretionary stay within the inherent power of the court. To that extent they bring *Nken v. Holder* 556 U.S 418; 129 S.Ct. 1749; 173 L.Ed. 2d 550 (2009) and *Landis v. N. Am. Co.* 229 U.S. 248; 57 S.Ct. 163; 81 L.Ed. 153 (1936) are applicable. However, *Nken* and the test therein stated is more applicable to stays for an injunction or for judgments pending appeal. In contrast and more applicable to these proceedings is the *Landis* case and the test therein established for a district court considering a discretionary stay of proceedings, due to a related action. In that regard the court expressed that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must

weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.* 229 U.S. 248 at 254, referencing *Kansas City Southern Ry Co. v. United States* 282 U.S. 760 (1931) and *Enelow v. New York Life Ins.* 293 U.S. 379 (1935).

The *Landis* decision has served to establish guidelines for the analysis of when a stay is appropriate. In that regard the Ninth Circuit has summarized the Landis factors to include: (1) the possible damage of granting the stay; (2) the hardship or inequity on the movant by not granting the stay; (3) the orderly course of justice. See *Lockyer v. Mirant Corp.*, 398 F.3d 1098, at 1110 (9th Cir 2005) citing *CMAX Inc. v. Hall*, 300 F.2d. 265, at 268 (9th Cir 1962). Defendants fail to meet their burden under these Landis factors. To the contrary it is the Plaintiff that is prejudiced and suffers hardship and inequity with a stay.

Similarly, a Court may issue a stay of proceedings in the interests of efficiency and fairness when a "pending resolution of independent proceedings [] bear[s] upon the case." See *Leyva v. Certified Grocers of Cal*, 593 F.2d. 857, at 863 (9th Cir. 1979).

In our Circuit, while it involved a stay of a civil proceeding in order to await on a parallel criminal proceeding, the First Circuit has held that when requesting a stay "A movant must carry a heavy burden to succeed in such an endeavor." Microfinancial Inc. v. Premier Holidays International, Inc. 385 F.3d 72, at 77 (1st. Cir. 2004) referencing *Austin v. Unarco Indus.* 705 F.2d. 1, 5 (1st Cir 1983) in that – "explaining that the movant must demonstrate "a clear case of hardship" to be entitled to a discretionary stay)." *Microfinancial* at 77. The First Circuit also added additional factors for the court to consider in a stay, that being the good faith of the litigants (or the absence of it) and the status of the cases. *Microfinancial* at 78.

The referral to the Magistrate Judge references unique matters of this case which directly impacts the rule of law for this case and the defendants with their stay are

3

attempting to influence and affect the rights and rule of law in this matter by the decision in another case. Therefore, this Court should deny the stay and follow the doctrine of *Landis* which stated that "Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Landis* at 255

Finally, while defendants expressed they would not oppose the cases being assigned to the same judge, Plaintiff re-affirms its position in that this case should be consolidated with the originally filed Bayamon case in the interest of expediency.

**WHEREFORE**, Plaintiff respectfully requests of the Honorable Court that it deny Defendants' Motion to Stay and to have the parties strictly abide by the court's referral order of May 21, 2025.

**I HEREBY CERTIFY** that on this same date I electronically filed the foregoing using the CM/ECF System which will send notification of such filing to all attorneys of record.

In San Juan, Puerto Rico, this 17th day of June, 2025.

Respectfully submitted,

**LAW OFFICES DAVID EFRON, PC**
*Attorneys for Plaintiff*
221 Plaza 6th Floor
221 Ponce de León Ave.
San Juan, Puerto Rico 00917
Telephone: (787) 753-6455
Facsimile: (787) 758-5515

s/ David Efron
**DAVID EFRON**
USDC-PR No. 125701
efron@davidefronlaw.com

4