**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

| | |
|---|---|
| MUNICIPALITY OF SAN JUAN,<br><br>                      *Plaintiff,*<br><br>        v.<br><br>EXXON MOBIL CORP., et al.,<br><br>                      *Defendants.* | Case No. 3:23-CV-01608-ADC-HRV |

**SHELL PLC'S INDIVIDUAL REPLY IN SUPPORT OF**
**OBJECTIONS TO REPORT AND RECOMMENDATION**

**COMES NOW,** Defendant Shell plc ("Shell"), through its counsel, and respectfully states and requests as follows:

Shell joins and incorporates by reference Defendants' Joint Reply in Support of Objections to the Magistrate Judge's Report and Recommendation ("R&R"), Dkt. 281-1. *See* Local Rule 7(f). Pursuant to Fed. R. Civ. P. 72(b) and Local Rule 72(d), Shell respectfully submits this Individual Reply in support of its Objections to the R&R. *See* Dkt. 251.[1]

### 1. The Report and Recommendation Should Have Recommended Dismissal of the RICO and RICO Conspiracy Claims.

Plaintiff fails to defend the R&R's recommendation regarding the Section 1962(c) and (d) RICO claims (Counts 4 and 7). *See* Dkt. 272 at 2-3. Plaintiff conceded in its Opposition that Rule 9(b)'s heightened particularity pleading standard governs each of its RICO claims. *See* Dkt. 185 at 9-10. Yet in response to Shell's argument that Plaintiff did not "identify any specific activities that could amount to mail or wire fraud," Dkt. 251 at 3, Plaintiff responds that "the Complaint, *taken as a whole*, pleads with particularity the fraudulent scheme in which Shell participated." Dkt. 272 at 3 (emphasis added). Far from answering Shell's specific objections, this characterization only highlights Plaintiff's misstatement of the law. Rule 9(b) forbids precisely that sort of non-specific invocation of the Complaint "as a whole." For Plaintiff to satisfy particularity pleading, this Court should not have to squint and "read between the lines." *Siegal v. Gamble*, 2016 WL 1085787, at *8 (N.D. Cal. Mar. 21, 2016). Instead, Plaintiff must (1) point to specific allegations in its Complaint; and (2) explain why those specific allegations show that Shell *itself* intended to further the conduct that Plaintiff claims violates the federal RICO statute. Plaintiff has failed to do so here.

Plaintiff's RICO claims fail for another reason: It has not alleged that Shell obtained

---

[1] This Reply is filed contingent on Defendants' Motion for Leave to File Replies and Enlarged Joint Reply. Dkt. 281.

"money or property by way" of any alleged RICO predicate.  Plaintiff responds only that, per "the Report and Recommendation," "[t]he object of the RICO conspiracy, as alleged, was to create and disseminate erroneous, misleading information, with the purpose of obtaining property of value, i.e., money, from the sale of Defendants' products to Plaintiff."  Dkt. 272 at 3.  But this misses the point.  Shell objected to that conclusion in the R&R because Plaintiff had not *itself* made allegations to that effect in the Complaint.  See Dkt. 251 at 2.  Plaintiff cannot cure this deficiency by treating the R&R's conclusions as if they were Plaintiff's own allegations.  Nor would the quoted language suffice anyway, because it fails to state with particularity what objectives Shell *itself* harbored.

> **2. The Report and Recommendation Should Have Recommended Dismissal of the Antitrust Claims.**

Plaintiff has no more success defending the R&R's conclusion as to Plaintiff's antitrust claim (Count 8).  Plaintiff cites *Exxon*'s (not Shell's) individual objections for the position that "antitrust claims are not *categorically* subject to Rule 9(b)."  Dkt. 272 at 3-4 (quoting Dkt. 249 at 6) (emphasis added).  But as Shell has stressed, Plaintiff's *particular* antitrust claims are subject to Rule 9(b) here because they are "based on fraud."  See Dkt. 251 at 5 (citing *Norte Car Corp. v. FirstBank Corp.*, 25 F. Supp. 2d 9, 15 (D.P.R. 1998)).  As for Plaintiff's conclusory assertion that it has adequately pleaded the "who, what, where, when, why, and how" of an antitrust violation, Dkt. 272 at 4, Plaintiff points to nothing remotely supporting that bold claim.  Nor has Plaintiff ever adequately contended with the numerous arguments Defendants have raised against this antitrust theory.  See Dkt. 247 at 13-20 (Joint Objections summarizing Defendants' various arguments).

### 3. The Report and Recommendation Should Have Credited Shell's Dispositive First Amendment and *Noerr-Pennington* Defenses.

Plaintiff fares no better against Shell's individual First Amendment and *Noerr-Pennington* arguments. For the first time, Plaintiff attempts to distinguish some of Shell's cited cases on the grounds that they involved "legitimate lobbying." Dkt. 272 at 4. Plaintiff forfeited this argument by failing to raise it before the Magistrate Judge. And even setting that issue aside, Plaintiff fails to (1) identify which Shell cases it is describing; (2) provide any evidence supporting its characterization of those cases; (3) explain what it means by "legitimate" in this context; and (4) explain why the political activity the trade associations allegedly engaged in here would not qualify as "legitimate" under any reasonable definition of that term. Plaintiff also misses the main point of those decisions: Plaintiff cannot hold Shell liable for the statements of a trade association unless it can establish that Shell itself knew about and specifically intended to further some illegality, which Plaintiff does not allege. And Plaintiff's claims (at 4) that Shell "knowingly funded false speech, coordinated denial efforts, and weaponized trade groups as proxies for disinformation" lack any support in the cited paragraphs.

### 4. This Court Lacks Personal Jurisdiction Over Shell.

Plaintiff's response argues (at 4-5) that this Court has personal jurisdiction over Shell—even though Shell itself raised no unique personal jurisdiction objections to the R&R beyond those in the Joint Motion and Joint Objections. *See* Dkts. 119, 247, 251. In any event, Plaintiff does not explain why it matters (for example) that "Pennzoil, Quaker State, and Jiffy Lube" are "marketed and sold throughout Puerto Rico." *See* Dkt. 272 at 5. The Complaint alleges nothing false or misleading about the marketing or sale of any of those products—and as a matter of law, any activities in Puerto Rico do not "relate to" claims for global climate change. Likewise, the remaining "commercial engagement" Plaintiff claims (at 5) does not come close to satisfying the

3

statutory or constitutional requirements for this Court to exercise personal jurisdiction over Shell.

**WHEREFORE**, this Court should dismiss all claims against Shell with prejudice.

Dated: August 26, 2025

                                                Respectfully submitted,

                                                By: */s/ Carlos A. Valldejuly*

Carlos A. Valldejuly (USDC No. 209505)
José J. Colón-Garcia (USDC No. 308010)
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Avenue, Suite 800
San Juan, Puerto Rico 00918-1813
(787) 764-8181
carlos.valldejuly@oneillborges.com
jose.colon@oneillborges.com

David Sarratt (*pro hac vice*)
Josh A. Cohen (*pro hac vice*)
**DEBEVOISE & PLIMPTON LLP**
650 California Street
San Francisco, CA 94108
Tel: +1 415 738 5700
Fax: +1 415 644 5628
dsarratt@debevoise.com
jacohen@debevoise.com

Maura Kathleen Monaghan (*pro hac vice*)
Alexander Costin (*pro hac vice*)
**DEBEVOISE & PLIMPTON LLP**
66 Hudson Boulevard
New York, NY 10001
Tel: +1 212 909 6000
Fax: +1 212 909 6836
mkmonaghan@debevoise.com
ajcostin@debevoise.com

*Counsel for Defendant Shell plc*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on August 26, 2025, the document above was electronically filed with the Clerk of Court using the CM/ECF system, which automatically sent notification to all parties of record.

*/s/ Carlos A. Valldejuly*
Carlos A. Valldejuly
