IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MUNICIPALITY OF SAN JUAN<br><br>Plaintiff,<br><br>v.<br><br>EXXON MOBIL CORP., et al.,<br><br>Defendants. | CIVIL NO.: 23-01608 (ADC) |

**MOTION IN COMPLIANCE WITH ORDER TO SHOW CAUSE**

**TO THE HONORABLE COURT:**

Plaintiff, through its undersigned counsel, respectfully states and prays as follows:

## INTRODUCTION

This case arises from a humanitarian catastrophe.

About September 20, 2017, Hurricanes Irma and Maria struck Puerto Rico in rapid succession, obliterating, critical infrastructure, flattening neighborhoods, and leaving thousands dead, and hundreds of thousands displaced without basic needs and services.

San Juan, the capital of Puerto Rico, was thrust into triage, repairing roads and bridges, restoring drinkable water, reopening schools, and hospitals, and caring for residents without power for many months. The damages and destruction exceeded $10 billion. The human toll is beyond calculation. To this date, eight years later, San Juan, and Puerto Rico, have yet to be reconstructed.

The scale of devastation was not an act of nature alone. For decades, defendants, the world's largest fossil fuel companies, possessed internal studies and knowledge that their products were driving global warming, and heightening the intensity of tropical

hurricanes. Rather than warn, and take the correct measures to avoid this situation, they conspired and funded an orchestrated public relations campaign to deny and discredit climate science, forestalling mitigation. The complaint pleads a coherent racketeering and deception scheme, the foreseeable result of which was to stick the damages of climate costs into communities like that of San Juan, Puerto Rico.

The district court in the sister case involving some 36 other municipalities dismissed the case on several grounds, which, at the bottom line is an overly strict interpretation of statute of limitations, a ruling which in our view is contrary to precedent and equity, without a hearing on the merits or affording any discovery.

San Juan is different than the other municipalities. According to the expert organizations regarding climate change, it is the number one most affected city in America and only one degree in temperature away from the most affected area on the planet, as per Exhibit 1, in block, last page.

San Juan is also different than the other municipalities in that it suffered greater damage and has sustained the most deaths of citizens than any other municipality, and, which under a Parens Patria exception, may be able to be claimed, particularly in view of the Commonwealth of Puerto Rico voluntarily dismissing their case against these defendants.

In our opinion, the government of Puerto Rico succumbed to anti-climate change political pressure, which should never be a basis to decide the result of a case, dropping its suit without any consideration of the interest or well-being of its citizens.

There certainly are similarities between these two sister cases, this one of San Juan, and the Municipalities' case titled Bayamón. San Juan did not amend its complaint.

There is no doubt that they are both against almost the same defendants, based on the same events of September 20, 2017, and somewhat similar damages and causes of action. However, there are certain differences for which we trust this Court will simply not blindly adopt the Opinion and Order at Docket No. 407 in the Bayamón case.

A perusal of the court's one page judgment, Docket No. 409 in the Bayamón case, indicates how Judge Carreño dismissed out the defendants based on lack of jurisdiction, which we will now review, as to how it applies to the Municipality of San Juan, and later, statute of limitations, which we will discuss at length later on in this filing. The Bayamón case judge ruled that:

a. Claims against Occidental, Rio Tinto and BHP are dismissed without prejudice. However, Occidental did not raise in our Municipality of San Juan case lack of personal jurisdiction, as there was no issue here in the service of this complaint upon this defendant.

b. RICO claim against API dissmised (sic) with prejudice. The Municipality of San Juan in its case, never sued API.

c. The federal antitrust and Puerto Rico claims against API are dismissed. Again, San Juan never sued API.

d. All claims against Exxon, Shell, Chevron, BP, ConocoPhillips, and Motive, are dissmissed (sic) with prejudice.

This last section is our major point of contention, were this Court to follow in the same rulings that the court did in the Bayamón case, and which is discussed in the final part of this motion.

Through the Magistrate Judge's Report and Recommendation in **this** case at Docket No. 239 on July 22, 2025, the court on more than one occasion acknowledges and

3

recommends that further discovery be allowed, whether jurisdictional or limited. Much of the Opinion and Order in the Bayamón case is due to the absence of further proof which could have been attained by discovery.

## THE STATUTE OF LIMITATION DEFENSES

At the end of the day, the Bayamón judge dismissed with prejudice against co-defendants Exxon, Shell, Chevron, BP, ConocoPhillips and Motive due to Statute of Limitations. In our case, and as succinctly explained by the Magistrate Judge; Defendants' joint motion moves the Court to dismiss plaintiff's claims on the basis that the claims are barred. Defendants argue that the statute of limitations began to run on September of 2017 when Hurricanes Irma and Maria hit the island because those natural catastrophes should have put plaintiff on notice of its purported injuries. Plaintiff alleges and the Magistrate Judge here agreed, that a tort which is continuous and tolled extends the time of the statute by law.

The statute of limitations for plaintiff's RICO and antitrust claims is four years and one year for the Puerto Rico law claims. The statute of limitations begins to run from the time the aggrieved person had notice of the injury and notice of the person who caused it. *M.R. (Vega Alta), Inc. v. Caribe Gen. Elec. Prods., Inc.*, 31 F. Supp. 2d 226, 239 (D.P.R. 1998) (citing *Colón Prieto v. Geigel*, 115 D.P.R. 232, 247 (1984); and *Rosado Serrano v. E.I. Dupont de Nemours & Co.*, 797 F. Supp. 98, 102 (D.P.R.1992)). Notice "does not require actual knowledge; it is enough that the would-be plaintiff had notice that would have led a reasonable person to investigate and so uncover the needed information." *Lopez-Flores v. Cruz-Santiago*, 526 F. Supp. 2d 188, 190 (D.P.R. 2007).

Plaintiff alleges that it filed within one year of knowing that the hurricanes could be

4

tied to defendants' activities; that defendants' actions constitute continuous wrongful conduct; that the doctrine of equitable tolling applies; and that class actions such as this one automatically tolls the statute of limitations.

The Puerto Rico Supreme Court has defined the continuous tort doctrine as a "continued, or uninterrupted, disturbance of unlawful acts or omissions which cause foreseeable lasting damages." *McMillan v. Rodriguez-Negron*, 511 F. Supp. 3d 75, 83 (D.P.R. 2020) (*citing Rivera Ruiz v. Mun. de Ponce*, 196 P.R. Dec. 410, 417 (P.R. 2016)). "Since the tortfeasor's illegal acts are continuous, the cause of action continually renews itself, for the statute of limitation purposes, until the tortfeasor ceases his harmful conduct." *Id*.

A "continuous tort," however, arises from ongoing unlawful conduct, not from a continuing harmful effect. *See Torres v. Hosp. San Cristobal*, 831 F. Supp. 2d 540, 544 (D.P.R. 2011) which is why plaintiff pleads a pattern of uninterrupted acts of deceit on defendants' part. Specifically, plaintiff alleges that defendants have sold and continue to sell their products while engaging in a decades-long misinformation campaign. This campaign entails producing and disseminating articles, pamphlets, and reports; and having climate-denying scientists on payroll. Such conduct supposedly merited an investigation from the House Committee on Oversight and Reform.

In our case, the Magistrate Judge opined and ruled that plaintiff has sufficiently alleged that defendants engaged in a continued pattern of unlawful acts or omissions which cause foreseeable damages. Next, the Magistrate Judge addressed plaintiff's equitable tolling argument as follows:

5

Even if the Court deems that the conduct is not continuous, plaintiff argues, the limitations period is tolled regarding defendants pre-2017 statements because they fraudulently concealed the nature of their disinformation campaign.

"The equitable tolling doctrine extends statutory deadlines in extraordinary circumstances for parties who were prevented from complying with them through no fault or lack of diligence of their own." *See Neves v. Holder*, 613 F.3d 30, 36 (1st Cir. 2010) (citing *Fustaguio Do Nascimento v. Mukasey*, 549 F.3d 12, 18-19 (1st Cir.2008) and *Gonzalez v. United States*, 284 F.3d 281, 291 (1st Cir.2002)).

Plaintiff submits there is no doubt that the damage to the infrastructure and to the electrical system in the 2017 hurricanes continue to the present. At the time of this filing, the P.R. power company has reported over 142,000 households without electricity. San Juan and Puerto Rico are far from its restructuring.

Additionally, the Court knows that plaintiff's position is that it was unable to file earlier because defendants deliberately concealed the extent of their actions.

Because the Bayamón court dismissed primarily on Statute of Limitation grounds, and due to limited constraints, we will not discuss the jurisdictional aspects of relatedness, purposeful availment and reasonableness here as these are superfluous.

Plaintiff's position is that general knowledge of fossil fuels' connection to climate change would not be enough to trigger the statute of limitations. Because this is an action based on fraud and concealment, the triggering date is when it learned of the deception. The doctrine of equitable tolling only applies "if a plaintiff exercising reasonable diligence could not have discovered information essential to the suit." *Abdallah v. Bain Cap. LLC*, 752 F.3d 114, 120 (1st Cir. 2014) (citing *Bernier v. Upjohn Co.*, 144 F.3d 178, 180 (1st

6

Cir.1998) and *Protective Life Ins. Co. v. Sullivan*, 425 Mass. 615, 631, 682 N.E.2d 624 (1997)). Applying the criteria for equitable tolling set forth above, the Magistrate Judge found that plaintiff has sufficiently pled facts to support the application of the doctrine to the facts at hand. Plaintiff has alleged that it pursued its rights diligently, conducting investigations prior to filing. Furthermore, it argues that extraordinary circumstances exist because defendants conducted a well-organized campaign of deceit. The Magistrate Judge ruled that even if the injury was not continuous, equitable tolling would make plaintiff's claims timely. [1]

## MEMORANDUM ON EXTENDING STATUTE OF LIMITATIONS DUE TO DEFENDANTS' FRAUDULENT ACTIONS

The principal reason the Bayamon case was dismissed was due to that Court's interpretation of statute of limitations. However, the Court did not take into account that the Statute of Limitations can be extended when the defendants have acted fraudulently.

Historically, as early as in 1874 the Supreme Court recognized that a defendant's concealment of fraud can prevent the defendant from invoking a limitations bar and that the statute of limitations will not run while fraud is concealed.

> "When there has been no negligence or laches on the part of a plaintiff in coming to the knowledge of the fraud which is the foundation of the suit, and when the fraud has been concealed, or is of such character as to conceal itself, the statute does not begin to run until the fraud is discovered by, or becomes known to, the party suing, or those in privity with him. See <u>Bailey v. Glover</u>, 88 U.S. (21 Wall.) 342, 349-50 (1874)

---

[1] Because this Municipality sued alone and not as a class, class action tolling is not applicable here.

The Supreme Court has also stated that the mere lapse of time does not bar such a suit while fraud is concealed. The limitation must be read in light of equitable principles. See, Holmberg v. Armbrecht, 327 U.S. 392 (1946)

In Berkson v. Del Monte Corporation, 743 F.2d 53 (1st Cir. 1984) the First Circuit established that to invoke the doctrine of fraudulent concealment, a plaintiff must plead and prove: "(1) wrongful concealment of their actions by the defendants; (2) failure of the plaintiff to discover the operative facts that are the basis of his cause of action within the limitations period; and (3) plaintiff's due diligence until discovery of the facts.'"

Additionally, it states that "The affirmative act of denying wrongdoing may constitute fraudulent concealment where the circumstances make the plaintiff's reliance upon the denial reasonable."

"Conclusory allegations of due diligence are not sufficient ... where a plaintiff has utterly failed to make even the requisite allegations, he cannot claim that his underlying cause of action was fraudulently concealed."

The First Circuit Court of Appeals established in Villarini-Garcia v. Hosp. Del Maestro, 112 F.3d 85 (1st Cir. 199) and 8 F.3d 81 (1993) in a case we prevailed on over 3 decades ago, that the knowledge required to start the statute running is knowledge not only of harm but also of "the origin of the injury," Geigel, 115 P.R. Dec. at 245, 15 Off. Trans. at 329, which we take to include knowledge of the wrong and a causal link between the wrong and some harm. But actual knowledge is not required where, by due diligence, such knowledge would likely have been acquired. 115 P.R. Dec. at 244-45, 15 Off. Trans. at 327-29. Actual knowledge is a matter of fact, but the concept of due diligence has

buried within it a normative question of how much diligence should be expected of a reasonable lay person.

## MEMORANDUM OF LAW ON CONTINUOUS TORT

According to Garrett v. Raytheon Co., 368 So. 2d 516 (Ala. 1979), and American Mutual Liability Insurance Co. v. Phillips, 491 So. 2d 904 (Ala. 1986), the statutory period of limitations for a continuous tort begins to run from the "date of injury." The "date of injury" for statute of limitations purposes is "the day on which the plaintiff was last exposed to the damages." Garrett, 368 So. 2d at 520. In this case, the last day Hillis was exposed to CCA was December 31, 1987, the date he was terminated from his job. Because Hillis filed this action on November 15, 1989, his tort claims were not barred by the statute of limitations. Hillis v. Rentokil, Inc., 596 So. 2d 888

In continuous tort cases, "the statute of limitations begins to run when the tortious conduct ceases, not when it first takes place." Torres v. Hospital San Cristobal, 831 F.Supp.2d 540, 544 (D.P.R. Dec. 9, 2011) (SEC) (citing Arcelay v. Sanchez, 77 P.R.R. 782, 77 D.P.R. 824, 838 (1955)). Rivera-Rosario v. LSREF2 Island Holdings, Ltd. Inc., 2018 U.S. Dist. LEXIS 59323   (I believe this was Your Honor's case)

However, even if the claims are time barred, they may survive under the "continuing violation" doctrine or as a "continuous tort" which, in general terms, creates "an equitable exception to the statute of limitations because it allows for recovery for claims filed outside of the statutory period when the unlawful behavior is deemed ongoing." Centro Medico Del Turabo, Inc. v. Feliciano De Melecio, 321 F.Supp.2d 285, 291 (D.P.R. 2004) (citing Provencher v. CVS Pharmacy, Div. Of Melville Corp., 145 F.3d 5, 14 (1st Cir. 1998). The continuing violation doctrine had its "genesis in decisions interpreting Title VII of the Civil

Rights Act of 1964, [but] it has been applied to other contexts." Velazquez v. Chardon, 736 F.2d 831, 833 (1st Cir. 1984); see also Quality Cleaning Prods. R.C. Inc. v. SCA Tissue N. Am., LLC, 794 F.3d 200, 206 (1st Cir. 2015) (collecting cases). However, the Puerto Rico Supreme Court has not specifically recognized application of the continuing violation doctrine in cases involving tortious interference. See Cacho González v. Santarrosa, 2019 TSPR 146, 203 D.P.R. 215, 225-26 (2019) (refusing to extend the doctrine to the defamation context, noting that it has only been applied in Puerto Rico to cases involving nuisance, domestic violence, and hostile work environment); see ECF No. 92-1 for a certified translation. There is, however, precedent applying the continuing violation doctrine to the tortious interference context. In V.W.F. Corp. v. Capital Housing Partners CLXII, 2007 U.S. Dist. LEXIS 34865, 2007 WL 1437503, at *5 (D.P.R. May 11, 2007), the court asked whether plaintiffs sufficiently pled that "(1) the one act that took place within the prescription period constituted an unlawful act and (2) that it was part of a series of unlawful acts." Id. (citing Bonilla v. Trebol Motors Corp., 913 F.Supp. 655, 659-60 (D.P.R. 1995); see also Centro Medico del Turabo, Inc. v. Feliciano de Melecio, 406 F.3d 1, 7 (1st Cir. 2005). The V.W.F. court found that plaintiff's allegations satisfied both elements. Id. Ace urges this court [*22] not to follow V.W.F., which in its view conflicts with Padró v. Fed. Deposit Ins. Corp., 2012 U.S. Dist. LEXIS 204731, 2012 WL 12995700, at *5 (D.P.R. Sept. 28, 2012). ECF No. 115 at 11. While the court's citations in V.W.F. are not to cases of tortious interference, the court clearly applied those standards to the tortious interference context and asked whether the plaintiff's allegations sufficiently pled a continuing violation. The court in Padró did not contradict that reasoning; instead it simply just found that plaintiff's characterization of the tort did not arise to the level of a continuous tort. Padro,

2012 U.S. Dist. LEXIS 204731, 2012 WL 12995700. Hardware Plus, Inc. v. Omnimax Int'l, LLC., 2025 U.S. Dist. LEXIS 94340

As stated above, Plaintiffs nonetheless argue that the statute of limitations has yet to elapse because their damages are ongoing, and thus, the final consequence of Defendants' negligence are still unknown. With this argument, Plaintiffs appear to contend that their claim arises from a continuous tort. In those cases, the statute of limitations begins to run when the tortious conduct ceases, not when it first takes place. Arcelay v. Sánchez Martínez, 77 P.R.R. 782, 77 D.P.R. 824, 838 (1955). But as Defendants correctly point out, under Puerto Rico law, a continuous tort arises from ongoing unlawful conduct, rather than a continuing harmful effect. In other words, for there to be a continuous tort, a defendant must engage in continuous negligent conduct that causes further harm to the plaintiff. M.R. (Vega Alta), Inc. v. Caribe Gen. Elec. Prods., Inc., 31 F.Supp 2d 226, 240 (D.P.R. 1998). Torres v. Hosp. San Cristobal, 831 F. Supp. 2d 540

Plaintiff's primary argument is that she has alleged a continuous tort for which she is entitled to damages from 2006 forward. This argument is supported by S. Central Bell Telephone Co. v. Texaco, Inc., 418 So. 2d 531(La. 1982), in which the court held: When the tortious conduct and resulting damages continue, prescription does not begin until the conduct causing the damage is abated. ... Where the cause of the injury is a continuous one giving rise to successive damages, prescription dates from cessation of the wrongful conduct causing the damage. Winesberry v. St. Bernard Par. Gov't, 407 So. 3d 700.

## AMENDMENT

To the extent this Court finds our complaint deficient in any regard, the Municipality of San Juan respectfully requests that any dismissal be without prejudice or that it grant

11

leave to amend once, so that plaintiff may cure any indicated deficiencies. In the Municipalities' case, that court found the **amended** complaint deficient and refused to grant leave to amend again.

## CONCLUSION

Plaintiff wishes for this Honorable Court to understand that it complied with its order to show cause. Having thousands of pages in **both** of the voluminous case files of over 700 docket entries jointly to review or consider, and selecting the points and arguments which would be more relevant, to move to not have this Court, and this is stated very respectfully, repeat the mistake of dismissing a case of utmost importance for the reconstruction of San Juan.

**WHEREFORE**, Plaintiff respectfully requests of the Honorable Court that it rule that Order to Show Cause is complied with and that it order proceedings in this case to continue.

In San Juan, Puerto Rico, this 1st day of October, 2025.

Respectfully submitted,

*s/ David Efron*
**DAVID EFRON**
USDC-PR 125701
**LAW OFFICES DAVID EFRON, PC**
*Attorneys for Plaintiff*
PO Box 29314
San Juan, PR 00929-0314
Tel. (787) 753-6455
Fax (787) 758-5515
efron@davidefronlaw.com