UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**THE MUNICIPALITY OF SAN JUAN, PUERTO RICO,**

    **Plaintiff,**

    v.

**EXXON MOBIL CORP., et al.,**

    **Defendants.**

**Civ. No. 23-1608 (ADC)**

## OPINION AND ORDER

Pending before the Court are a series of dispositive motions. **ECF Nos. 28, 31, 32, 34, 36, 37, 39, 119, 120, 121, 122, 123, 148, 149**.[1] The defendants[2] in this case seek the dismissal of the Municipality of San Juan's ("San Juan") fourteen-count complaint filed on December 13, 2023. **ECF No. 1**. The complaint claims that the defendants, by means of their production, sale, and marketing of carbon and fossil-fuel products, caused damages to San Juan and engaged in: common law consumer fraud; conspiracy to commit common law consumer fraud and deceptive businesses practices; misleading practices and advertisement; violations of the

---

[1] Pending also is a motion for the Court to take judicial notice of several reports and news publications. **ECF No. 35**.

[2] The named defendants are Exxon Mobil Corp. ("Exxon"); Shell PLC ("Shell"); Chevron Corp. ("Chevron"); BP PLC ("BP"); ConocoPhillips Company ("Conoco"); Motiva Enterprises, LLC ("Motiva"); Occidental Petroleum ("Occidental"); BHP Group Limited ("BHP"); Arch Resources Inc. ("Arch Resources"); Rio Tinto PLC ("Rio Tinto"); and Peabody Energy Incorporated ("Peabody"). The complaint (**ECF No. 1**) was voluntarily dismissed without prejudice as to Arch Resources and Peabody on February 9, 2024. **ECF Nos. 6, 9**. The Court will refer to Exxon, Shell, Chevron, BP, Conoco, Motiva, Occidental, BHP, and Rio Tinto collectively as "defendants" throughout this Memorandum and Order.

Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §1962(a), (b), (c) and (d) ("RICO"); antitrust violations pursuant to 15 U.S.C.§ 1 *et seq.* ("Clayton Act"); public nuisance pursuant to P.R. Laws Ann. t. 32, § 2761; failure to warn and design defects, for which they are subject to strict liability; negligent design defects; private nuisance pursuant to P.R. Laws Ann. t. 32, § 2761, and unjust enrichment. *See id.*, at 191-239. To put it in general terms, San Juan alleges that the defendants have been aware that their carbon and fossil-fuel activities cause the intensification of catastrophic weather phenomena, such as the hurricanes Irma and María that ravaged Puerto Rico in September of 2017, and have tried to conceal this through a coordinated campaign of misinformation.

**A. The Municipalities' Case and the Reports and Recommendations.**

As explained elsewhere (*e.g.*, **ECF Nos. 64, 167**), this case is a copycat lawsuit of another case in the docket of Hon. Judge Sylvia L. Carreño-Coll. *See Mun. of Bayamón, et al. v. Exxon Mobil Corp.*, Case No. 22-cv-1550 (SCC) (the "Municipalities' Case"). That case involved virtually the same defendants, the same causes of action, the same factual allegations, and the same claims for relief as the case of caption.[3] San Juan has admitted as much in a filing before this Court and in two motions for consolidation filed in the Municipalities' case. *See* **ECF Nos. 65, 90, 280**.[4]

---

[3] The only additional party in the Municipalities' Case is the American Petroleum Institute, which was added upon the filing of an amended complaint on November 3, 2023.

[4] For example, in response to this Court's Order at **ECF No. 64** inviting the parties to express themselves on the possible consolidation of this case with the Municipalities' Case, San Juan's position was that "this action involves the same factual and legal questions as those in" the Municipalities' Case. **ECF No. 65**. In addition, on August 29,

In that case, District Judge Carreño referred several motions to dismiss to the Hon. Magistrate Judge Héctor L. Ramos-Vega for a Report and Recommendation ("R&R"). These motions contained largely the same arguments as those filed in this case.[5] San Juan's oppositions to these motions follow the oppositions filed in the Municipalities' Case. *See* **ECF Nos. 72, 73,**

---

2025, San Juan informed the Court that it had formally sought consolidation in the Municipalities' Case and summarized its reasons thusly:

> [S]uccinctly put:
>
> a. The two cases involve common questions of law and liability.
> b. The two cases involve common questions of fact.
> c. Judicial convenience and economy by not wasting judicial resources by having two judges rule o[n] the same issues and eventually try two separate cases.
> d. Avoid contradictory rulings.
> e. The dispositive motions, all still pending in both cases, are almost identical.
> f. Neither case has begun discovery.

**ECF No. 90**; *see also* **ECF No. 90-1** (copy of first motion to consolidate cases filed in the Municipalities Case). And most recently, on August 22, 2025, San Juan filed a second informative motion attaching their second motion to consolidate cases filed in the Municipalities Case, in which San Juan restated its arguments for consolidation and further argued:

> c. As an example of wasted resources by **not** having these cases consolidated, Your Honor referred the dispositive motions to Magistrate Judge Héctor L. Ramos, who entered a 93-page Report and Recommendation on February 20, 2025 (D.E. 315) in this case. Her honor Aida Delgado then proceeded to refer the similar pending dispositive motions in the other case also to Magistrate Ramos, Docket 222, which resulted in a very similar, non-contradictory Report and Recommendation of 80 pages in the newer case with the Municipality of San Juan at Docket 239. The objections to the Report and Recommendation to both similar documents by the same parties and lawyers in both cases ensued.
> . . .
> f. Finally, we are confident that this consolidation would not be much of an additional burden on your Honor, as the orders in both cases would be mirrored due to the identity of issues presented by similar parties.

**ECF No. 280-1** (copy of second motion for consolidation filed in Municipalities' Case).

[5] The major difference is that, because BHP, Shell, BP, and Rio Tinto were served long after Exxon, Chevron, ConocoPhillips, Motiva and Occidental, their motions to dismiss were filed months later. In the Municipalities' Case, all the motions to dismiss were filed jointly or contemporaneously. Therefore, here the later-filed motions by BHP, Shell, BP, and Rio Tinto incorporate by reference the arguments included in the joint motions to dismiss and for judicial notice filed by Exxon, Chevron, ConocoPhillips, Motiva and Occidental. *See* **ECF No. 119** at 2 ("[BHP, Shell, and BP] should be dismissed from this case for all the reasons [Exxon, Chevron, ConocoPhillips, Motiva and Occidental] identified in their pending motions. [**ECF Nos. 31, 34, 35**]. [BHP, Shell, and BP] therefore join those motions and adopt by reference the contents of those motions, pursuant to Local Rule 7(f)."); **ECF No. 148** at 7 ("Pursuant to L. Civ. R. 7(f), Rio Tinto adopts and incorporates by reference [**ECF No. 31, 34, 119**]."); **ECF No. 149** at 6 (same).

**153, 154, 180, 182, 183, 184, 185**; *see also* **ECF Nos. 180, 182, 183, 184, 185** (all including a version of the following footnote: "Plaintiff herein adopts and adapts arguments used in the companion case of Municipality of Bayam[ó]n, et al. v. Exxon Mobil Corp., et al., Civil [No.] 22-01550 (SCC) . . . in order to achieve a unified posture and rulings for these similar cases.").

On February 20, 2025, the Magistrate Judge issued a thorough R&R in the Municipalities' Case recommending that the Court dismiss all the Puerto Rico law causes of action for failure to state a claim upon which relief can be granted. *See* R&R, *Mun. of Bayamón, et al. v. Exxon Mobil Corp.*, Case No. 22-cv-1550 (SCC), at ECF No. 315. The Magistrate Judge also recommended dismissing the claims under section 1962(a) and (b) of the Racketeering Influence Corrupt Organizations Act ("RICO"). However, he recommended denying the motions to dismiss as to the claims brought under section 1962(c) and (d) of the RICO and the Clayton Act claims, recommending that San Juan be allowed to engage in discovery.

After the issuance of the R&R in the Municipalities Case, on March 20, 2025, San Juan filed an informative motion in which it brought the R&R to this Court's attention. *See* **ECF No. 156**. San Juan stated the following:

> This court has correctly entertained in the past the convenience of consolidating both cases, see [ECF Nos. 64 and 65], in order to avoid contradictory rulings and to preserve the resources of the courts. The motion practice by defendants in both cases are practically mirrored in each other, filing the initial ones in the older [Municipalities' Case] and subsequent ones in this one. Likewise, much of the responses to the motions in our case here are similar to [those filed in] the [Municipalities' Case]. . . . Enclosed is the 93-page [R&R] . . . produced by Magistrate Judge Ramos a month ago today. Those dispositive motions reviewed

and ruled upon by Magistrate Judge in the [Municipalities' Case] mirror the ones pending before this Honorable Court."

*Id.*, at 1-2. After ordering the re-filing of certain responses and authorizing the filing of reply briefs with regard to the motions to dismiss (**ECF Nos. 163, 172, 188**), the Court, on May 22, 2025, also referred the pending motions to Magistrate Judge Ramos-Vega for an R&R "[i]n light of the similarities between the factual allegations and legal issues in this case and those in [the Municipalities' Case] and given United States Magistrate Judge Héctor L. Ramos-Vega['s] familiarity with the latter case. **ECF No. 222**. The Magistrate Judge issued his R&R for this case on July 22, 2025, which closely traced his previous R&R and recommended the same course of action. **ECF No. 239**. The parties filed objections (**ECF Nos. 242-252**), responses to objections (**ECF Nos. 266-274, 279**), and replies (**ECF Nos. 281-1, 282-1, 283-289**), all substantively similar or identical to those filed in the Municipalities' Case.[6]

**B. The Omnibus O&O issued in the Municipalities' Case**

On September 11, 2025, Judge Carreño issued a lengthy Omnibus Opinion and Order in the Municipalities' Case adopting in part the Magistrate Judge's R&R. *See* Omnibus Opinion and Order, *Mun. of Bayamón, et al. v. Exxon Mobil Corp.*, Case No. 22-cv-1550 (SCC), at ECF No.

---

[6] In particular, San Juan's objections here are virtually identical to those in the Municipalities' Case. The only differences this Court can discern are: (i) a few insubstantial stylistic variations; (ii) that the objections there address the R&R's recommendations as to the additional co-defendant API, whereas those references are omitted in the objections filed here; (iii) the substitution of citations to the Magistrate Judge's R&R in the Municipalities Case for ones from the R&R issued in this case; and (iv) that the objections filed in the Municipalities' Case contain pin cites to allegations in that case's amended complaint, whereas the objections here does not contain citations to the complaint (*compare*, *e.g.*, **ECF No. 242** at 16 *with* Municipalities' Case, ECF No. 322 at 18). This last difference is in line with other instances of notable citation omissions previously identified by this Court. *See* **ECF No. 167** at 17-18 nn. 15-16.

407 ("Omnibus O&O"). The court engaged in a lengthy analysis of personal jurisdiction under the federal RICO and Clayton Acts as well as for the Puerto Rico law claims. In short, while most of the analysis was made under the applicable framework for the RICO claims, this nonetheless ultimately led to applying Puerto Rico's tripartite long-arm statute test to the well-pled allegations against defendants, *i.e.*, the minimum contacts test. Ultimately, the court determined that Exxon, Shell, BP, ConocoPhillips, Chevron, and Motiva satisfied the minimum contacts test, but that BHP and Rio Tinto did not. Accordingly, it found personal jurisdiction over all claims against Exxon, Shell, BP, ConocoPhillips, Chevron, and Motiva, but no personal jurisdiction over BP and Rio Tinto with regards to any claim. *See* Omnibus O&O, at 74-75. As to Occidental, the court found that service had been improper and there was thus no personal jurisdiction over it, although it stated that it saw "no reason why the claims against Occidental do not also fail" and refused to allow San Juan to attempt service again. *Id.*, at 8-9.

The court then proceeded to analyze defendants' statute of limitations arguments under Fed. R. Civ. P. 12(b)(6). The court began by adopting the Magistrate Judge's unobjected recommendation to dismiss the first three causes of action for common law consumer fraud, conspiracy to commit common law consumer fraud and deceptive business practices, and misleading practices and advertisement. Omnibus O&O, at 79. Then, the court analyzed the parties' objections and positions as to defendants' statute of limitations defense on the RICO, Clayton Act, and remaining Puerto Rico law claims. In essence, the court found that the allegations in the complaint demonstrated that the plaintiffs had sufficient notice of the damages

Case 3:23-cv-01608-ADC    Document 298    Filed 09/30/25    Page 7 of 13
Civil No. 23-1608 (ADC)                                                                    Page 7

they allege to have suffered since September 2017, the month when Hurricanes Irma and María passed through Puerto Rico. The court also held that plaintiffs knew of the identities of the defendants who caused the damages since before September 2017. In doing so, the court rejected the plaintiffs' argument that they only became aware of the causal connection between their injuries and defendants' practices in March 2022 upon the publishing of a report. Accordingly, because both RICO and the Clayton Act apply a four-year statute of limitations period counted from the date in which plaintiffs knew or should have known of their injuries, and because Puerto Rico's shorter, one-year statute of limitation period does likewise, all claims were time-barred as of September 2021. *See* Omnibus O&O at 81 ("By September 2021, the 2017 hurricane's four-year mark, Plaintiffs knew or should have known they had suffered considerable injury and who to sue."); 91 ("As with RICO, Plaintiffs felt the adverse impact in September 2017 and the clock began to run then."); 97 (Plaintiffs make clear that the racketeering activity preceded the 2017 storms.. . . And where Plaintiffs allege specific kinds of damage, it is, as with Puerto Rico law claims, related to the 2017 storms."); 98 ("The antitrust claim is similarly all about activity leading up to the 2017 storms."); 103 "(Here, Plaintiffs, across the Puerto Rico law claims, treat the injury as the 2017 storms."); 109 ("Here, assuming Defendants contributed to the 2017 storms and that they engaged in misrepresentations, by 2021, all the 'telltale warning signs' were present that Plaintiffs suffered injury because of Defendants' alleged contribution to the severity of the 2017 storms.").

In making its finding, the Court rejected plaintiff's argument that the statute of limitations should be tolled. The court refused to extend the application of the continuing tort, continuing violation, or separate accrual doctrines under both the federal and Puerto Rico law claims.

**C. Application of Omnibus O&O to this case.**

Given this comprehensive ruling, the conceded similarities between both cases, and the pending objections to the R&R in this case, the Court ordered San Juan on September 11, 2025, to show cause why the Court should not dismiss the case in accordance with the Omnibus O&O. **ECF No. 292**. San Juan complied on October 1, 2025. **ECF No. 297**.

San Juan tries to distinguish its case in a handful of ways. First, it points out that co-defendant Occidental did not raise an argument on lack of personal jurisdiction "as there was no issue here in the service of this complaint upon this defendant." **ECF No. 297** at 3. That is not accurate. In the Omnibus O&O, the court dismissed Occidental for improper service and consequently found its other arguments under Rule 12(b)(2) and 12(b)(6) moot. Omnibus O&O at 8-9. But it also stated that "the entire case will be dismissed, and [saw] no reason why the claims against Occidental do not also fail." *Id*. Here, as in the Municipalities' Case, Occidental raised a personal jurisdiction argument on Rule 12(b)(2) grounds. *See* **ECF No. 28**. The R&R likened the arguments to that of other co-defendants and ultimately recommended that discovery be allowed to "expand and shed light on these sorts of issues." **ECF No. 239** at 34 n.9. But the fact is that the claims against Occidental are on the same footing as those against the

defendants that the court found it had jurisdiction over, making its statute of limitations analysis equally applicable.

Second, San Juan points out that its complaint does not include the American Petroleum Institute ("API") as a defendant. **ECF No. 297** at 3. San Juan merely highlights the presence of API in the Municipalities' Case but does not argue why this makes the Omnibus O&O's analysis inapplicable to this case. As explained above, API was included in an amended complaint filed in the Municipalities' Case. API is an oil and gas industry association in which Exxon, Shell, Chevron, BP, Conoco, and Motiva are alleged to have belonged to or participated in, and which is alleged to have undertaken efforts to mislead and disinform the public as to the hazards of fossil fuel products. **ECF No. 1** at 47 ¶ 168.a. Indeed, according to the Racketeering Statement filed in the Municipalities Case (which was then filed verbatim in this case, *see* **ECF No. 76** and **ECF No. 167** at 18-19), API serves the same general goals of the Global Climate Coalition ("GCC"), another trade association that is featured prominently in the complaint in this case and that is alleged to have been "an association-in-fact enterprise" for defendants to engage in their allegedly wrongful conduct. *See* **ECF No. 76** at 2-8 ¶ 2. However, the GCC is alleged to have "formally disbanded" in 2002, whereas the API still exists as a juridical entity. Therefore, that the Omnibus O&O's analysis includes reference to specific allegations against API does not alter its applicability to the allegations against the rest of the defendants. San Juan, in any case, does not argue otherwise.

Third, San Juan claims that the reasoning of the Omnibus O&O relies on the absence of further proof that could have been attained by discovery. **ECF No. 297** at 3-4. But this position squarely contradicts San Juan's objections to the R&R, in which it firmly opposes the Magistrate Judge's recommendation to engage in further discovery. *See* **ECF No. 242** at 2-4. In any case, the discovery recommended by the Magistrate Judge was for matters concerning the exercise of personal jurisdiction over defendants, not to supplement the complaint with additional facts to survive a statute of limitations defense.[7] In that sense, San Juan's argument is unavailing.

Finally, San Juan disagrees with the Omnibus O&O's dismissal of the claims against Exxon, Shell, Chevron, BP, and Motiva's with prejudice on statute of limitations grounds. San Juan's reasoning boils down to two points: (i) that the Omnibus O&O misapplied the continuous tort doctrine, and (ii) that the Omnibus O&O refused to lend credence to San Juan's allegations of equitable tolling for fraudulent concealment.[8] However, these are arguments that were addressed by Omnibus O&O (pp. 79-119) and figure prominently in defendants' objections in both cases (*compare* **ECF No. 247** at 33-41 *with* Municipalities' Case, ECF No. 326 at 33-42)—and to which San Juan responded in exactly the same fashion as the plaintiffs in the Municipalities' Case did, with no additional arguments (*compare* **ECF No. 266** at 5-6 *with* Municipalities' Case,

---

[7] San Juan does not explain its abrupt shift in position or how discovery on jurisdictional matters will help it overcome a statute of limitations defense—unless it intends to engage in a fishing expedition.

[8] Although San Juan incorporates three "memorandums" in its motion, the first and third ones both refer to the continuous tort doctrine. Also, San Juan disclaims the applicability of class action tolling. **ECF No. 297** at 7 n.1.

ECF No. 345 at 9-10). The Court sees no reason why it should depart from the thoughtful statute of limitations analysis performed by its sister court in the Municipalities' Case.

Accordingly, in the interest of uniformity and judicial efficiency, to avoid inconsistent decisions on the same facts and law, and to facilitate streamlined appellate review (if sought)[9], the Court will incorporate as if stated herein the reasoning of the Omnibus O&O as to the dismissal without prejudice of the claims against BHP and Rio Tinto for lack of subject matter jurisdiction, and as to the dismissal with prejudice of all claims against the remaining defendants (including Occidental) on statute of limitations grounds. Leave to amend the complaint is denied. *See* Omnibus O&O at 120-121.

Consequently, after a close review of the filings on record here and in the Municipalities' Case, the R&R at **ECF No. 239** is **ADOPTED IN PART**. It is adopted insofar as it recommends the Court grant the motion for judicial notice at **ECF No. 35** only to take judicial notice of the fact that the articles and reports were published. The recommendation to dismiss all Puerto Rico law claims is adopted for the reasons set forth in the Omnibus O&O. The recommendations to deny dismissal of all federal RICO and Clayton Act claims and permit jurisdictional discovery is rejected.

---

[9] Plaintiffs in the Municipalities' Case have already filed a notice of appeal. See Notice of Appeal, Municipalities' Case, at ECF No. 410 (Oct. 7, 2025).

Accordingly, the Court rules of the pending motions as follows:

1. The joint motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2) at **ECF No. 31** is **DENIED** as to Exxon, Chevron, ConocoPhillips, Motiva, and Occidental.[10]

2. The joint motion to dismiss for failure to state a claim under Rule 12(b)(6) at **ECF No. 34** and is **GRANTED** as to Exxon, Chevron, ConocoPhillips, Motiva, and Occidental.

3. The motion at **ECF No. 35** is **GRANTED** only to take judicial notice of the fact that the articles and reports were published.

4. The joint motion to dismiss for lack of personal jurisdiction and failure to state a claim at **ECF No. 119** is **GRANTED IN PART, DENIED IN PART**. It is **GRANTED** as to BHP inasmuch as it incorporates the Rule 12(b)(2) arguments of **ECF No. 31**. It is **GRANTED** as to Shell and BP inasmuch as it incorporates the Rule 12(b)(6) arguments of **ECF No. 34**. It is **GRANTED** as to BHP, Shell, and BP inasmuch it incorporates the request for judicial notice at **ECF No. 35**.

---

[10] Occidental filed an individual motion to dismiss for both lack of personal jurisdiction and failure to state a claim (**ECF No. 28**) and also joined in filing the joint motions at **ECF Nos. 31** and **34**. The Omnibus O&O disposed of the claims against Occidental for improper service under Fed. R. Civ. P. 12(b)(5), an argument that was not raised in this case. Accordingly, the Omnibus O&O does not engage in a personal jurisdiction analysis for Occidental as it did for the rest of the co-defendants. The Court will not waste resources undertaking this complex jurisdictional analysis for one defendant when the claims against it also fail under Rule 12(b)(6). *Cf. N. Am. Cath. Educ. Programming Found., Inc. v. Cardinale*, 567 F.3d 8, 12 (1st Cir. 2009) ("Where an appeal presents a difficult jurisdictional issue, yet the substantive merits underlying the issue are facilely resolved in favor of the party challenging jurisdiction, the jurisdictional inquiry may be avoided.") (citation modified); *Feldman v. Woodlock*, No. CIV.A. 14-12279-FDS, 2014 WL 7188923, at *5 (D. Mass. Dec. 17, 2014), *aff'd* (Jan. 20, 2016) ("Because the substantive issues underlying the non-jurisdictional motions to dismiss are easily resolved in favor of defendants, the jurisdictional motions need not be addressed."); *Doe 171 v. Ord. of Saint Benedict*, No. CIV. 11-1406 JAF, 2012 WL 1410320, at *3 (D.P.R. Apr. 20, 2012) ("Because we dismiss all claims based on statute of limitations grounds under Federal Rule of Civil Procedure 12(b)(6), we do not reach the Order's personal jurisdiction arguments under Rule 12(b)(2).").

5. BHP's motion to dismiss for lack of subject matter jurisdiction at **ECF No. 123** is **GRANTED**.

6. Rio Tinto's motion to dismiss for lack of personal jurisdiction at **ECF No. 148** is **GRANTED**.

7. The individual motions at **ECF Nos. 28, 32, 36, 37, 39, 120, 121, 122,** and **149** are **MOOT** in light of the Court's granting of the motions at **ECF Nos. 34** and **119**.

The Clerk of Court shall enter judgment dismissing all claims against Exxon, Chevron, ConocoPhillips, Motiva, Occidental, BP, and Shell **WITH PREJUDICE**, and dismissing all claims against BHP and Rio Tinto **WITHOUT PREJUDICE**.[11]

**SO ORDERED**.

At San Juan, Puerto Rico, on this 30th day of September, 2025.

                                                    **S/AIDA M. DELGADO-COLÓN**
                                                    **United States District Judge**

---

[11] "The personal jurisdiction dismissals will be without prejudice because 'no jurisdiction' and 'with prejudice' are mutually exclusive. But new process belongs in a different court. These jurisdictional dispositions are, in other words, conclusive on the jurisdictional questions." Omnibus O&O at 75 (citation modified).